STATE OF TEXAS                          §
                                        §
COUNTY OF HARRIS                        §

## AFFIDAVIT OF WAYNE HILL

Wayne T. Hill, an attorney licensed in the State of Texas, being duly sworn, deposes and says:

1.    "Travis James Mullis was sentenced to death on March 21, 2011, in the 122nd District Court, Galveston County, the Honorable John Ellisor presiding.  The case proceeded under cause number 08-CR-0333, and was thereafter assigned cause number AP-78,525 in the Texas Court of Criminal Appeals.  On March 23, 2011, I was assigned as counsel for Mr. Mullis on direct appeal to the Texas Court of Criminal Appeals.

2.    On March 23, 2011, I spoke with trial counsel concerning the facts and circumstances of the case.  I was informed that mitigating evidence had been presented on behalf of Mr. Mullis.  I also discussed possible appellate issues in the case, including  the issue of potential juror misconduct involving premature deliberations, outside of the courtroom, and potentially without all jurors present.  As I recall, the report was that this happened during the defense presentation of evidence.  I also had subsequent conversations with trial counsel concerning the juror issue.

3.    On March 25, 2011, I went to the Galveston County District Clerk's office and conducted a preliminary review of court documents related to the case.  I then proceeded to the Galveston County Jail to meet Mr. Mullis and review the circumstances of his case with him.  I also explained the direct appeal process to him.  I also informed Mr. Mullis that Brad Levenson with the Office of Capital Writs in Austin would be representing him on his habeas petition.  During our March 25th meeting, Mr. Mullis expressed his desire to move from the "FSP" (Full Suicide Prevention) Unit.  I contacted Kathy White - Head of Nursing at the Galveston County Jail to assist Mr. Mullis in his effort to move to a different housing unit within the Galveston County Jail.  I later learned from Mr. Mullis that he was transferred as he had requested.

4.    On March 28, 2011, , I  spoke with Brad Levenson, who heads the Office of Capital Writs in Austin, Texas. Mr. Levenson had been appointed to represent Mullis on his Application for Habeas Corpus under Article 11.071 of the Code of Criminal Procedure.   Mr. Levenson asked if I could obtain release documents for him from Mr. Mullis on my next jail visit. I agreed and obtained the documents the next day (March 29, 2011) when I again visited Mr. Mullis at the Galveston County Jail. During my telephone conversation with Mr. Levenson, he informed me that he had investigative resources available so that the jurors could be interviewed.  I subsequently interviewed the jurors myself.

5.     Under Texas Rule of Appellate Procedure 21.4, I had only thirty days from the
       date of Mullis's sentencing on March 21, 2011, to file the motion for a new
       trial.  This motion, and the anticipated hearing thereon, would have allowed
       the Texas Court of Criminal Appeals to consider the evidence from the motion
       for new trial on direct appeal. On April 19, 2011, I reviewed the motion for
       new trial with Mr. Mullis and obtained his notarized signature on it. I then
       filed the motion for new trial and "presented" it to Judge Ellisor as required by
       the Texas Rule s of Appellate Procedure. The motion for new trial is attached
       hereto as "Attachment 1"

6.     On April 25, 2011, I spoke with Mr. Levenson concerning issues surrounding
       the client's decision to waive certain post-conviction remedies.  On May 3,
       2011, I had a lengthy meeting with Mr. Mullis at the Galveston County Jail
       during which we discussed numerous topics and issues relating to his trial and
       pursuing his direct appeal to the Texas Court of Criminal Appeals. Mr. Mullis
       executed the Defendant's Waiver of Appearance at Motion for New Trial
       which is attached hereto as "Attachment 2". I had a subsequent conversation
       with Mr. Levenson  on May 16, 2011.

7.     During the course of my representation of Mr. Mullis, I met with him 6-7
       times. I do not recall the precise date that Mr. Mullis first raised the issue of
       not wanting to pursue his direct appeal, but he did mention it at least during
       our April 25th meeting, if not sooner. When the topic was discussed, I likely
       told him it would be a "stupid thing to do" (or words to that effect) because an
       appeal is automatic in a death penalty case. When Mr. Mullis reiterated his
       desire to make decisions consistent with not seeking appellate review, he asked
       me to notify the Court he wanted neither an attorney nor an appeal.

8.     Based on a request made by Mr. Mullis,  I prepared a document entitled
       Waiver of Rights and Invocation of Defendant's Right to Proceed Pro-Se
       ("Attachment 3") which Mullis signed. I filed this document in Court on May
       20, 2011.

