## DECLARATION OF DR. TERRY PRITT
## PURSUANT TO 28 U.S.C. § 1746

I, Dr. Terry Pritt, hereby depose and swear as follows:

1.      My name is Dr. Terry Pritt. I am a licensed and practicing psychiatrist, board certified in child and adult psychiatry. I currently have an outpatient private practice in Maryland. In 2000, I worked at Sheppard and Enoch Pratt Hospital in Baltimore, Maryland. Sheppard Pratt is a psychiatric hospital compromised of various specialized units, including an adolescent crisis stabilization unit where Travis Mullis was a patient of mine. I reviewed selected records from Travis' Sheppard Pratt records and my recollections are based mainly on these records.

2.      Travis was admitted to Sheppard Pratt for inpatient treatment on a number of occasions in February and March of 2000, following an incident of sexual acting out with his younger cousin. Each admission was a result of suicidal ideation and/or aggressive overtures that ultimately became suicide attempts. Notably, Travis was sexually abused from the ages of three to six years of age by his adoptive father.

3.      Travis was 13 years of age when I treated him. He exhibited extreme mood lability, impulsivity, and impaired insight and judgement. Travis suffered from intrusive thoughts, flashbacks, and nightmares about his abuse and panic attacks.

4.      Upon his final admission to Sheppard Pratt on March 14, 2000, I diagnosed Travis with Post Traumatic Stress Disorder, Chronic; Bipolar II Disorder, Hypomanic, Provisional; and Attention Deficit Hyperactivity Disorder, Combined Type. I prescribed him Seroquel, Adderall, and Depakote. These medications were intended, in combination with talk therapy, to stabilize his mood, increase his level of concentration and help to create the non-existent stimulus barrier that caused

Fax sent by :                                                                07-17-13 09:01a    Pg: 3/4

him to act before he thought things through.

5.      For children like Travis to have a chance outside of a regimented institutional setting, medication and talk therapy would both be medically necessary. The medication regime prescribed, or something similar thereto, would have been essential to the treatment of Travis, or any person with the same history of abuse and psychiatric difficulty. Notably, Travis reported not taking his Seroquil prior to the incident that led to his final admission to Sheppard Pratt.

6.      On May 31, 2000 I recommended to the court that Travis be sent to a residential treatment facility for adolescents who have been sexually abused and have perpetrated the same abuse upon others for one to two years. In my experience, this period of time would be required to begin to work through the significant traumas this child experienced and to develop a plan for his successful adjustment back into society. Once Travis was released from any residential treatment care facility, it goes without saying that he would require intensive outpatient therapy and services, to ensure he continued to take his medication and received the psychiatric assistance he required.

7.      I understand that Travis went to Jefferson School following his release from Sheppard Pratt. I also understand that he was discharged from Jefferson within months of his involvement in sexually inappropriate behavior within the facility. I find this interesting and worthy of looking into. The transition process from residential treatment to outpatient services is vital to a patient's long term success and should never be rushed. This would be antithetical to underlying philosophy of residential treatment.

8.      Nobody from Travis' defense team ever contacted me before a lawyer and social worker from Philadelphia came to see me a few weeks ago. I would have been willing to answer any questions about Travis at the time of his trial. I would have responded in accordance with the law if I had been subpoenaed to testified at Travis' trial.

I hereby certify that the facts set forth above are true and correct to the best of my personal knowledge, information, and belief, subject to the penalty of perjury, pursuant to 28 U.S.C. § 1746.

Dr. Terry Pritt