IN THE TEXAS COURT
OF CRIMINAL APPEALS

Ex Parte Travis James Mullis

CAPITAL CASE

AFFIDAVIT OF RICHARD DUDLEY

Richard Dudley, being duly sworn, deposes and says:

1. I am a licensed psychiatrist, and testified as an expert in the capital trial of Travis James Mullis in Galveston County.

2. At trial, I testified that Mullis suffered from various psychiatric problems, including bipolar disorder. My testimony was based on extensive clinical interviews with Mullis as well as a review of available records.

3. Mullis was first diagnosed and treated for bipolar disorder as a teen, and the records I have reviewed are replete with references to his thoughts of suicide, suicidal gestures, as well as suicide attempts.

4. People suffering from bipolar disorder have periods of mania and periods of depression. The depression is not the typical type of "depression" lay people discuss when they say, "I'm depressed." Clinical depression involves deep-seated feelings of hopelessness, helplessness, and/or worthlessness that can result in a person becoming physically unable to get out of bed in the morning or function in the world. Such depression is often accompanied by suicidal thoughts, which can often lead to suicide attempts.

5. It is my understanding that Mullis was sentenced to death.

6. At no time did an attorney named Wayne T. Hill (or any other attorney) contact me and let me know that Mullis was considering abandoning his

direct appeal or attempting to have his appellate attorneys removed from the case.

7. If an attorney had contacted me and let me know Mullis was considering having the attorney removed so he could represent himself, and abandoning his appeal, I would have told the attorney that it would be essential to have Mullis evaluated to determine if his waiver was knowing, voluntary, and intelligent or a product of his mental illness. I would have told the attorney that Mullis's bipolar disorder and history of suicidal thoughts and gestures suggest a substantial risk that Mullis could be attempting to abandon his appeals in order to hasten his own execution. This would be a type of suicide.

8. Based on my clinical knowledge of Mullis, if I had heard from an attorney that Mullis was considering abandoning his right to appeal, or his right to an attorney to represent him on appeal, I would have suggested that further evaluation was needed to know if Mullis were competent to waive those rights.

9. As noted above, no attorney called me and made this inquiry. No one has asked me about this until now, when attorney Brian Stull contacted me, apparently after Mullis had already been permitted to waive his rights.

Sworn and subscribed to me this  State of New York
_____     County of New York
14 day of November 2012

NOTARY PUBLIC
MOHINDER S. GULATI
Notary Public, State of New York
No. 01GU4659357
Qualified in New York County
Commission Expires Nov. 30, 2014

_____
RICHARD DUDLEY, M.D.