9.     A hearing on the motion for new trial had already been scheduled for May 20,
       2011.  Not knowing if the Court would allow Mullis to abandon his appeals
       and have me relieved as counsel, I had subpoenaed jurors to testify at the
       hearing on the motion for new trial.

10.    When Court was called into session, I informed Judge Ellisor of Mr. Mullis's
       desires and the pleading I had filed on his behalf.  Judge Ellisor addressed Mr.
       Mullis and questioned him about his decision.  Based on Mullis's colloquy
       with Judge Ellisor (which was taken by the official court reporter) the judge
       granted relief to Mr. Mullis. I was relieved  as court-appointed counsel on
       direct appeal and Mr. Mullis was allowed to proceed *pro-se*.

11.    On August 22, 2012, Janice with the Galveston County District Clerk's office
       contacted my office and left a message that Mr. Mullis desired to reinstate his
       appeal.  I returned Janice's call that same date and declined to undertake
       representation due to other pending professional commitments.

WAYNE T. HILL

Sworn and subscribed to before me on this _____19-th_____ day of November, 2012.

Notary Public, State of Texas

Attachment 1

Case No: 08CR0333

2011 APR 19 PM 1:01

STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                              GALVESTON COUNTY, TEXAS

TRAVIS JAMES MULLIS              122nd  JUDICIAL DISTRICT

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travis James Mullis, Defendant in the above-styled and numbered cause, by and through the undersigned attorney, and moves this Court for an order granting him a new trial, and in support thereof would show:

### I.

Defendant was convicted of capital murder and sentenced to death.

### II.

The evidence in support of the verdict of guilt  returned by the jury  was insufficient as a matter of law.

### III.

The evidence in support of the verdict returned by the jury at the punishment stage of the trial was insufficient as a matter of law.

### IV.

The trial court erred when it found that the evidence used in Defendant's trial was lawfully obtained.

V.

The court misdirected the jury about the law or committed some other material error likely to injure the defendant's rights.

VI.

The verdict is otherwise contrary to the law and the evidence.

VII.

The jury engaged in such misconduct (as set forth in the Affidavit of Gerald E. Bourque which is attached hereto and incorporated herein for all purposes) that the Defendant did not receive a fair and impartial trial, to wit: Juror Monica Garner made comments in the presence of other jurors which prejudiced the Defendant's right to receive a fair trial. The remedial action taken by the trial court failed to adequately take into account the impact that Ms. Garner's participation before and during guilt/innocence phase deliberations had on the remaining members of the jury. Defendant was denied his right to a fair and impartial jury of twelve individuals.

VIII.

The State's jury argument (commenting on Defendant's sexual orientation) contravened the trial Court's Order precluding the State's use of the Defendant's sexual orientation as evidence in the trial. This argument denied Defendant of his right to due-process of law as well as his right to equal protection under the law.

IX.

The State's selection of jurors denied Defendant of his right to a fair and impartial jury and of his right to a fair trial.

X.

The interest of justice requires the granting of relief in the form of a new trial or a new punishment trial.

XI.

Defendant would show that reasonable grounds to establish that he is entitled to relief have been set forth above.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that after reviewing the matters set forth in this Motion for New Trial, and such other evidence as may be presented this Honorable Court, he be granted a new trial and/or a new punishment trial in this cause.

Respectfully submitted,

Wayne T. Hill
09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77002
(713) 623-8312

Attorney for Defendant
Travis James Mullis

## AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Gerald E. Bourque, a person known to me, who after being duly sworn, upon his oath did state:

My name is Gerald E. Bourque. I am over the age of eighteen and fully competent to make this Affidavit. I have been a practicing law in the State of Texas since 1979. I am Board Certified in Criminal Law by the Texas Board of Legal Specialization. I served as appointed trial counsel in this matter.

After the conclusion of the jury selection process, but before evidence was presented to the jury, the State of Texas gave notice of its intent to produce evidence concerning the Defendant's sexual orientation under Rule 404(b) . As counsel for the Defendant, I found the State's suggestion that the Defendant's sexual orientation could be used as evidence in the trial to be untenable. I challenged the legality of the State's position regarding the admissibility of this form of evidence. The trial court sustained my objection to the notice provided to me and ordered that the State of Texas be precluded from using this type of evidence. During final summation, the State suggested that the Defendant had committed a sexual assault against another male individual. By alluding to my client's sexual orientation in this way, the State violated the Court's previous Order prohibiting evidence of sexual orientation under Rule 404(b) of the Texas Rules of Evidence.

I further believe that in light of the late Rule 404(b) notice provided by the State of Texas, it was the intended purpose of the State to seat a jury comprised exclusively of individuals who would evaluate and weigh the Defendant's sexual orientation as an aggravating, not mitigating, factor. In my opinion this also deprived Travis Mullis of a fair and impartial jury and a fair trial in this matter.

During the trial, the Court was approached by Lynette Briggs, a practicing lawyer in Galveston County, Texas. Ms. Briggs informed the Court that she observed several people outside the Galveston County Courthouse who appeared to be jurors on this case who were apparently discussing the case. It was apparent to Ms. Briggs that the jurors were not engaged in court-approved deliberations at the time. This initial concern occurred during the guilt/innocence phase of the trial. This matter came to light again during the punishment phase of the trial during the testimony of one of the defense experts (Dr. Mendel). During Dr. Mendel's testimony, juror Monica Garner made inappropriate comments in open court in the presence of the other jurors. The trial court eventually conducted an in-camera hearing with Ms. Garner to determine what she had said and to gauge the harmful effect of her comments. At the conclusion of the Court's in-camera review of this matter, Ms. Garner was removed as a juror. Ms. Garner was replaced on the jury by the first alternate, Jennifer Monroe. Mr. Mullis was not afforded a fair trial because his guilt was determined by, among others, a juror (Monica Garner) who announced her decision prior to being charged to deliberate by the trial Court. In my opinion, this misconduct on the part of Ms. Garner entitles Mr. Mullis to a complete new trial. Alternatively, I believe that Mr. Mullis is entitled to a new punishment trial or the Court's imposition of a life sentence.

Gerald E. Bourque

SUBSCRIBED AND SWORN TO BEFORE ME on this ____ day of April, 2011.



JACQUELINE S. FISCHER
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 29, 2014

Notary Public in and for the State of Texas

## AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared, Travis James Mullis, a person known to me, who upon his oath did state:

My name is Travis James Mullis. I am over the age of eighteen and competent to make this Affidavit. I am the Defendant in this cause. I was present throughout the trial of this matter. The allegations contained in the foregoing Motion for New Trial are within my personal knowledge and are true and correct.

Travis James Mullis

SUBSCRIBED AND SWORN TO BEFORE ME, on this _19_ day of April, 2011.

Notary Public in and for the State of Texas

DEBBIE OCONNOR
Notary Public, State of Texas
My Commission Expires
04-09-2011

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for New Trial has been delivered to: The Galveston County District Attorney's Office,  Galveston County Courthouse - First Floor, 600  59th Street, Galveston, Texas 77551

SIGNED THIS ____14th____ day of April, 2011.

Wayne T. Hill

Case No:  08CR0333

STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

IN THE DISTRICT COURT OF

GALVESTON  COUNTY, TEXAS

122nd  JUDICIAL DISTRICT

## PRESENTATION OF MOTION FOR NEW TRIAL TO THE COURT

On this _19_ day of _April_, 2011, the above and

foregoing Motion for New Trial was presented to the Court in accordance with Rule 21.6

of the Texas Rules of Appellate Procedure.

Honorable John Ellisor
Judge Presiding
122nd  District Court
Galveston County, Texas

I, Jason E. Murray, District Clerk and Custodian of
Records for District Courts of Galveston, County, Texas do
hereby certify that the foregoing is a true and correct copy
of the original record, now in my lawful custody and filed in
this office on the _____ day of _____
_____ witness my official hand and seal of office this
_____ day of _____
JASON E. MURRAY, DISTRICT CLERK
Galveston County, Texas

By_____ Deputy

Case No:  08CR0333

STATE OF TEXAS                                  IN THE DISTRICT COURT OF

VS.                                             GALVESTON  COUNTY, TEXAS

TRAVIS JAMES MULLIS                             122nd  JUDICIAL DISTRICT


## ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL


On the _____ day of _____, 2011,  the foregoing Motion for New

Trial was heard by  the court.

The Court makes the  following  ORDERS on Defendant's Motion for New Trial:

Defendant is awarded a new trial in this matter

Defendant's Motion for New Trial is denied.

Defendant is awarded a new trial on punishment.

Defendant's Motion  for a New Trial on Punishment is denied.

SIGNED AND ORDERED this_____day of _____, 2011.


                        _____
                        Honorable John Ellisor
                        Judge Presiding
                        122nd District Court
                        Galveston County, Texas

# Attachment 2

COPY

Case No:  08CR0333

2011 MAY -3  AM 11: 38

| | |
|---|---|
| STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | GALVESTON  COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | 122nd  JUDICIAL DISTRICT |

## DEFENDANT'S WAIVER OF APPEARANCE AT MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travis James Mullis, Defendant in the above-styled and numbered cause, by and through the undersigned attorney, and files his Waiver of Appearance at Motion for New Trial, and in support thereof would show:

I.

Defendant was convicted of capital murder and sentenced to death.

II.

Defendant has filed a Motion for New Trial in this matter. The Court has set a hearing date for May 20, 2011.

III.

In accordance with Article 1.14(a) of the Texas Code of Criminal Procedure, Defendant, Travis James Mullis, knowingly, intelligently, voluntarily and expressly waives his right to appearance at the Motion for New Trial hearing as required by Article 33.03 of the Texas Code of Criminal Procedure.

IV.

Defendant's signature appearing below reflects his intention and desire to waive his appearance in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court will approve his waiver of appearance at the Motion for New Trial hearing scheduled for May 20, 2011.

Respectfully submitted,


_____

Wayne T. Hill
SBOT: 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77002
(713) 623-8312

Attorney for Defendant
Travis James Mullis

## AFFIDAVIT / INMATE DECLARATION

I, Travis James Mullis, Booking Number 64386, being presently incarcerated in the Galveston County Jail in Galveston County, Texas, declare under penalty of perjury that I am the defendant in the above-styled and numbered cause. I was present throughout the trial of this matter. The allegations contained in the foregoing Defendant's Waiver of Appearance at Motion for New Trial Hearing are within my personal knowledge and are true and correct.

Executed this_____day of April, 2011.

_____

Travis James Mullis

## AFFIDAVIT

My name is Travis James Mullis. I am over the age of eighteen and competent to make this Affidavit. I am the Defendant in this cause. I was present throughout the trial of this matter. The allegations contained in the foregoing Defendant's Waiver of Appearance at Motion for New Trial hearing are within my personal knowledge and are true and correct. I knowingly, intelligently, voluntarily and expressly waive my presence at the Motion for New Trial hearing scheduled on May 20, 2011.voluntarily

_____

Travis James Mullis

SUBSCRIBED AND SWORN TO BEFORE ME, on this_____day of April, 2011.

_____

Notary Public in and for the State of Texas

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendant's Waiver or Appearance at Motion for New Trial  was delivered to: The Galveston County District Attorney's Office,   Galveston County Courthouse - First Floor, 600   59th Street, Galveston, Texas 77551

SIGNED THIS _____ day of  April, 2011.


_____
Wayne T. Hill

Case No:  08CR0333

STATE OF TEXAS                                IN THE DISTRICT COURT OF

VS.                                           GALVESTON  COUNTY, TEXAS

TRAVIS JAMES MULLIS                           122nd  JUDICIAL DISTRICT


## APPROVAL OF DEFENDANT'S WAIVER OF APPEARANCE

## AT MOTION FOR NEW TRIAL HEARING


This Court (GRANTS)(DENIES) Defendant's Waiver of Appearance at the Motion

for New Trial hearing scheduled for May 20, 2011.

SIGNED AND ORDERED this_____day of April, 2011.


                                    _____
                                    Honorable John Ellisor
                                    Judge Presiding
                                    122nd District Court
                                    Galveston County, Texas

Attachment 3

CAUSE NO: 08CR0333

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 122nd DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| TRAVIS JAMES MULLIS | § | GALVESTON COUNTY, TEXAS |

## WAIVER OF RIGHTS AND INVOCATION OF DEFENDANT'S RIGHT TO PROCEED *PRO-SE*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Travis James Mullis, pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States; Article I Sections 10 and 13 of the Texas Constitution and Articles 1.14 and 37.071(j) of the Texas Code of Criminal Procedure, and files this Waiver of Rights and Invocation of Defendant's Right to Proceed *Pro-Se* and in support would show:

I.

Defendant was convicted of capital murder and sentenced to death.

II.

This Court appointed Wayne T. Hill, Attorney at Law, to represent Defendant on the direct appeal of Defendant's conviction and death sentence. This Court appointed separate counsel to represent Defendant concerning a writ of habeas corpus in this matter.

III.

Defendant is aware that Mr. Hill has filed a Motion for New Trial in this matter. Defendant further understands that a hearing on this Motion for New Trial is scheduled for Friday, May 20, 2011.

**Waiver of Rights** _____                                      Page 1

IV.

Defendant has instructed Mr. Hill to abandon and vacate the Motion for New Trial filed in this matter. Mr. Hill has advised against this course of action.

V.

Defendant has expressed his decision to abandon his direct appeal to the Texas Court of Criminal Appeals. Mr. Hill has explained to Defendant that the Texas Court of Criminal Appeals will review this case for constitutional error, notwithstanding Defendant's desire to waive his direct appeal. Mr. Hill has advised against this course of action.

VI.

Defendant has seriously considered and contemplated this matter for a significant period of time. Defendant is competent to make this decision. Defendant voluntarily, intelligently and knowingly, and with a full appreciation of the direct and collateral consequences of his actions, invokes his right of self-representation pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States as well as Article I Sections 10 and 13 of the Texas Constitution. Defendant wishes to waive his direct appeal to the Texas Court of Criminal Appeals set forth in Article 37.071(j) of the Texas code of Criminal Procedure.

VII.

Defendant is mentally competent to make the decisions made herein, including the abandonment of any and all challenges to his conviction and death sentence. Defendant has the mental capacity to understand the choice between life and death and to make knowing and intelligent decisions not to pursue further remedies.

Waiver of Rights _____                    Page 2

### AFFIDAVIT OF TRAVIS JAMES MULLIS

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared, Travis James Mullis, a person over the age of eighteen and otherwise competent to makes this Affidavit, who after being duly sworn, upon his oath did state:

My name is Travis James Mullis. I am the Defendant in this matter. I was convicted of capital murder and sentenced to death. I executed the above and foregoing three page Waiver of Rights and Invocation of Defendant's Right to Proceed *Pro-Se* voluntarily, intelligently and knowingly, with a full understanding of the direct and collateral consequences of my decision. The allegations set forth in the Waiver of Rights and Invocation of Defendant's Right to Proceed *Pro-Se* are true and correct and within my personal knowledge.

Travis James Mullis

SUBSCRIBED AND SWORN TO BEFORE ME, on this 20th day of May, 2011.

Deputy Clerk

~~Notary Public in and for the State of Texas~~

~~or~~

Galveston County District Clerk, Jason E. Murray

**Affidavit on Waiver of Rights** _____                                                      Page 4

CAUSE NO: 08CR0333

STATE OF TEXAS § IN THE 122nd DISTRICT COURT
§
VS. §
§
TRAVIS JAMES MULLIS § GALVESTON COUNTY, TEXAS

## COURT ORDER ON DEFENDANT'S WAIVER OF RIGHTS AND INVOCATION OF DEFENDANT'S RIGHT TO PROCEED *PRO-SE*

The Court, having considered the Defendant's Waiver of Rights and Invocation of Defendant's Right to Proceed *Pro-Se*, makes the following Findings and Orders:

The Court finds that Defendant, Travis James Mullis, is mentally competent to make the decisions made herein, including the abandonment of any and all challenges to his conviction and death sentence on direct appeal. The Court further finds that Defendant, Travis James Mullis, has the mental capacity to understand the choice between life and death and to make knowing and intelligent decisions not to pursue further remedies as set forth herein.

The Court finds that Defendant, Travis James Mullis, is competent to make the decision to represent himself in this matter, and that his decision to do so was done of his own free will. The Court further finds that Defendant, Travis James Mullis, voluntarily, intelligently and knowingly waived his right to counsel in this matter. Accordingly:

Wayne T. Hill, Attorney at Law, is hereby relieved as Defendant's counsel on direct appeal in this matter.

The Court hereby recognizes Defendant's Invocation of his Right to Proceed Pro-Se in this matter. Defendant, Travis James Mullis, is designated as representing himself in this matter.

Order on Waiver of Rights _____ Page 5

The Court finds that Defendant, Travis James Mullis, voluntarily, intelligently and knowingly waived his right to appeal his conviction and death sentence.

SIGNED AND ORDERED this _____ day of May, 2011.

Honorable John Ellisor
Judge Presiding
122nd District Court
Galveston County, Texas