**76,525**

Volume I of IV

C L E R K ' S   R E C O R D

**TRIAL COURT NO. 08CR0333**

In the 122ND District Court of Galveston County, Texas. Honorable JOHN ELLISOR, Judge Presiding

THE STATE OF TEXAS

VS.

**TRAVIS JAMES MULLIS**

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**JUL 05 2011**

**Louise Pearson, Clerk**

**Appealed to the Court of Criminal Appeals for Texas, in Austin, Texas.**

Attorney for Appellant:
Name: TRAVIS JAMES MULLIS
Address: POLUNSKY UNIT
   3872 FM 350 SOUTH
   LIVINGSTON, Texas  77351

TDCJ # 999563

Attorney for Appellee:
JACK ROADY, Criminal District Attorney
600 59TH STREET, SUITE 1001
Galveston, Texas 77551

Phone No.: (409) 766-2355
Bar No.: 24027780

**FILED IN**
**COURT OF CRIMINAL APPEALS**

**JUL 05 2011**

**Louise Pearson, Clerk**

Delivered to the Court of Criminal Appeals for Texas, in Austin, Texas, by mail on the _1st_ day of
_July_____, 2011.

*Jason E. Murray*
JASON E. MURRAY
District Clerk
Galveston County

By: *Brandi Maples*
     Deputy Clerk

**Court of Criminal Appeals Cause No . AP-76,525**

Filed in the Court of Criminal Appeals, Austin, Texas, on this the _____ day of _____, **2011**.

**LOUISE PEARSONS**, CLERK

By:_____, Deputy Clerk

**SCANNED**
_____
**DATE**

CASE NUMBER 08CR0333

THE STATE OF TEXAS                                    IN THE 122nd DISTRICT COURT
    VS

TRAVIS JAMES MULLIS                                   GALVESTON COUNTY, TEXAS

TRANSCRIPT

INDEX                                                                          PAGE

Caption . . . . . . . . . . . 1

Re-Indictment . . . . . . . . . . . 2

Indictment . . . . . . . . . . . 4

Docket Sheet . . . . . . . . . . . 6

Paupers Oath . . . . . . . . . . . 21

Statutory Magistrate's Warning . . . . . . . . . . 23

Request for Counsel . . . . . . . . . . 24

Correspondence from District Attorney's Office . . . . . . . 25

Correspondence From Court . . . . . . . . . . 26

Order of Transfer . . . . . . . . . . 28

Application for Court Order and Order . . . . . . . . 29

Precept and Return . . . . . . . . . . 32

Notice of Seeking the Death Penalty . . . . . . . . 33

State's Motion for Discovery of Expert Witnesses Article 39.14(b) C.C.P. . . . 34

Correspondence from Court . . . . . . . . . . 36

Pro Se Letter from Defendant dated 8-29-09 . . . . . . . 39

Pro Se Motion to Dismiss Court- Appointed Counsel . . . . . . 40

Pro Se Motion for Discovery and Inspection of Evidence . . . . . 43

Pro Se Defendant's Motion for Exculpatory Evidence . . . . . . 47

Pro Se Motion for Fair and Speedy Trial . . . . . . . 48

Pro Se Motion for an Examining Trial . . . . . . . . 49

Motion to Suppress Illegally Obtained Evidence . . . . . . 51

Defendant's Motion to Suppress Confession . . . . . . . 55

Motion for Discovery of Extraneous Offenses at Guilt and Punishment and Order . . 61

Motion for Witness List (Lay and Expert) and Order . . . . . . 65

Motion to Reveal the Deal and Order . . . . . . . 70

Defendant's Motion Pursuant to Brady v. Maryland for Production of Exculpatory Evidence.   74

Defendant's Assertion of Rights  .   .   .   .   .   .   .   .   81

Motion to Discover Arrest and conviction Records of Witnesses and Order  .   .   .   84

Motion for Discovery and Inspection and Order   .   .   .   .   .   .   87

Pro Se Letter from Defendant dated 10-10-08   .   .   .   .   .   .   98

Pro Se Letter from Defendant dated 9-30-08   .   .   .   .   .   .   99

Pro Se Letter from Defendant dated 10-10-08   .   .   .   .   .   .   100

Pro Se Letter from Defendant dated 11-4-08   .   .   .   .   .   .   103

Motion to Appoint Expert and to Order Examination and Testing of Case File and Lab Reports for
DNA purposes   .   .   .   .   .   .   .   .   .   104

Order to Appoint Expert and to Order Examination and Testing of Case File and Lab Reports for
DNA Purposes   .   .   .   .   .   .   .   .   .   107

Motion to Compel Disclosure of Medical Records and Order   .   .   .   .   107

Precept and Return   .   .   .   .   .   .   .   .   115

State's Motion for Discovery of Expert Witnesses Article 39.14(b) C.C.P. and Order .   .   116

Motion for Pre-Trial Hearing and Order  .   .   .   .   .   .   .   118

Precept and Return   .   .   .   .   .   .   .   .   121

Notice of Seeking the Death Penalty   .   .   .   .   .   .   .   122

Notice of Filing business Records – Medical Records   .   .   .   .   .   123

Motion for Continuance and Order   .   .   .   .   .   .   .   134

Motion in Opposition to Defendant's Motion for Continuance   .   .   .   .   139

Pro Se Letter from Defendant dated 1-21-10   .   .   .   .   .   .   143

Pro Se Motion to Dismiss Court-Appointed Counsel   .   .   .   .   .   150

Order Directing Availability of Counsel   .   .   .   .   .   .   .   155

Discovery Order.   .   .   .   .   .   .   .   .   157

Docket Control Order   .   .   .   .   .   .   .   .   158

Motion for Order "In Limine" to Preserve the True and Correct Meaning of "Probability" in the
Future Dangerous Instruction and Order .   .   .   .   .   .   .   159

Election of Jury Punishment   .   .   .   .   .   .   .   .   167

Motion in Limine to Exclude Psychiatric or Psychological Testimony Concerning Future
Dangerousness  .   .   .   .   .   .   .   .   .   168

Motion in Limine and Order   .   .   .   .   .   .   .   .   199

*Volume 2*

Defendant's Motion Regarding Victim Character/Impact Testimony After Mosley V. State  .  204

Motion Preclude the State from Offering Victim Impact Testimony and Order  .  .  209

Motion to Preserve Right to File Other Motions and Order.  .  .  .  .  217

Motion Preclude the Death Penalty as a Sentencing Option Due to Lack of Elements in the Indictment and Order  .  .  .  .  .  .  .  .  .  220

Motion to Declare the Death Penalty Unconstitutional Based on Texas' Lethal Injection Protocol and Order  .  .  .  .  .  .  .  .  .  226

Motion for Hearing on Admissibility of any Statement by Defendant Whether Written or Oral or Evidence Resulting From Same  .  .  .  .  .  .  .  256

Motion Preclude the Offer of Evidence of Extraneous Offenses (Ring V. Arizona) and Order .  261

Motion to Prohibit Comment on the Weight to be Given or Credibility of Testimony During Trial and Order  .  .  .  .  .  .  .  .  .  270

Motion in Limine and Order  .  .  .  .  .  .  .  .  274

Motion in Limine  .  .  .  .  .  .  .  .  .  279

Motion to List Witnesses and Request for Criminal Histories  .  .  .  .  284

Motion to Hold That Tex. Code Crim. Proc. Art. 37.071 is Unconstitutional and Order  .  287

Motion for Complete Recordation of all Pre-Trial and Trial Proceedings and Order .  .  294

Defendant's Motion for a Restrictive Order Regulating News Accounts, Comments and Editorials Concerning Certain Circumstances of the Case  .  .  .  .  .  300

Motion to Protect the Privacy and Confidentiality of all Lawyer and Client Communications.  304

Motion Preclude the Death Penalty as a Sentencing Option and Delcare Article 37.071 Unconstitutional  (Jones V. United States; Apprendi V. New Jersey; and Ring V. Arizona) and Order 310

Motion Preclude the Death Penalty as a Sentencing Option (Unequal Funding) and Order  .  317

Motion to Declare Article 37.071 § 2(2) of the Texas Code of Criminal Procedure Unconstitutional on its Face and Order  .  .  .  .  .  .  .  .  322

Motion to Declare Article 37.071 § 2(b)(1) of the Texas Code of Criminal Procedure Unconstitutional on its Face and Order  .  .  .  .  .  .  .  .  322

Motion for Court to Find Art. 37.071 of the Texas Code of Criminal Procedure Unconstitutional as Applied to Travis James Mullis and Order  .  .  .  .  .  .  346

Motion to Hold Unconstitutional Tex. Code Crim. Proc. Art. 37.071 Sec. 2 (e) and (f) – Burden of Proof and Order.  .  .  .  .  .  .  .  .  354

Motion for Equal Access to Background Information on Prospective Jurors and Order  .  359

Motion for Discovery, Production, and Inspection of Evidence  .  .  .  .  362

Motion for the Production of Witness Interview Notes  .  .  .  .  .  376

Defendant's Motion to Discover State's Extraneous and / or Unadjudicated Acts of Misconduct to be Offered at Guilt or Punishment and Order . . . . . . .   380

Defendant's Motion for Discovery of Experts and Order . . . . . .   384

Motion for discovery and Limiting Instructions to the Jury. . . . . .   387

Defendant's Motion for Discovery and Inspection and Order . . . . .   392

*Volume 3*

Motion for Discovery, Production and Rule 702/705 Hearing and Order . . .   404

Motion to Find that Tex. Code Crim, Proc. Art. 37.071 Sec. 2 (2)(b)(1) is Unconstitutional("Future Danger" Issue) . . . . . . . . . . .   412

Motion to Hold Unconstitutional Tex. Code Crim. Proc. Art. 37.071 Sec. 2(e) and (f) – Failure to Require Mitigation be Considered . . . . . . .   425

Motion to Declare Texas Death Penalty Statute to be Unconstitutional . . .   429

Motion Requesting the Court to Find Tex. Code Crim. Proc. Art. 37.071, Section 2 (f)(4) to be Unconstitutional. . . . . . . . . . .   434

Motion to Declare the "10-12 Rule" Unconstitutional . . . . .   441

Motion for Preservation and Disclosure to the Defense of Grand Jury Testimony . .   463

Motion for Production of Impeachment Evidence and Order . . . .   468

Motion to List Exhibits to be Offered in Both Phases of Trial and Order . . .   474

Motion to Discover the Portions of the Defendant's Statement Which the State Intends to Use at Time of Trial . . . . . . . . . .   477

Motion for Production of Exculpatory, Impeachment and Mitigating Evidence and Order .   480

Motion for Discovery and Inspection of All Tests Performed and Order . . .   484

Motion to Preserve Evidence and Order . . . . . . .   490

Motion for *in camera* Inspections of State's Entire File . . . . .   501

Notice of Filing Certificates / Affidavits . . . . . . .   504

Application for Subpoena . . . . . . . .   505

Application for Subpoena . . . . . . . .   506

Application for Subpoena . . . . . . . .   507

Notice . . . . . . . . . . .   508

Motion for Extension of Time to Designate Expert Witnesses . . . .   518

Order Granting Extension of Time to Designate Expert Witnesses . . . .   528

Notice of Filing Certificates / Affidavits . . . . . . .   529

Defendant's Motion to Transfer All documents and Communications Pertaining to Cause No. 08-3872 to Cause No. 08CR0333 and Order . . . . . . . . **531**

Notification of Defendant's Expert Witnesses . . . . . . . **534**

Application for Subpoena . . . . . . . . **538**

Application for Subpoena . . . . . . . . **539**

Pro Se Letter from Defendant dated 11-2-10 . . . . . . **540**

Pro Se Letter from Defendant dated 11-8-10 . . . . . . **546**

Application for Subpoena . . . . . . . . **552**

Application for Subpoena . . . . . . . . **553**

Order on Motion for Production of Records to Children Services of Maryland . . **554**

Order on Motion for Production of Records to Children Services of North Carolina . **556**

Order on Motion for Production of Records to Carolinas Medical Center-Northeast . **558**

Order on Motion for Production of Records to Carolinas Medical Center . . . **560**

Order Directing Availability of Counsel . . . . . . **562**

Application for Subpoena . . . . . . . . **564**

Motion Preclude the Death Penalty as a Sentencing Option . . . . . **565**

Precept and Return . . . . . . . . . **584**

Memorandum of Law in Support of Defendant's Motion *in Limine* to Exclude Psychiatric or Psychological Testimony Concerning Future Dangerousness . . . **585**

Motion *in Limine* to Exclude Psychiatric or Psychological Testimony Concerning Future Dangerousness . . . . . . . . . **615**

Motion for Production of Records . . . . . . . **618**

Application for Subpoena . . . . . . . . **622**

Memorandum in Response to Defendant's Motion to Suppress . . . . **623**

State's Request for Preliminary Ruling on Admissibility . . . . . **650**

*Volume 4*

Defendant's Motion for Discovery of Experts Order . . . . . **655**

Application for Subpoena . . . . . . . . **658**

Application for Subpoena . . . . . . . . **659**

Application for Subpoena . . . . . . . . **660**

Application for Subpoena . . . . . . . . **661**

Application for Subpoena . . . . . . . . **662**

Application for Subpoena . . . . . . . . 663

Application for Subpoena . . . . . . . . 664

State's Proposed Findings of Fact and Conclusions of Law . . . . . 665

Order . . . . . . . . . . 671

Application for Subpoena . . . . . . . . 672

First Amended Notice of Defendant's Expert Witnesses . . . . . 673

First Amended Notice of Defendant's Expert Witnesses . . . . . 676

Application for Subpoena . . . . . . . . 679

Motion to Withdraw State's Exhibit . . . . . . 680

Travis James Mullis' Memorandum of Law in Support of a Full, fair and Constitutional Voir Dire   681

Motion for Issuance of Certificate of Material Witness in Pending Criminal Case Under Uniform
Act to Secure Attendance of Witnesses and Order . . . . . . 717

Certificate of Material Witness in Pending Criminal Case Under Uniform Act to Secure Attendance of
Witnesses . . . . . . . . . . 721

Media Plan . . . . . . . . . . 723

State's Motion for Release of Medical Information and Order . . . . 727

Application for Subpoena . . . . . . . . 730

Still Camera Pool Photographer . . . . . . . 731

Jury Strike List . . . . . . . . . 732

Jury List . . . . . . . . 754

Application for Subpoena . . . . . . . . 755

Application for Subpoena . . . . . . . . 756

Application for Subpoena . . . . . . . . 757

Application for Subpoena . . . . . . . . 758

Application for Subpoena . . . . . . . . 759

Certificate of Material Witness in Pending Criminal Case Under Uniform Act to Secure Attendance of
Witnesses . . . . . . . . . . 760

Certificate of Material Witness in Pending Criminal Case Under Uniform Act to Secure Attendance of
Witnesses . . . . . . . . . . 761

Motion for Issuance of Certificate of Material Witness in Pending Criminal Case Under Uniform
Act to Secure Attendance of Witness Sally Ann Jennings and Order . . . . 762

Motion for Issuance of Certificate of Material Witness in Pending Criminal Case Under Uniform
Act to Secure Attendance of Witness David Baltzer and Order . . . . 766

Letter from Court . . . . . . . . . 770

Arraignment – Felony . . . . . . . . . 771

Charge of the Court and Verdict . . . . . . . . 772

Jury Communication . . . . . . . . . 781

Jury Communication . . . . . . . . . 782

Motion to Properly Instruct Jury at Penalty Phase as to the Use of Mental Health Evidence and
Order . . . . . . . . . 783

Motion that the Jury be Instructed on the Consequences of the Failure to Agree on the Special Issue
And Order . . . . . . . . . 798

Motion for Order Prohibiting Use of "No Sympathy" Instruction and Order . . 802

Motion that Jury Be Instructed on the Definition of "Criminal Acts of Violence" and Order . 807

Mr. Mullis' Proposed Jury Instructions and Order . . . . . 811

Defendant's Exhibit List . . . . . . . . . 817

Charge of the Court on Punishment and Verdict . . . . . . 820

Jury Communication . . . . . . . . . 828

Jury Communication . . . . . . . . . 829

Jury Communication . . . . . . . . . 830

Jury Communication . . . . . . . . . 831

Judgment of Conviction by Jury – Capital Murder. . . . . . 832

Abstract of Felony Conviction . . . . . . . . 834

Bill of Cost . . . . . . . . . . 835

Notice of Appeal. . . . . . . . . . 836

Pauper's Oath . . . . . . . . . . 837

Motion to Withdraw and Order . . . . . . . . 838

List of Attorneys of Record for the Defendant In Capital Murder Case . . . 842

Order Appointing Writ Counsel . . . . . . . . 843

Correspondence Letter . . . . . . . . . 844

Correspondence Email from Clerk to OCA . . . . . . 845

Correspondence Email from Clerk to OCA . . . . . . 858

Correspondence Court of Criminal Appeals Letter . . . . . 859

Trial Court Certification of Defendants Right of Appeal . . . . . 861

Pro Se Letter from Defendant dated 4-6-11 . . . . . . . 862

Post Card from Court of Criminal Appeals . . . . . . . 863

Receipt of Correspondence Court of Criminal Appeals Letter . . . . 864

Correspondence Letter from Court of Criminal Appeals . . . . . 865

Motion for Final Payment of Attorney Fees and Order . . . . . 866

Motion for Final Payment of Attorney Fees and Order . . . . . 869

Court of Criminal Appeals Notice of Assignment . . . . . . 872

Motion for New Trial (Sealed) . . . . . . . . 875

Defendant's Waiver of Appearance at Motion for New Trial . . . . 884

Designation of Material for Inclusion in the Record on Appeal . . . . 889

Receipt from Court of Criminal Appeals Notice of Assignment . . . . 891

Application for Subpoena . . . . . . . . . 894

Application for Subpoena . . . . . . . . . 895

Application for Subpoena . . . . . . . . . 896

State's Response to the Defendant's Motion for New Trial . . . . . 897

Subpoena and Return . . . . . . . . . . 900

Subpoena and Return . . . . . . . . . . 901

Subpoena and Return . . . . . . . . . . 902

Waiver of Rights and Invocation of Defendant's Right to Proceed *Pro-Se* and Order . . 903

Correspondence from Board of Pardons and Paroles . . . . . 908

Receipt from Court of Criminal Appeals Notice of Assignment . . . . 909

Sheriff's Certificate . . . . . . . . . . 910

Clerk's Certificate . . . . . . . . . . 911

THE STATE OF TEXAS

COUNTY OF GALVESTON

In the District Court, 122ND Judicial District of Texas, at
Galveston, Texas, within and for the County of Galveston, before
the Honorable JOHN ELLISOR, Judge thereof Presiding, the
following case came on for trial, to wit:

## CAUSE NUMBER 08CR0333

THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

1

## In the Name and by Authority of the State of Texas:

### COUNT I
### PARAGRAPH ONE

THE GRAND JURORS for the County of Galveston, State aforesaid, duly organized as such at the July Term, A.D., 2009, of the District Court of said County, 122nd Judicial District of Texas, upon their oaths in said Court present that **TRAVIS JAMES MULLIS** on or about the **29TH** day of **JANUARY**, A.D., **2008**, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Alijah Mullis, by stomping or kicking the said Alijah Mullis with the leg or foot of the said **TRAVIS JAMES MULLIS**, and the said Alijah Mullis was then and there an individual younger than six years of age,

### PARAGRAPH TWO

And the Grand Jurors for the County of Galveston, State aforesaid, duly organized as such at the July Term, A.D., 2009, of the District Court of said County, 122nd Judicial District of Texas, upon their oaths in said Court do further present that **TRAVIS JAMES MULLIS** on or about the **29TH** day of **JANUARY**, A.D., **2008**, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally cause the death of an individual, namely, Alijah Mullis, by stomping or kicking the said Alijah Mullis with the leg or foot of the said **TRAVIS JAMES MULLIS**, and the said **TRAVIS JAMES MULLIS** was then and there in the course of committing or attempting to commit the offense of aggravated sexual assault of Alijah Mullis,

against the peace and dignity of the State.

_____
Foreperson of the Grand Jury

2

I, *LATONIA D. WILSON*, District Clerk, Custodian of Records for District Court of Galveston County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the _____ day of _____, 20___, witness my official hand and seal of this _____ day of _____, 20 _____.

LATONIA D. WILSON,
DISTRICT CLERK,
GALVESTON COUNTY, TEXAS

BY: _____, Deputy

Names of Witnesses:

ANNIE ALMENDAREZ - GPD
CODE #09990027-0999
SPN #0331074
JP #
TRN #9012932149 A001
SID #TX08105394
DOF: 1/29/2008
JAIL

No. 08CR0333   122ND REINDICTMENT

THE STATE OF TEXAS

vs.

TRAVIS JAMES MULLIS

INDICTMENT
CAPITAL MURDER

BOND $ 1,000,000

Filed 2009 OCT 28 PM 3:43

_____, Judge

Clerk District Court, Galveston County, Texas
GALVESTON COUNTY, TX.

By: _____ Deputy

Acting

FOUND SET ON 10.28.09

3

## In the Name and by Authority of the State of Texas:

THE GRAND JURORS for the County of Galveston, State aforesaid, duly organized as such at the JANUARY Term, A.D., 2008, of the District Court of said County, 122ND Judicial District of Texas, upon their oaths in said Court present that **TRAVIS JAMES MULLIS** on or about the **29TH** day of **JANUARY**, A.D., **2008,** and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally or knowingly cause the death of an individual, namely, Alijah Mullis, by stomping or kicking the said Alijah Mullis with the leg or foot of the said **TRAVIS JAMES MULLIS**, and the said Alijah Mullis was then and there an individual younger than six years of age,

against the peace and dignity of the State.

Foreperson of the Grand Jury

4

I, LATONIA D. WILSON, District Clerk, Custodian of Records for District Court of Galveston County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the _____ day of _____, 20___, witness my official hand and seal of this _____ day of _____, 20___

LATONIA D. WILSON,
DISTRICT CLERK,
GALVESTON COUNTY, TEXAS

BY: _____, Deputy

---

No. 08CR0333   122ND

THE STATE OF TEXAS

vs.

TRAVIS JAMES MULLIS

INDICTMENT

CAPITAL MURDER

Filed _____, 20___

_____, Judge

BOND $ 1,000,000

Clerk District Court, Galveston County, Texas

BY: _____, Deputy

2008 FEB 21 PM 2:19

Names of Witnesses:

ANNIE ALMENDAREZ-GPD
JEREMY SCHWARTZ-GPD
GARY JONES-GPD
CODE #0990027-0999
SPN #0331074
JP #
TRN #9012932149 A001
SID #TX08105394
DOF: 1/29/2008
JAIL:

5

**ORDERED TRANSFERRED**

Criminal Docket. ___010 122nd Judicial District Court, Galveston County   Cause   08CR0333

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | | REMARKS |
|---|---|---|---|---|---|---|---|
| | | Kurt Sistrunk | | Month | Day | Year | |
| | THE STATE OF TEXAS | CRIMINAL DISTRICT ATTORNEY   State | **Indictment** | FEBRUARY | 06 | 2008 | |
| | —vs— | | CAPITAL MURDER PERSON | Feb 21 2008 | | | |
| Civil B.F. | TRAVIS JAMES KULLIS | Robert K. Loper   Defendant | UNDER SIX YEARS OF AGE | OCT 08 2008 | | | |
| SPN | | 713-880-9000 | **Re-Indictment** | | | | |
| 0331074 | | | | | | | |

| Date of Orders | ORDERS OF COURT | Minute Book | | REMARKS |
|---|---|---|---|---|
| | | Vol. | Page | |
| 2-6-08 | By authority of Local Admin. order this case is assigned to 122nd District Court for trial | | | |
| 3-6-08 | Robert K. Loper appointed to represent defendant | | | 3/22/03 |
| 4-4-08 | 8:30 a.m. Order on Ex Parte Motion | | | |
| 4-25-08 | Order on Ex Parte Motion for Funds for Mitigation Expert and Order on Motion to Ex 3.06L | | | |
| 4-25-08 5-28-08 | Reset to 5-28-08 @ 8:30 a.m. | | | 11-13-09 notice of speedy trial |
| 8-12-08 8-26-08 | Amended Order on Ex Parte Motion to Exhibit | | | |
| 6-20-08 10-10-08 | Defense motion reset to 12-5-08 @ 8:30 a.m. granted. To matter so Ordered Counsel so set for hearing 11-7-08 @ 8:30 a.m. | | | |

Cause D8CR0332

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol. | Page |
|---|---|---|---|
| 11-17-08 | Hearing on Δ's Motion to dismiss Court sett. / appt. Atty - July three reports Motion is denied. JW3 | | |
| 12-5-08 | Order on Ex Parte Motion under seal signed. JW3 | | |
| 12-5-08 | Disp reset to 2-20-09 @ 8:30 a.m. JW3 / 22 | | |
| 1-6-09 | Entd Order Appoing Ex Parte Investgr and Granting Expert Motion to Certify Proposed Expenditures signed. JW3 | | |
| 1-7-09 | Interim Atty Fee Voucher of Gerald E. Bourque for $9,675.00 approved and signed JW3 | | |
| 1-12-09 | Interm Claim for Whittephone Specialist Expert Witness Fees of Jeannette Oray for $ 5,020.00 signed. JW3 | | |
| 1-14-09 | Interim Atty Fee Voucher of Robert K. Loper for $14,975.00 approved and signed. JW3 | | |
| 2-20-09 | Disp. cont. to off recall (likely draft monting) with JW3 / JW3 Reset ? / JW3 Disp reset to 4-7-09 ] | | |
| | @ 8:30 a.m. JW3/M | | |
| 4-7-09 | Case continued until 5-4-09 @ 8:30 a.m. by agreement of parties. JW3 | | |
| 5-4-09 | Waiting result of testing from the DPS Case reset for disposition Setting by agreement of the parties. JW3 Disp reset to 5-18-09 @ 8:30 a.m. Δ to be brought to Ct. Disp is to 5/20/09 @8:30 AM JW3/sr | | |
| 5/11/09 | | | |
| 5-20-09 | Case reset for disposition setting by agreement of the parties - disabilities results of DNA testing by defendant. ? ? day | | |
| 5-20-09 | Order to Appoint Expert and to Order Examination and Testing of Core Fie ? Lab Reports for DNA ? signed. JW3 | | |
| 6-17-09 | Disp. reset to 7-17-09 by Δ waiting on DNA testing. JW3/sr | | |

Criminal Docket, _122_ _____ Judicial District Court, Galveston County     Cause  08CR0333

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | Minute Book | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Vol. | Page | Month | Day | Year |
| Civil B.F. | THE STATE OF TEXAS<br>-vs-<br>TRAVIS JAMES MULLIS | Kurt Sistrunk<br>CRIMINAL DISTRICT ATTORNEY   State<br><br><br>Defendant | CAPITAL MURDER PERSON<br>UNDER SIX YEARS OF AGE | | | FEBRUARY | 06 | 2008 |
| SPN<br>0331074 | | | | | | | | |

| Date of Orders | ORDERS OF COURT | REMARKS |
|---|---|---|
| 7-17-09 | No request to grant dispositions to 6-21-09 @ 8:30 a.m. in agreed alive to request for Medical Records from Maryland. | Copias Issued   / /<br>Copias & Ret. Filed   / / |
| 7-31-09 | _(illegible)_ Entry made in | Precept Issued  02/06/2009<br>Precept & Ret. Filed |
| 9-7-09 | Hearing on Motion to Compel Disclosure of Medical Records vs set for 8-10-09 @ 8:30 am. | Bond Filed   / / |
| 8-10-09 | Order Comp. for Disclosure of Medical Records signed. Today hearing on the reset. Today transon reported. | Copias Issued<br>Copias & Ret Filed |
| 8-21-09 | Continued by agreement of the parties. | Precept Issued  Re-Indict 12/3/13<br>Precept & Ret. Filed |
| 9-25-09 | Disp. reset to 9-25-09 @ 8:30am. _(illegible)_ prefer _(illegible)_ The medical records requested by the State and Defense have been received and exchanged. Both sides agree are stipulate that the records may be authenticated and be admissible with an affidavit of the _(illegible)_ | Bond Filed<br>Information for Abstract<br>DOB<br>SSN<br>Address<br>Phone<br>Race          Sex |

8

Cause 08CRD333

_____ vs. _____

ORDERS OF COURT - CONTINUED

| Date of Orders | | Minute Book |
|---|---|---|
| | | Vol. | Page |

record keeper without the necessity of filing the records. Will the district clerk. The parties agree to a continuance to allow the voluminous media records to be reviewed. Step. 11-13-09 @ 8:30 am. Signed.

9-25-09 — Voucher for D. Expert to amount of $5,464.24
Signed. Voucher for D DNA Expert in amount of $7,000. Signed. DPG

11-12-09 — State's Motion to Discovery of Expert Witnesses Granted as per Order signed. DPG

11-13-09 — Status Motion in Pre-Trial Hearing is set for 3-3-10 @ 10:00 a.m. per Order signed. DPG

11-23-09 — Claim for Investigator of DD Gordon for $4,138.41 Signed.
Claim for Expert fees of Gary Vogel for $5,446.00 Signed. DPG
Expert Atty fee voucher (Pickens) at Gensel $4,510.00 Signed.
Bodyguard Clair fee $1,550.00 signed. Atty fee voucher (Putnam)
No Motion for Continuance in debt for obtaining

1-15-10 — 1-25-10 @ 8:30 a.m. DPG/TAN

1-19-10 — Hearing MFC taken under advisement for
1-22-10 — Only Granted. As MFC the date 1-29-10 @ 9 am. DPG/TAN

SC Due: Juest date set for 1-29-10 @ 9 am. DPG/TAN

1-29-10 — MFC Granted + State has approached + Atty. for D. Signs
SC Due Granted to 3-15-10 @ 8:30 am to allow Mr. Rodrigue to appear. DPG/TAN

Criminal Docket, 122 _____ Judicial District Court, Galveston County    Cause 08CR0333

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | THE STATE OF TEXAS<br>–vs–<br>TRAVIS JAMES MULLIS | Kurt Sistrunk<br>CRIMINAL DISTRICT ATTORNEY   State<br><br>Defendant | CAPITAL MURDER PERSON<br>UNDER SIX YEARS OF AGE | FEBRUARY | 06 | 2008 |
| Civil B.F. | | | | | | |
| SPN<br>0331074 | | | | | | |

**Date of Orders — ORDERS OF COURT**

Minute Book  Vol.  Page

2-26-10  Hearing on Δ's Motion to Dismiss Atty + Entry
of Subst (Contral) Order, us set for

2-8-10 @ 9am. Jm (By 3-2-10 c64 to 3-8-10 9E M
Order Discovery Auth by TR of County
Order (ALL agreed) and Double of Counsel
of record filed in the us withdrawn
in motion to Dismiss attorney herself
Bourque. JM2 _____

3-8-10  PTC 11-18-10 @ 9am., Jury Panel 2-01-11 @
9:00 am.

7-2-10  No Mot. to Extend Deadline for Expert Witness
Dist. us set for hearing 7-8-10 @ 1:30 pm.
JJE

7-8-10 Δ's Mot. to Find Deadline to support Expert
Witnesses ull - Attorney for Δ and St to announce
agreed to Extend deadline to 8-2-10. Order
thereby Extentro Signed. JJE

| REMARKS |
|---|
| Copias<br>Issued |
| Copias & Ret.<br>Filed |
| Precept<br>Issued   02/06/2008 |
| Precept & Ret.<br>Filed |
| Bond<br>Issued |
| Bond<br>Filed |
| |
| Copias<br>Issued |
| Copias & Ret<br>Filed |
| Precept<br>Issued |
| Precept & Ret.<br>Filed |
| Bond<br>Filed |
| Information<br>for Abstract |
| DOB |
| SS# |
| Address |
| Phone |
| Race   Sex |

vs.                                    Cause

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol. | Page |
|---|---|---|---|
| 10-15-10 | D's Motion for Probation of Record S. Granted as per (4) Orders signed. Order directed to counsel and Ct. files. Clerk fee to Sign. Order Cut Fees of D. Caroll S. Following to $1,700.00 signed. Motion for Expert Witness Fees Intervenor of Matthew Ehl for $9,690.86 signed. ___ JS |  |  |
| 12-05-10 | | | |
| 12-21-10 | Order Directing Availability of Counsel signed. JS | | |
| 1-10-11 | Hearing or Motion to Suppress 1.) Michael Munoz 2.) Andrea Hardison with 4. John W. Nance 4. Scott Penn. Recess to 1-19-11. | | |
| 1-19-11 | 1.) Gregory Bodden. No original officer by Detective Pak, side/dept. toler under subpoena. Numerous Defense Motion put on file. | | |
| 1-20-11 | record and Orders Granting signed. Hearing on Numerous Defense Motions put on the record and Oral Ruling on motions signed. Defense Motion to Suppress Statement of D. evidence Denied. Facts signed. State's Proposed Findings of Fact and Conclusions of Law adopted. | | |
| 1-20-11 | | | |
| 2-7-11 | Order Admitting State's Exhibit to evidence. States Exhibits signed. | | |
| 2-7-11 | Amended Motion in Limine. Complete government re-reported by the clerks - vol. original. | | |
| 2-8-11 | 9:00 a.m. - Manny Bond issued for witness. Hearing on the record. Disposition to court. | | |

Criminal Docket, _122nd_ Judicial District Court, Galveston County    Cause 08CR0833

| Number of Case | STYLE OF CASE | ATTORNEYS | | OFFENSE | Minute Book | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CRIMINAL DISTRICT ATTORNEY    State | | | Vol. | Page | Month | Day | Year |

Civil B.F.

SPN

| Date of Orders | ORDERS OF COURT | REMARKS |
|---|---|---|

2-8-11    Bond released with instruction to enforce
B.P. pretrial charge to return for arraignment
questioning - beginning 2-9-11 at 8:45 am
(100 cnt.) Information read & sealed by Clerk
Exoneration of defendants on false & actual fingers
released by the Clerk after arraignment by
the Clerk. Appealed for Arbitration of Certificate 895
of Mature (white 85) issuance of the matter 895
Cart Hinckle Multiple Arts to secure Commend
Affidavites of Witnesses Subpoenaed Certificate

2-9-11    9:00 am - Individual voir dire begans. 1) Pamela Larue - Δ.
Challenge for Cause (C) granted 2) JoAnn Hunter - Accepted
by state and Δ 3) Charles Jenkins - Accepted by State Δ
4) Brady Strawmat - Δs C/C 11:45 am - Break 130 pm - Resume
5) Mark Moore - Disqualified 6) Donna Boswell -
Accepted by State and Δ 7) Shaun Archer - Excused by Agreement
2:36 pm    Recess for the day 873
2-10-11    8:50 am 8) Christi Greccia - Struck S/C/C

12

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol. | Page |
|---|---|---|---|
| | 9) Bonnie New - Accepted by State $\Delta$   (10) Anthony Terrones - Excused by Agreement  11) Juliet Staudt - Excused by Agreement  11:00 am - 1 Break Break  1:19 pm - 12) Patrica Barry Stewart - $\Delta$'s C/C   2:05 pm - Recess   J/S   13) Orange Owens - Agreement | | |
| 2-11-11 | 8:45 am  14) Stephen Hodgson - Excused by agreement  15) Reg Griffith - $\Delta$'s C/C   16) Dolores Lewis - Accepted by State and $\Delta$  17) Joseph Canning - Di Peremptory Strike(P)(B)11:00 am - Break *  1:15 pm  18) Jeffery Allenby - Peremptory Strike - Break *  19) William Clay White - $\Delta$'s C/S   2:30 pm - Recess G.  J/S | | |
| 2-11-11 | 20) Medina Elm - Order signed    * 18) Glynn Alliston - Agreement | | |
| 2-14-11 | 8:51 am  21) Kyle Reiss - Accepted by State and $\Delta$  22) James Eads - Accepted by state and $\Delta$   23) Gary Nichols - Excused by Agreement J. ad)  Krish Strand - $\Delta$'s C/C   11:15 am - Break  1:16 pm  25) Deborah Simpson - $\Delta$'s C/C   26) Ticso Abad - $\Delta$'s P/C  2:00 pm - Recess   J/S | | |
| 2-15-11 | 29) James Elder - Taken out of order by agreement J - $\Delta$'s P/C  27) Erin Arthur - Excused by Agreement  28) Robin Urbe - Excused by Agreement   30) Navella Pello - Excused by Agreement  31) Sandra Nellie - Excused by Agreement   31) Kenneth Cambria Excused by Agreement J.   33) Tracy Collins - $\Delta$'s C/C   2:20 pm - Recess   J/S | | |
| 2-15-11 | Order on State's Motion to Release Wellford Record signed  J/S | | |
| 2-16-11 | 8:55 am  #34 not present take out of order  35) Sharon Knacaret - $\Delta$'s C/C  34) Mosette Davis - $\Delta$'s C/C   34) Marcia Garner - Accepted by State  and $\Delta$  37) Henry Osmann - Claims exemption  lunch Break  1:16 pm - | | |
| | 38) Shannon Bell(K) - Accepted by State and $\Delta$  39) Dixie Thielvoldt - Excused by Agreement  40) James Elsenburg - State's peremption  41) Stacy Nix(K) - Accepted by State and $\Delta$  42) Bruce Nystrom Accepted by State and $\Delta$ | | |
| 2-17-11 | 4:00 pm Recess for day  J/S  ↑ 8:47 am | | |

13

Criminal Docket, _122nd_ Judicial District Court, Galveston County   Cause 08CR0333

**STYLE OF CASE:** Travis James Mullis

**ATTORNEYS:** Jack Roady — CRIMINAL DISTRICT ATTORNEY, State

**OFFENSE:** Capital Murder

**DATE OF FILING:** Month: Feb   Day: 6   Year: 2008

| | | |
|---|---|---|
| SPN | | |
| Civil B.F. | | |

### ORDERS OF COURT

43) Hearn O'Connor — Excused by agreement   44) Karen Goforth —
Excused by agreement   45) Dark Kortz — Excused by agreement —
46) Dawn Harris — Excused by agreement   47) Clinton _____ —
Excused by agreement   Lunch Break (12:20 pm   48) John
Winston — State's permission   49) Linda Dales — Excused by
agreement   50) Rodney Dunkle? — Excused by agreement
51) _____ Oliphant — No peremptory   52) Patrick Proch — Accepted
on state ___   ___ 3:20 pm ___ 53) _____ Reless for the day

2-18-11   9:42 am 53) Shawn Hickey — Asc (c   54) Terrrae Vaughn —
Excused by agreement   55) Jennifer Munoz — Accepted by
State and R. 56) Michael Bartosz — Asc (c. 6) firmand
Synon — Excused by agreement   58) Cynthia Lowery — Excused by
agreement   59) Clifford Merkle Excused by agreement
60) Ty Janik — Excused by agreement   61) Carl Ford — Accepted
by State and ___ 12:06 pm Recess _____

2-23-11   Expert witness voucher Dr. Axton Dudley for $6,423.80 signed
Expert witness voucher Dr. John Brams for $10,519.77 signed

3-3-11   Expert witness voucher Matthews _____ for $3,000.00 signed
Motion — State's Response ___ State's Motion ___

### REMARKS

Minute Book — Vol.   Page

Capias Issued
Capias & Ret. Filed
Precept Issued
Precept & Ret. Filed
Bond Filed

Capias Issued
Capias & Ret. Filed
Precept Issued
Precept & Ret. Filed
Bond Filed
Information or Abstract

DOB
SSN
Sex
Alias
Phone
Race

vs. _____   Cause _____

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol. | Page |
|---|---|---|---|

3-4-16  all to be sealed by the Clerk for complete record. Orders and certificates granted without to secure attendance of material witnesses

3-7-11  9:17 AM  David Batzer and Sally Ann Jennings signed. Guilty 9:20 AM - Jury of 12 & 2 alternates pulled. Not by the Clerk. Grand motion read.  Δ arraigned & one sworn and pleads Not Guilty. Procedure motioning read. 9:28 AM. Δ starts opening statement. 9:57 AM - Δ's opening. 10:12 AM - completed. Jury excused.  Witnesses sworn.  Invokes the Rule. Δ house & Normal to witness. 10:18 AM

1) Sgt. Richard Kershaw. 10:00 PM - Cross-Ex-Chief. 1) Jesse Zaro Resume 3. Det. Jeremy Schwartz. lunch break. 1:39 PM -

Tue. 5:22 PM - Break for the day. Recess. 3:05 PM - Recess. 3:07 PM - Cont.

3-8-11  9:08 AM  4) Michele & Nichols (Duarte). 10:05 AM - Recess
10:30 PM - Resume  5) Carolyn Eftriken. 10:00 PM - lunch break.
1:38 PM - Resume  6) Dr. Nolby C. Mumpa. 2:35 PM - break.
2:55 PM - Resume  7) Officer Micah Mungia. 8) after Avdee
Wardlow-Smith. 4:20 PM - Recess. 4:33PM - Resume. 9)
Officer John McVance 5:20 PM - Recess for the day.

3-9-11  9:00 AM - Trial Resumed  10) Lt. Scott Pena. 10:30 PM Back
10:48 AM - Continue. 11:05 AM - Jury remand for hearing
11:31 AM - DnCM present. 10:23 AM - lunch break. 1:30 PM
Resume 11) Best Robert Hesser. 4:45 PM - Break for the day.

3-10-11  8:50 AM - Hearing outside Jury presence. 8:58 AM - Jury excused.
10:40 AM - Recess. 11:20 AM Cont. 4:07 AM - Stor Recess
Jury remand. 11:20 DPM - Jury retires to discuss.

Criminal Docket, 122 _____ Judicial District Court, Galveston County

Cause 08 CR 0333

| | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |

Number of Case

Civil B.F.

SPN

CRIMINAL DISTRICT ATTORNEY State

Defendant

| Date of Orders | ORDERS OF COURT | Minute Book | | REMARKS |
|---|---|---|---|---|
| | | Vol. | Page | |

11:32 Am – Jury sent home for the day to return
on 3-11-11 at 9:00 Am for charge and closings.
Lunch break for Court and attorneys 2:00 pm –
Change conference. 3:15 pm – recess for day
Court read 19:2 am – and charge of the
Again After 9:34 Am – State closing argument –
apartune 9:46 pm – Robert Leger – overall
State's rebuttal closing – Donna Cameron. 10:05 Am –
Jury retires to begin deliberations. Two alternates
separated and placed in another room to
await verdict. 10:49 Am – Jury made request –
allowed to Jury 11:18 Am – Note – Verdict of not
to Capital Murder received. I request poll of
Jury failed – All 10 say "Yes." Jury process to
punish. Monday 3-14-11 at 9:00 Am to
hear punishment evidence. Case cont'd Recess

3-14-11  9:00 Am – Jury enters and punishment phase begins.

REMARKS column labels (right side):
Copies Issued
Copies & Rel. Filed
Precept Issued
Precept & Rel. Filed
Bond Filed

Copies Issued
Copies & Rel. Filed
Precept Issued
Precept & Rel. Filed
Bond Filed
Information for Abstract
DOB
SSN
Address
Phone
Race
Sex

16

Cause

vs.

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol | Page |
|---|---|---|---|
| | State's opening statement - Kayla Allen. 9:07 AM - State concludes. 9:08 AM - NG's opening statement - Gerald Bourque. 9:28 AM. A concludes. State's Punishment Case. 1.) Carolyn Gaitika 2.) Dr. Gabriella Pastor. 10:35 AM Recess. 10:55 AM Resume. 3.) Steven Barry. 12:12 PM - Jury sent to lunch. Hearing outside presence of Barry. (1:17 PM - Break for lunch.) 1:43 PM - Trial continues. 4.) Susan Barry 3:35 PM - Recess. 3:50 PM - Resume. 5.) Julio Hernandez 6.) Cecilia Duarte. 7.) Antonio Duarte. 5:10 PM - Break for the day. JZ | | |
| 3-15-11 | 9:03 AM - Jury enters and trial resumes. 8.) Kenneth Dean. 9.) Sgt. Eugene McQuaig. 10:34 AM - Recess. 11:02 AM - Resume. 10.) Lt. Scott Dena. 11:34 AM - Lunch break 1:08 PM - Continue. 11.) Donnie Bilneski. 13.) Valerie Huebner. 2:22 PM - Break 2:47 PM - Continue. 13.) Tonya Dean. 3:45 PM - State rests on punishment. 3:47 PM - Recess for the day. JZ | | |
| 3-16-11 | 9:00 AM - Jury enters and Defense begin case on punishment. 1.) Gina Vitale 10:28 AM - Recess 10:49 AM - Resume 12:12 PM - Break for lunch 1:35 PM - Continue direct of Ms. Vitale. 3:35 PM - Recess 3:59 PM - Resume 4:15 PM - Break for the day. JZ | | |
| 3-17-11 | 9:00 AM, Jury enters. Continued testimony of Gina Vitale 2.) Dr. Mitchell H. Katz 10:33 AM - Recess 10:50 AM - Resume 3.) Dr. Matt T. Mendel and 1:05 Lunch Break 1:30 PM - Continue 2:48 PM - Recess 3:30 PM - Continue 4:52 PM - Recess for the day JZ | | |
| 3-18-11 | 9:10 AM - Trial continues 4.) William Reilly 10:10 AM - Break 10:35 AM - Continue 5.) Dr. Richard Dudley JC 11:21 AM - Recess. 11:30 AM - Resume. 12:00 PM - Recess for lunch 1:30 PM - Continue | | |

17

Criminal Docket, ___122___ Judicial District Court, Galveston County    Cause O8CR0333

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | Minute Book Vol. Page | REMARKS | DATE OF FILING Month Day Year |
|---|---|---|---|---|---|---|
| Civil B.F. | | CRIMINAL DISTRICT ATTORNEY  State | | | | |
| SPN | | Defendant | | | | |

ORDERS OF COURT

Date of Orders

2:18 PM - break. 2:45 PM - continue. 6) Michael
Nicholson. 7) Denise M. Devlin. 3:36 PM - Recess
3:50 PM - Reconv. 8) Michelle K. Black g. identify
Witherspoon 4:47 PM - Defense rests. No rebuttal
from State 4:49 PM - Jury sent to jury
room. Interview with Juror #8, Maria
Garza, who admits discussing case w/ her other
+ witnesses with other jurors. Defense moves for
Juror #8 to be removed - Grant'd. First attorney
to become #8 on jury. Recess for the day

3-21-11  8:45 AM - Change to Defense motion
ed objections put on the record and ruling.
a.s. for Order signed. In terview in camera
with 4 jurors to determine what they
were read/discussed with Juror #8. Finding
put on the record in chambers with attorneys
present. Is motion for mistrial - denied.
9:44 AM - Jury sworn + charge read/explained
read. Comm. Confer-expires for the State. Report
Later on Grant'd. Bounty for the defense

Cause _____ vs. _____

| Date of Orders | ORDERS OF COURT - CONTINUED | Minute Book Vol. | Date |
|---|---|---|---|
| | Rebutal closing by Lynn McClellan for the State. 11:34 AM - Jury retires to deliberate. Attorneys Gray, Ford, Lopez ad dismissed 12:00 pm - Jury sent to lunch 1:10 pm - Jury back deliberating. 3:38 pm - Jury note - verdict reached. 4:27 pm - Jury enters ad verdict received, specif Issue #1 "yes" Issue #2 "No. △ requests Jury be polled, 12 answer "yes" this is my verdict. △ Jury discharged and released. JPZ | | |
| | Judgment entered per Judgment filed. JPZ | | |
| 3/21/11 | Notice of appeal is given. JPZ | | |
| | Motion to withdraw attorney Gerald Borque and Robert V. Lopez is granted. JPZ | | |
| 3-22-11 | Wayne T. Hill appointed to represent indigent defendant on direct appeal. JPZ | | |
| 3-22-11 | Orders Appointing Writ Counsel - Brad Levenson - Director of the Office of Capital Writs - signed JPZ | | |
| 3-23-11 | List of △'s attorneys at Record for △ Gerald Borque/Robert Lopez JPZ | | |
| 4-19-11 | MNT filed "verdict filed" by Wayne Hill and propose by △ to the Court. JPZ | | |
| 4-5-11 | Orders for Payment of attorney fees and vouchers signed. JPZ | | |
| 5-3-11 | Wayne Hill authorized to receive copies of Jury Investigation for purposes of appeal and must - the Jurors and attorney who served. JPZ | | |

Criminal Docket, 122nd Judicial District Court, Galveston County   Cause CCR0233?

| STYLE OF CASE | ATTORNEYS | KIND OF ACTION | | DATE OF FILING | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | Minute Book | Month | Day | Year |
| | | Pre-Indictment | | Feb | 16 | 2008 |
| | | Indictment | | Feb | 21 | 2008 |
| Travis Runnels Mullis | | Re-indictment | | Oct 4 | 24 | 2008 |
| | | Capital Murder | | | | |

| | | | Minute Book | | REMARKS |
| --- | --- | --- | --- | --- | --- |
| CCR 0233 cr?| | | Vol. | Page | |

| Date of Orders | ORDERS OF COURT |
| --- | --- |
| 5-20-11 | Hearing on D's Waiver of Rights and Deyaction of D's Right to Proceed "Pro Se. Following #2 in the hearing and question of D's order signed allowing D to proceed Pro se stating on the record that he is waiving the Motion for New Trial previously filed by Mr. Hull. Mr. Hull to remain Mr. Wayne Hull is removed and discharged as attorney. ✓ |
| 5-20-11 | Attorney Fee Voucher of Wayne T. Hill for $7,870.00 approved and signed. ✓ |
| 5-25-11 | Vouchers for payment of D's Experts signed. ✓ |

_____JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW #_____
JUSTICE OF THE PEACE COURT #_____    2008 FEB -6  AM 9: 06
GALVESTON COUNTY, TEXAS

THE STATE OF TEXAS

vs.

MULLIS, TRAVIS

     CAUSE NO. _____

     DISTRICT CLERK
     GALVESTON COUNTY, TX.

SPN. NO. 331074

### PAUPER'S OATH APPLICATION

Name: X Travis Mullis     Phone No. ( NONE )

Address: 1100 Front Meadow #212    T.D.L. 23857148

City, State: Alvin, TX     S.S.N. 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

Zip Code: 77511     D.O.B. 9, 20, 86

I am a Defendant in the above entitled action.  I am **not represented** by counsel in this proceeding.  I have no assets, except for the following:

1.    Earnings = $ ___0___ per ☐week ☐month ☑year.

     Employer Name: _Unemployed_

     Address: _____

     Phone Numbers: ( ) _____

     If unemployed, list the last job you had and efforts to gain employment:

     _Walgreen's Oct. 07_

2.    I have other income in the amount of (state source of income and amount).

     _None_

3.    I am ☐married ☑not married and support __0__ children under 18 years of age and or other dependents who are (name and relationship):

     _____

4.    Earnings of my spouse and/or minor children are (name of employer and amount of weekly/monthly earnings): _____

5.    I have the following money:

     At home     $_____     Checking Account    $_____

     Savings Acct.   $_____     Safety Deposit Box   $_____

     Due/Owed to me $_____   Other       $_____

6.    I have the following debts and expenses (groceries, child care, etc.) per month:

     _____

     _____

7.   I own the following property: (Address/Location)

| TYPE | VALUE | MONTH PYMTS. | BALANCE | LEASE Y/N | ADDRESS/LOCATION |
|------|-------|--------------|---------|-----------|------------------|
| Home | $ | $ | $ | | |
| Automobile | | | | | |
| Furniture | | | | | |
| Other | | | | | |
| Land/Buildings | | | | | |
| Notes, Mortgages, Trust & Deeds | | | | | |
| Stocks/Bonds | | | | | |
| Animals of Value | | | | | |
| Jewelry | | | | | |
| Other Personal Property | | | | | |

8.   I pay the following utilities: *Lived w/ girlfriend & friend - rent free*

9.   I ☐ AM ☒ AM NOT free on bond.     Amount of bond;$ *0*

Name of Person who paid for bond: *N/A*

Bondsman's/Company Name: _____

10.   I am currently represented by attorney _____ **on other charges in** another court(s).     My attorney is currently ☐ RETAINED ☐ APPOINTED.

11.   Present Address(include zip code): _____

Phone Number ( *561* ) *602- 9949*

Name & Phone Number of Nearest Relative: *Anne Mullis Mom 561-602-9949*

On this *6* day of *FEBRUARY*, 20 *08*, I have been advised by the *MAGISTRATE* Court of my right to representation by counsel in the trial of the charge pending against me. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true. By signing below, I understand that a court official can verify any of the information for accuracy as required to determine my eligibility.

Date: *FEBRUARY 6, 2008*     ✳ _____
                                          Defendant Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, on this the *6* day of *FEBRUARY*, 200 *8*     BY: *Karen K. Henderson*

[Notary stamp: KAREN K. HENDERSON, NOTARY PUBLIC, STATE OF TEXAS, MY COMMISSION EXPIRES 05/25/2010]     PRINTED NAME: *KAREN K. HENDERSON*

TITLE: *NOTARY*

After reviewing this sworn pauper's oath application I find that this defendant is indigent under the guidelines of Galveston County and is entitled to appointment of an attorney.

*2-6-08* _____     _____
                                          MAGISTRATE

This is to certify that on this day, designated below, I administered to herein identified accused the warning and admonishments required by Articles 15.17 and 26.04 of the Texas Code of Criminal Procedure, by informing him/her in clear language the following:

**TRAVIS JAMES MULLIS**          **02-05-2008**                              **22:45**
Name of Accused                          Arrest Date                              Arrest Time

(1)   You have been accused of the offense of:   **Capital Murder**

(2)   You have a right to retain counsel.
(3)   You have the right to remain silent.
(4)   You have a right to have an attorney present during any interviews with peace officers or attorneys representing the State.
(5)   You have he right to terminate the interview at any time.
(6)   You have the right to request the appointment of counsel, if you are indigent and cannot afford counsel.
(7)   You have the right to an examining trial.
(8)   You are not required to make a statement and that any statement made by you may be used against you.

Upon inquiry by the Court, the defendant stated the defendant is a citizen of
☒ the United States of America, or
☐ the country of_____, (check one) a ☐ mandatory ☐ discretionary notification country.

The Court further informed the defendant that
☐ As a non-U. S. Citizen, who is being arrested or detained, you are entitled to have us notify your country's consular representatives here in the United States. Do you want us to notify your country's consular officials? ☐ Yes ☐ No
☐ Because of your nationality, we are required to notify your country's consular representative here in the United States that you have been arrested or detained. We shall notify your country's consular officials as soon as possible.

In addition, after advising the Accused of his/her right to counsel
(check one) ☒ Arrestee requested appointed Counsel and forms were completed and forwarded to _GCSO_ (court or designee)
on _2-6-08_ by ☒ Hand delivery ☐ Interoffice mail ☐ U.S. Mail
☐ Arrestee did not request appointed counsel

Further, I find that the Accused ☐ IS ☒ IS NOT currently on bail for a separate offense.

BOND is set at _1,000,000._ ☐ Pre-Trial Release bond is authorized, if checked.

I certify the above statutory warning and other matters stated herein occurred at _GCSD_
Galveston County, Texas on Date: _February 6, 20 08_ Time: _9:00_ (A.M./P.M.)

_Stephen W. Baker_
PRESIDING MAGISTRATE

LaMarque Municipal Court
MAGISTRATE PURSUANT
GALVESTON COUNTY, TEXAS
Stephen W. Baker

☐ Defendant refused to sign

This is to certify that on this day, designated below, I received the above warning and admonishment required by Articles 15.17 and 26.04 of the Texas Code of Criminal Procedure

_2-6-08_                                         X_____
Date                                                  Defendant Signature
Rev. 03/19/2002 {Form #GC-3}          (Original to Court; Copies to GCSD & CDA)

2008 FEB -6 AM 9:06
DISTRICT CLERK
GALVESTON COUNTY, TX

32

Offense:   **Capital Murder**

Service No _____
Warrant No   0802

## WAIVER OF APPOINTED COUNSEL

I have been advised of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me. Understanding my right to have counsel appointed for me if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

_____
Date

_____
Defendant Signature

## REQUEST FOR COUNSEL

I have been told by the Magistrate that I have the right to request the appointment of a lawer. I understood the warnings given to me by the Magistrate. I do want to request the appointment of an attorney.

2-6-08
_____
Date

_____
Defendant Signature

## ORDER SETTING ADDITIONAL CONDITIONS OF BOND

**IT IS THE ORDER OF THE COURT** that if you receive an appointed attorney and make bond, you all comply ith the following additional terms and conditions of bond:

1.   You shall keep all appointments with your attorney;
2.   You shall attended all court settings, and;
3.   You shall notify your attorney or your attorney's office of any changes in your reisdence address, business address or telephone numbers within twenty-four (24) hours of such a change.

Any violation of these conditions may result in your bond being held insufficient and you being returned to custody.

_____
Judge/Magistrate

Defendant's principal language is not English: _____

I understand these conditions of my bond

2-6-08
_____
Date

_____
Defendant Signature

DISTRICT CLERK
GALVESTON COUNTY, TX.

2008 FEB -6  AM 9:06

Form #GC-4 Rev May 2004

Statutory Warnings By Magistrate

SPN: _____
Arts. 15.17, 26.04, C.C.P.

THE STATE OF TEXAS ~
COUNTY OF GALVESTON ~

24

2/6/08

Please be advised that the correct offence code for case number 08CR0333 this case is
099900027.  This code is for Capital Murder Person Under Six Years of Age.

Joel Bennett,
1st Assistant Criminal District Attorney



25



## 122ND JUDICIAL DISTRICT COURT

Galveston County Courthouse
600 59th Street, Suite 3305
Galveston, Texas 77551

**JOHN A. ELLISOR, JR.**
Judge

(409) 766-2275
Fax (409) 770-6265

**Janice Neumann**
Court Coordinator

**Judy Hansen**
Court Reporter
(409) 770-5169

February 6, 2008

Robert K. Loper
Attorney at Law
111 West 15th Street
Houston, TX. 77008

 Re: **08CR0333 State v. Travis James Mullis**
   **Capital Murder Person Under Six Years of Age**

Dear Mr. Loper:

 You have been appointed by Judge Ellisor to represent the Defendant who is not financially able to employ counsel of his own choice on the above named cause.

 The defendant is currently confined at Galveston County Sheriff's Department at 5700 Avenue H, Galveston, TX. 77551.

 His next court date is April 3, 2008 at 8:30 a.m.

 This appointment shall remain in effect until charges are dismissed, the defendant is acquitted, appeals are exhausted, or until you are relieved of your duties by the Court or replaced by other counsel after a finding of good cause.

 You are required by law to make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which you are appointed and to interview the defendant as soon as possible thereafter.

You are required to contact the District Attorney at 409-766-2355 or 281-316-8300 prior to the next court date stated herein to discuss the status of the case and any possible resolution/disposition of the case.  The status conference is not meant to be a discovery hearing.

Sincerely,

John A. Ellisor, Jr., Judge
122nd District Court

JAE/jn
cc:      District Attorney
          File

27

CAUSE NO. _08 CR 0333_

_STATE OF TEXAS_                IN THE DISTRICT COURT OF

VS                             GALVESTON COUNTY, TEXAS

_TRAVIS James Mullis_          _10_ JUDICIAL DISTRICT

ORDER OF TRANSFER

ON THE _6_ DAY OF _Febury_ , 2008, BY AUTHORITY OF

THE LOCAL ADMINISTRATIVE JUDGE OF THIS COUNTY, THIS CASE IS

TRANSFERRED TO THE _122_ DISTRICT COURT EFFECTIVE IMMEDIATELY.

SIGNED AND ENTERED THIS THE _6_ DAY OF _Febury_ , 2008.

JUDGE DAVID E. GARNER,
ADMINISTRATIVE JUDGE
GALVESTON COUNTY, TEXAS

2008 FEB -6 PM 12: 05
DISTRICT CLERK
GALVESTON COUNTY, TX.

_note: equalization of caseload._

**Cause No. 08CR0333**
**State of Texas v. Travis James Mullis**

CLERK DIS...
FILED
a 9:20 AM
FEB 0 8 2008
GALVESTON COUNTY, TEXAS
BY _____ Deputy

| | |
|---|---|
| **IN THE MATTER OF** | **IN THE 122nd DISTRICT COURT** |
| **A CRIMINAL** | **OF** |
| **INVESTIGATION** | **GALVESTON COUNTY, T E X A S** |

## APPLICATION FOR COURT ORDER

COMES NOW, the State of Texas, by and through her Criminal District Attorney, Kurt Sistrunk, and requests this Court to issue an Order to Travis James Mullis, a white male, DOB: 09-20-1986, and who is currently incarcerated at the Galveston County Jail in Galveston, Galveston County, Texas, to appear before this Court on February 10, 2008, and to show cause why the Galveston Police Department or the Galveston County Sheriff's Office should not take Buccal swabbings from the inside of his mouth, and, for good cause, would show the following:

I.

The Galveston Police Department is currently conducting an investigation into the Capital Murder of a child. The child's body was discovered at a location within the City Limits of Galveston, Galveston County, Texas.

II.

The Galveston Police Department Investigation remains ongoing and the case has not yet been presented to a Grand Jury, but Travis James Mullis, the accused suspect is believed to be the father of the murdered child. As part of the investigation, evidence has been seized, including a child carrier seat and base, shoes, clothing and vehicle as evidence associated with the murder of the child, Alijah Mullis.

III.

The Galveston Police Department has custody of the evidentiary items seized, and will submit these items to the Texas Department of Public Safety Crime Laboratory for testing and DNA analysis. It is believed that DNA evidence is present on these items, including the shoes of Travis James Mullis, the alleged

29

weapon used against Alijah Mullis, which might be identified as that of Alijah Mullis, the murdered child and the accused, Travis James Mullis.  In order for DNA testing and analysis to be completed, all known samples of suspected DNA to be found are to be submitted to the laboratory, including that of the accused.

WHEREFORE, PREMISES CONSIDERED, IT IS REQUESTED THAT THIS Court issue an Order to Travis James Mullis, a white male, DOB: 09-20-1986 to appear before this Court and to then show good cause why the Galveston Police Department or the Galveston County Sheriff's Office, cannot take buccal swabbings from the inside of his mouth for the purpose of extracting his DNA for comparison to that found on evidence seized during the investigation of the Capital Murder of Alijah Mullis.

RESPECTFULLY SUBMITTED,

_____
KURT SISTRUNK
Criminal District Attorney
Galveston County, Texas

LATONIA D. WILSON
CLERK DISTRICT COURT
FILED
at 9:20am
FEB 0 8 2008
GALVESTON COUNTY TEXAS
BY Delia _____ Deputy

30

**Cause No. 08CR0333**
**State of Texas v. Travis James Mullis**

IN THE MATTER OF                     IN THE 122nd DISTRICT COURT

A CRIMINAL                           OF

INVESTIGATION                        GALVESTON COUNTY, T E X A S

## ORDER

On this the __8__ day of February, 2008, the State of Texas presented its

Application for Court Order to require Travis James Mullis, a white male, DOB:

09/20/1986 to appear before this Court and to show good cause why the

Galveston Police Department or Galveston County Sheriff's Office should not be

allowed to take buccal swabbings from his person for the proposes set forth in

their Application.  The Court, having reviewed same and finding that this request

is proper, does Hereby Order that Travis James Mullis, a white male, DOB:

09/20/1986, appear before this Court, which is located on the 3rd  floor of the

Galveston County Criminal Justice Center, 600 59th Street, Galveston, Galveston

County, Texas, at __2__ o'clock, __P__.M, on the 15th day of February, 2008, for

the purpose of allowing the taking of his buccal swabbings, or to show good

cause why said evidentiary items should not be taken.

DONE AND ENTERED, this the __8__ day of February, 2008.

John Ellisor, Judge
122nd District Court
Galveston County, Texas

2009 FEB - 8  PM 3: 33
DISTRICT CLERK
GALVESTON COUNTY, TX.

31

PRECEPT TO SERVE   INDICTMENT

RECEIVED
GALVESTON COUNTY
SHERIFF'S OFFICE

2008 FEB 25  AM 9: 21

CAUSE NO. 08CR0333 - 122ND

THE STATE OF TEXAS

vs.

TRAVIS JAMES MULLIS

TO THE SHERIFF OF GALVESTON COUNTY, SAID STATE, GREETING:

    YOU ARE HEREBY COMMANDED to forthwith deliver to TRAVIS JAMES MULLIS, a prisoner in your custody, the accompanying Certified Copy of  INDICTMENT.

    HEREIN FAIL NOT, and due return make hereof, without delay.

    WITNESS my signature and seal of office, on this the 22ND day of February, A. D., 2008.

        ATTEST:

            LATONIA D. WILSON, Clerk,
            District Court, Galveston County, Texas

        By _____, Deputy
             SHELBY FRANCO

===========================================================================
              SHERIFF'S RETURN

    Came to hand on the 25 day of Feb , A. D. 2008, at 921 o'clock A M., and executed on the same day, by delivering to the within named TRAVIS JAMES MULLIS, a prisoner in my custody, in person, a certified copy of indictment mentioned within, and delivered to me with this writ.

    Returned on the 25 day of Feb. , A. D., 2008

              GEAN LEONARD
         SHERIFF, GALVESTON COUNTY, TEXAS

        BY _____, DEPUTY

_____
    DEFENDANT

NO.08CR0333

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | 122ND JUDICIAL DISTRICT |

### NOTICE OF SEEKING THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes The State of Texas by and through its Criminal District Attorney, and advises the Court and the Defendant that the State **will seek the death penalty** for the Defendant TRAVIS JAMES MULLIS should he be convicted of the offense of Capital Murder as alleged in the indictment herein.

Respectfully submitted,

LARRY A. DROSNES
Assistant Criminal District Attorney
Galveston County, Texas

### CERTIFICATE OF SERVICE

I certify that a copy of the Notice to Seek the Death Penalty in the above styled and numbered cause has been personally delivered to Robert K. Loper, Attorney for the Defendant, on this _12_ day of _August_, 2008.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

2008 AUG 12 AM 9:54
DISTRICT CLERK
GALVESTON COUNTY, TX.

33

NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| Travis James Mullis | § | 122nd  JUDICIAL DISTRICT |

## STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES ARTICLE 39.14(b) C.C.P.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the State of Texas, by and through it's Criminal District Attorney and requests the Court to order the Defendant herein to disclose to the State the name and address of each person the Defendant may use at trial to present evidence under *Rules 702, 703, and 705* of the Texas Rules of Criminal Evidence and in support thereof the State would show unto the Court as follows:

I.

Said disclosure of the name and address of expert witnesses is authorized by Article 39.14(b) of the Texas Code of Criminal Procedure.

Wherefore premises considered the State moves the Court to order the Defendant to disclose to the State the name and address of each person the Defendant may use at trial to present evidence under *Rules 702, 703, and 705* of the Texas Rules of Criminal Evidence, with said Order specifying the time in which the Defendant shall make the disclosure to the State.

RESPECTFULLY SUBMITTED,

KURT SISTRUNK
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF SERVICE

I certify that on this the 14 day of August 2008, A.D., I have deposited in the United States Mail a copy of the State's Motion for Discovery of Expert Witnesses to Robert K. Loper, Attorney for the Defendant.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| Travis James Mullis | § | 122nd JUDICIAL DISTRICT |

## **ORDER**

      Came on to be heard the State's Motion for Discovery of Expert Witnesses and after hearing arguments of counsel it is HEREBY ORDERED that the Defendant shall provide in writing to the State at it's offices in Galveston, Texas, the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Criminal Evidence.

      Defendant shall provide this information to the State no later than the _____ day of _____, 2008.

SIGNED on this the _____ day _____, 2008.

_____
JUDGE PRESIDING



## 122ND JUDICIAL DISTRICT COURT

**JOHN A. ELLISOR, JR.**
Judge

Galveston County Courthouse
600 59th Street, Suite 3305
Galveston, Texas 77551

(409) 766-2275
Fax (409) 770-6265

**Janice Neumann**
Court Coordinator

**Judy Hansen**
Court Reporter
(409) 770-5169

August 26, 2008

Gerald E. Bourque
Attorney at Law
24 Waterway Ave., Suite 660
The Woodlands, TX 77380

Re: 08CR0333 State v. Travis James Mullis
Capital Murder Person Under Six Years of Age

Dear Mr. Bourque:

You have been appointed by Judge Ellisor to co-represent, along with Robert Loper, the Defendant who is not financially able to employ counsel of his own choice on the above named cause.

The defendant is currently confined at Galveston County Sheriff's Department at 5700 Avenue H, Galveston, TX. 77551.

His next court date is September 19, 2008 at 8:30 a.m.

This appointment shall remain in effect until charges are dismissed, the defendant is acquitted, appeals are exhausted, or until you are relieved of your duties by the Court or replaced by other counsel after a finding of good cause.

Sincerely,

John Ellisor
John A. Ellisor, Jr., Judge
122nd District Court

cc:  District Attorney
     File



*Woodlands TX: 77 1580*

## Second Administrative Judicial Region of Texas

PURSUANT TO ART. 26.052 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, THE FOLLOWING LIST OF ATTORNEYS HAVE BEEN APPROVED BY THE LOCAL SELECTION COMMITTEE FOR APPOINTMENT TO DEATH PENALTY CASES.

| Name | Address | | | Phone | Qualified Chair(s) |
|------|---------|--|--|-------|--------------------|
| Mike Aduddell | 220 North Thompson, Suite 103 | Conroe, Tx | 77301 | 936-539-4113 | First and Second |
| Mack Arnold | 4932 Feagan Street | Houston, Tx | 77007 | 713-863-8801 | First and Second |
| Douglas M. Barlow | 485 Milam at Park | Beaumont, Tx | 77701 | 409-838-4259 | Appellate, First and Second |
| David Barron | P.O. Box 2263 | Bryan, Tx | 77806 | 979-775-3900 | Appellate, First and Second |
| Frank Blazek | 1414 11th Street | Huntsville, Tx | 77340 | 936-295-2624 | First and Second |
| E. Tay Bond | 225 Simonton | Conroe, Tx | 77301 | 936-539-1007 | Second |
| Gerald E. Bourque | 8630 Cypresswood, Suite 200 | Spring, Tx | 77379 | 713-862-7766 | Appellate, First and Second |
| Charles Brown | 708 Main, Suite 790 | Houston, Tx | 77002 | 713-222-0733 | First and Second |
| Gary W. Bunyard | 312 Main Street | Liberty, Tx | 77575 | 936-336-5776 | First and Second |
| Kelly W. Case | 2203 Timberloch, Suite 100 | Woodlands, Tx | 77380 | 281-296-5752 | Second |
| Lydia Clay-Jackson | 1110 N.Loop 336 W., Suite 500 | Conroe, Tx | 77301 | 936-760-2892 | Appellate, First and Second |
| R.P. "Skip" Cornelius | 2028 Buffalo Terrace | Houston, Tx | 77019 | 713-237-8547 | Appellate, First and Second |
| Clarence Haden Cribbs | 7705 Calder Avenue | Beaumont, Tx | 77706 | 409-866-6761 | First and Second |
| Jerald D. Crow | 414 West Phillips, Suite 100 | Conroe, Tx | 77301 | 936-756-3337 | First and Second |
| J. Sidney Crowley | 440 Louisiana, Suite 800 | Houston, Tx | 77002 | 713-225-5454 | Appellate, First and Second |
| James A. DeLee | 2300 Memorial Blvd. | Port Arthur, Tx | 77640 | 409-983-3234 | Appellate, First and Second |
| Stephen Doggett | 201 South Eleventh | Richmond, Tx | 77469 | 281-342-3321 | Appellate, First and Second |
| Layton Duer | 111 W. 15th Street | Houston, Tx | 77008 | 713-977-1604 | First and Second |
| Douglas Durham | 440 Louisiana, Suite 200 | Houston, Tx | 77002 | 713-223-0320 | Appellate, First and Second |
| Danny Easterling | 1018 Preston, 6th Floor | Houston, Tx | 77002 | 713-228-4441 | Appellate, First and Second |
| Michael P. Fosher | 440 Louisiana, Suite 1200 | Houston, Tx | 77002 | 713-221-1810 | First and Second |
| Terrence Gaiser | 2900 Smith Street, Suite 220 | Houston, Tx | 77006 | 713-225-0666 | Appellate, First and Second |
| Steven J. Gilbert | 403 S. 5th Street | Richmond, Tx | 77469 | 713-342-4116 | Second |
| Jerome Godinich, Jr. | 929 Preston, Suite 200 | Houston, Tx | 77002 | 713-237-8388 | Appellate, First and Second |
| Ken Goode | P.O. Box 590947 | Houston, Tx | 77259 | 281-684-7747 | Appellate, First and Second |
| Jerald Graber | 917 Franklin, Suite 510 | Houston, Tx | 77002 | 713-224-2323 | Second |
| Charles Hinton | P.O. Box 53719 | Houston, Tx | 77052 | 832-603-1330 | Appellate and Second |
| Allen C. Isbell | 202 Travis, Suite 208 | Houston, Tx | 77002 | 713-236-1000 | Appellate, First and Second |
| H. William Johnson | 1940A Fountainview #408 | Houston, Tx | 77057 | 713-464-6685 | Second |
| Kyle Johnson | 929 Preston Street, Suite 200 | Houston, Tx | 77002 | 713-223-4100 | Appellate and Second |
| Brack Jones, Jr. | 390 Park Street, Suite 800 | Beaumont, Tx | 77701 | 409-832-9455 | Second |

```
User ID: DC-12226XER
================================================================================
T′   Name: To whom it may concern
     Company:
     Fax Phone Number: 18328130321
     Contact Phone Number:
     Info Code 1:                        Info Code 2:

Sent to remote ID:2813796919
Sent at:Tue Aug 26 14:50:05 2008
Sent on channel 6
Elapsed Time:  0 minutes, 48 seconds
Transmission Status (0/339;0/0): Successful Send
Page Record: 1 - 1.
------------------------------------------------------------------------------
```

RECEIVED
AUG 2 9 2008

To: Latonia D. Wilson          From: Travis James Mullis
Court Clerk                    BK64386 / POD H-100
122nd Judicial District        5700 Ave H.
                               Galveston, Tx 77551

August 22nd, 2008

Ms Wilson,

Please ensure that these motions are filed and copies
are sent to all Required parties, Due to my inability to
produce True + correct copies based on my indigence please ensure
All parties are noticed and sent copies of these Motions,

Included are:
1) Motion to dismiss - Court Appointed Counsel
2) Motion for Discovery and Inspection of Evidence
3) Defendants Motion for Exculpatory Evidence
4) Motion For fair + speedy Trial
5) Motion For Examing Trial

Thank you
Travis James Mullis

BK# 64386 / SPN# 331074
122nd District Court Cause: 08CR0333

29

Cause# _08 CR 0333_                     2008 AUG 29  PM 3: 10

The State of Texas
    Vs.                                    In the 122 District
                                         Court of Galveston
_Travis James Mullis_                    County Texas, TX.

## Motion To Dismiss Court-Appointed Counsel

To the Honorable Judge of said Court:

Comes now _Travis James Mullis_ hereinafter known as the defendant in the
above styled and numbered cause. To request this court dismiss court-
appointed counsel and appointed an **effective** honest, independent counsel to
represent the defendant, and would, in support thereof, show:

### I.

That the defendant is currently represented by Attorney _Robert Loper_
Whom this court appointed _7_ months previous to the filing of this
motion.

### II.

That the aforementioned Attorney has failed and continues to fail to represent
the defendant in an effective, concerned, independent manner. Listed below are
but a few of the complaints the defendant has regarding court-appointed
counsel.

**1.** _Providing false and untrue information_

**2.** _Failure + Refusal to provide information Requested_

**3.** _Witholding Evidence against Myself and refusing to file motions to Acquire it._

**4.** _Ineffective + Poor representation including NON-APPEARANCE_

**5.** _Conflict of interest Due to Filing of STAte BAR Grievance_

**6.** _____

### III.

That the defendant has no confidence or faith counsel and that it is impossible
to reconcile theses differences, thus the continued forced representation by
counsel would cause irreparable harm and prejudice the defendant's
Constitutional rights to **due process and a fair and impartial trial.**

40

## IV.

That the defendant request this court appoint an effective, independent, concerned counsel to represent the defendant. To insure the defendant's Constitutional Rights are protected and preserved. There are a select few Attorney's who meet these qualifications and the defendant wishes to ask the court to consider the appointment of the following:

1.  Winston Cochran
2.  Stacey Jones
3.  JYLL A. REKOFF

The defendant is aware the court is under no obligation to **guarantee** the defendant a specific Attorney. But in the interest of justice and in concern for rights of the defendant. Who is indigent. The defendant request this court consider the above listed Attorney(s).

## V.

That it is the intention of the defendant to file a formal grievance with the State Bar of Texas concerning the present court-appointed counsel. Thereby to prevent additional indigent inmates from being subject to the same ineffectiveness.

## Prayer

Wherefore premises considered the defendant prays this honorable court will grant this motion to dismiss court-appointed counsel and consider the names recommended by the defendant as replacement counsel. Additionally, it is the defendant's request that this court grants any and all additional relief deemed necessary and appropriate, in behalf of the defendant.

Respectfully submitted;

**Defendant**

I Travis James Mullis do swear and affirm the foregoing to be true and correct to the best of my knowledge, this 22nd day August 20 08 .

**Defendant**

VI.

Certificate of Service

The defendant due to his status of indigence, and his inability to procure true and correct copies of the foregoing instrument, request the clerk of the court provide copies to all parties involved in this cause.

_____
**Defendant**

_331074_____
**Spin#**

2009 AUG 29 PH 3:10

42

The State Of Texas     ~     In the District Court of
vs.     ~     Galveston County, Texas,
Travis Jim Mullis     ~     122ᵃᵈ Judicial District

## Motion for Discovery and Inspection of Evidence

To the Honorable Judge of said Court:

Comes now, the defendant in the above styled and numbered cause, under the authority of Article 39.14 C. C. P., and makes this his motion for discovery and inspection of evidence, and in support thereof would show the court as follows:

### I.

The defendant moves the court to order the District Attorney to produce and permit the inspection of and the copying and/or photographing of, by or on behalf of the defendant, the following designated items:

1. All confessions, admissions, and statements in writing, signed by the defendant, in connection with this offense which the defendant is herein indicated;

2. All confessions, admissions, and statements, oral in nature and set down and preserved under Article 38.22 on the Texas Code of Criminal Procedure, made by the defendant in connection with the offense which the defendant is herein indicted;

3. All oral, written, and recorded statements or memoranda of the same made by the defendant to any Law Enforcement Agency or to any third party and in the possession of or within the knowledge of the District Attorney's Office or any agent thereof, including any Law Enforcement Agency;

4. All oral and written statements made by the defendant before the Grand Jury and transcribed by a reporter, in connection with the offense which the defendant is herein indicted;

5. All objects and tangible property alleged by the state to have been taken by the defendant during the course of the commission of the offense with which the defendant is herein indicted;

6. All fingerprints, palm prints, and footprints, and all reports of same, alleged by the state to have been made by defendant, his co-defendant(s) and co-conspirator(s) in the commission of the offense with which the defendant is herein indicted;

7. All statements made by any party of witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including Law Enforcement Agency, whether such statements were written or oral, which might in any manner be material to either the guilt or innocence of the defendant or the punishment, if any, to be set in this case;

8. All photographs, drawings, and charts made by the District Attorney's Office on any agent thereof, including any Law Enforcement Agency, which were made with reference to this case, and including any said photograph, drawing, or chart of the scene of the crime and the scene of the defendant's arrest;

Enforcement Agency concerning the matters alleged to be relevant in this case, including blood tests;

10. All photographs of the scene of the alleged crime and the scene of the defendant's arrests;

11. All articles of clothing, including shoes and rags alleged to belong to the defendant;

12. The handwritten and typed notes of the police officers who investigated and participated in any manner in this case;

13. The search warrant and the arrest warrant and affidavit in support thereof, used by Law Enforcement authorities to enter the defendant's premises;

14. The names of all suspects who were interrogated and/or arrested in conjunction with this offense, whether detained by jail arrest or by interrogation, including their names, addresses, occupation, physical description, and photograph (mug shot);

15. All photographs negative prints not developed for any reason that were made by the District Attorney or any of his agents, including any Law Enforcement Agency in the investigation of this case, which may have not been produced for inspection by the defendant;

16. All photographs of the defendant which were used in conjunction with the investigation of this case, including any photograph which may have been shown by any Law Enforcement Officer to any potential witness in this case;

17. The prior criminal record of the defendant, including all arrests and convictions, whether as a juvenile or as an adult;

18. The prior criminal record of all co-defendants and co-conspirators in this case, including all arrests and convictions whether as a juvenile or as an adult;

19. The prior criminal record of all witnesses whom the District Attorney intends to call as witnesses during the trial of the cause against the defendant, including all arrests and convictions, whether as a juvenile or as an adult;

20. The prior criminal record of all informants and other persons who may have aided the prosecution and investigation of the case, including all arrests and convictions whether as a juvenile or as an adult;

21. All memoranda of the stenographic recording or transcription or telephonic recording or transcription of any and all information or evidence obtained by means of electronic eavesdropping or surveillance;

22. All contraband which was seized as a result of the investigation of the instant case in order to permit the defendant to have an opportunity to examine the same and obtain an expert to conduct an independent evaluation of same;

23. All documents, papers, books, accounts, letters, objects, and tangible things which are the property of any other person which are in the possession, custody, and control of the prosecutor as a result of the investigation which evidence in this case as to the defendant's guilt or innocence or as to the punishment, if any;

24. All documents, papers, books, accounts, letters, objects, and tangible things which are the property of any other person which are in the possession, custody and control of the prosecutor;

25. A specification of any prior misconduct which the District Attorney intends to·use to impeach the defendant herein, which specification

44

order to fully apprise the defendant of any possible impeachment of any character or reputation witnesses which the defendant will produce at the trial of this cause;

26. All medical records of the complaining witnesses.

And further support hereof the defendant would show the court that the production of such evidence is the only fair and proper method of showing the good faith of the District Attorney in this case as well as the truth of any such matters which the District Attorney intends to use against the defendant.

## II.

In support of this motion, the defendant would show the court as follows:

1. The items requested are in the exclusive possession, custody of the State of Texas or the United States Government by and through its agents, the police, or the Prosecuting Attorney's Office, and the defendant has no other means of ascertaining the disclosures required;

2. The items requested are not privileged;

3. The items and information; are material to this cause and the issues of guilt or innocence and punishment to be determined in this cause;

4. The defendant cannot safely go to trial without such information and inspections, nor can he adequately prepare a defense to the charges against him.

5. As further authority therefore; Brady v. Maryland, 87 S. CT. 793; Giglio v. United States, 92 S. CT. 763; and Alcorta v. Texas, 78 S. CT. 103, and other cases there cited

## Prayer

Wherefore, premises considered, defendant prays that a hearing be set on this motion prior to trial on the merits and that at such hearing this motion be, in all things, granted and that defendant have such further relief to which the court may consider him entitled.

Respectfully Submitted,

Defendant, Pro-Se

331074
Spin#

2008 AUG 29 PM 3: 10

45

## Order

On this day came on to be heard the foregoing Motion for Discovery and Inspection of Evidence and the same is hereby (granted and the court hereby orders the District Attorney to produce and permit the inspection of and the copying and/or photographing of, and examination of, by or on behalf of the defendant, all the designated items in said motion) (Granted and the court hereby sets this motion down for a hearing to be held on the _____ day of _____, 200__, at _____o'clock ___. M.) (Denied, to which action he court and defendant duly excepts).

Signed and entered this _____ day of _____, 200__.

_____
Judge

THE STATE OF TEXAS                              -                    IN THE _122nd_ JUDICIAL
                                vs.              -                    DISTRICT COURT OF
_Travis James Mullis_                            -                    GALVESTON   COUNTY,
                                                                      TEXAS

### DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT;

      COMES NOW, _Travis James Mullis_ , HEREINAFTER KNOWN AS THE DEFENDANT IN THE ABOVE STYLED AND NUMBERED CAUSE TO REQUESST THIS COURT CAUSES AND ORDER TO BE ISSUED TO THE STATE TO REVEAL, AND MAKE AVAILABLE TO THE DEFENDANT, ANY AND ALL EXCULPATORY EVIDENCE WITHIN THE POSSOSSION OF THE STATE OR IT'S AGENTS OR WITHIN THE KNOWLEDGE OF THE STATE OR IT'S AGENTS. THE DEFENDANT WOULD SHOW THE COURT THAT HE IS ENTITLED TO ANY SUCH EVIDENCE PURSUANT TO BRADY v. MARYLAND, 373 U.S. 83, S. CDT. 1194 (1963).

      THE DEFENDANT URGES THE COURT TO CONSIDER THIS A CONTINUING MOTION AND TO ORDER THE STATE TO REVEAL, AND MAKE AVAILABLE TO THE DEFENDANT, ANY AND ALL EXCULPATORY EVIDENCE WHICH MAY COME WITHIN THE POSSESSION OR KNOWEDGE OF THE STATE OF TEXAS OR IT'S AGENTS AT ANY TIME SUBSEQUENT TO THE COURT RULING ON THIS MOTION.

### PRAYER

      THEREFORE, PREMISES CONSIDERED, THE DEFENDANT PRAYS THIS HONORABLE COURT WILL GRANT THIS MOTION FOR EXCULPATORY EVIDENCE AND ANY AND ALL OTHER RELIEF DEEMED NECESSARY AND APPROPRIATE, IN BEHALF OF THE DEFENDANT.

RESPECTFULLY SUBMITTED ,

DEFENDANT

      I, _Travis James Mullis_ , DO SWEAR AND AFFIRM THE FOREGOING TO BE TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE, THIS _22nd_ DAY OF _August_ , 200_8_ .

DEFENDANT

### CERTIFICATE OF SERVICE

      I DO CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING THIS DATE SENT TO THE DISTRICT ATTORNEY OF GALVESTON COUNTY, TEXAS, BY INTERAGENCY MAIL, THIS _22nd_ DAY OF _August_ , 200_8_ .

DEFENDANT

47

The State of Texas                    Cause No. 08CR0333

      vs                                                    In the 122ⁿᵈ Judicial
Travis James Mullis                                          District Court of
                                                            Galveston County, Texas

### Motion for Fair and Speedy Trial

To the Honorable Judge of said Court:

Comes now, Travis James Mullis , defendant in the above styled and numbered cause, to request this Honorable Court grant this Motion for Fair and Speedy Trial, and in support thereof would show;

**I.**

Pursuant to Articles 28.01, 32a.02, of the Texas Code of Criminal Procedure, and Article 1.05, which guarantees the defendant his right to a fair and speedy trial, the defendant desires to now assert this right.

**II.**

The right to a **Fair and Speedy Trial** has both constitutional and statutory underpinnings, Federal statue of limitations and the due process clause protect defendants against intentional and prejudicial pre-accusation delay, the Sixth Amendment's Speedy Trial guarantee trial, the Speedy Trial Act of 1974, all protect defendants from undue post-accusation delay.

**III.**

That the defendant request to be present at all hearings, conference and/or discussions involving the defendant and this cause, that the defendant's Attorney is not to engage in any communication, regarding the defendant's cause, without the presence of the defendant.

### Prayer

Whereas, premises considered, the defendant prays this Honorable Court grant this Motion for Fair and Speedy Trial. The defendant further request this court insure the defendant is present at all meetings regarding this cause and that a Court reporter is present at all such meetings, the defendant further requests this Court grant any and all relief deemed necessary and appropriate in behalf of the defendant.

Respectfully Submitted,

Defendant

I, Travis James Mullis , do hereby swear and affirm the foregoing to be true and correct, to the best of my knowledge this 27ᵗʰ day of August ,200 8 .

Defendant

I do certify that a true and correct copy of the foregoing document has this date, been sent to the District Attorney of Galveston County, Texas by interagency mail.

Defendant

331074
Spin#

CAUSE NO.# _O8CR0333_

THE STATE OF TEXAS
      VS.
_Travis James Mullis_

~
~
~

IN THE _122nd_ JUDICIAL
DISTRICT COURT OF
GALVESTON COUNTY,
TEXAS

## MOTION FOR AN EXAMINING TRIAL

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, _Travis James Mullis_ ,HEREAFTER KNOWN AS THE
DEFENDANT IN THE ABOVE-STYLE AND NUMBERED CAUSE,TO REQUEST AN EX-
AMINING TRIAL PURSUANT TO ARTICLE 16.01 OF THE TEXAS CODE OF CRIMINAL
PROCEDURE. THE DEFENDANT REQUEST HE BE GRANTED AN EXAMINING TRIAL
PRIOR TO THE ISSUANCE OF AN INDICTMENT PURSUANT TO (MANNING VS.STATE)
681,S.W. 2d 792 (1984).

### PRAYER
WHEREFORE,PREMISES CONSIDERED,THE DEFENDANT PRAYS THIS COURT GRANT
THIS MOTION FOR AN EXAMINING TRIAL, DENIAL OF THIS MOTION WOULD DEM-
ONSTRATE PREJUDICE AND BIAS ON THE PART OF THE TRIAL COURT AND COLL-
USION WITH THE PROSECTION,ALL VIOLATION OF THE DEFENDANTS CONSTITION-
AL RIGHTS.

ADDITIONALLY, THE DEFENDANT REQUESTS THIS COURT GRANT ANY ALL OTHER
RELIEF DEEMED NECESSARY AND APPROPRIATE IN BEHALF OF THE DEFENDANT.

REPECTFULLY SUBMITTED,

**DEFENDANT**

I, _Travis James Mullis_ ,DO SWEAR AND AFFIRM THE FOREGOING TO BE
TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE,
THIS _22nd_ DAY _August_ , 200_8_

**DEFENDANT**

2008 AUG 29 PM 3: 10

DISTRICT CLERK
GALVESTON COUNTY, TX.

```
User ID: DC-12226XER
================================================================================
TC   Name: To whom it may concern
     Company:
     Fax Phone Number: 7138699912
     Contact Phone Number:
     Info Code 1:                        Info Code 2:

Sent to remote ID:7138699912
Sent at:Fri Aug 29 10:24:22 2008
Sent on channel 13
Elapsed Time:  6 minutes, 14 seconds
Transmission Status (0/339;0/0): Successful Send
Page Record: 1 - 11.
----------------------------------------------------------------------------
Sent to remote ID:
Sent at:Fri Aug 29 10:19:09 2008
Sent on channel 12
Elapsed Time:  0 minutes, 10 seconds
Transmission Status (3/265;0/0): Reorder or fast busy detected
Page Record: NONE SENT.
----------------------------------------------------------------------------
```

50

CAUSE NO. 08CR0333

THE STATE OF TEXAS                    §            IN THE DISTRICT COURT

                                      §

V.                                    §            GALVESTON COUNTY, TEXAS

                                      §

TRAVIS JAMES MULLIS                   §            122nd JUDICIAL DISTRICT


## MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, TRAVIS JAMES MULLIS, by and through his undersigned counsel, and respectfully moves this Honorable Court to conduct a preliminary hearing out of the presence of the jury to the end that the illegally obtained evidence from the Defendant be suppressed and in furtherance thereof would show the Court the following:

The Defendant would show that he was arrested without a valid warrant and/or probable cause and exigent circumstances in violation of his rights as guaranteed by U.S. CONST. amend. IV, & XIV, and TEX. CONST. Art. 1, Sec. 9. Defendant would further show that the alleged incriminating evidence was seized as a result of an illegal search that was not valid and was not supported by adequate probable cause, not pursuant to a consent to search and not pursuant to a warrant that authorized the search of the defendant or the place where the Defendant was located. Any use of such illegally obtained evidence would violate the Defendant's rights as set forth in Art. 38.23 V.A.C.C.P., in addition to the aforementioned Constitutional provisions.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to hear evidence outside the presence of the jury and make specific findings as to

controverted issues of fact concerning the legality of the complained of State action herein, and that on final hearing said illegally obtained evidence be suppressed, and the State's attorney be instructed not to mention the same in the presence of the jury nor offer any evidence obtained thereby to the jury unless and until said hearing is completed.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, have on this the ___12th___ day of September, 2008, served a copy of the foregoing notice on the District Attorney of Galveston County, Texas, via Certified Mail, Return Receipt Requested.


_____
Gerald E. Bourque

CAUSE NO. 08CR0333

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

# <u>ORDER</u>

On this the _____ day of _____, 2008, came on to be heard the foregoing

Defendant's Motion, and the same is hereby

☐      GRANTED

☐      DENIED

SIGNED this _____ day of _____, 2008.

_____
JUDGE PRESIDING

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO SUPPRESS CONFESSION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRAVIS JAMES MULLIS, the Defendant, by and through counsel, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, sections 3, 10, 13, 15 & 19 of the Texas Constitution, and further pursuant to Tex. R. Crim. P. Art. 28.01 and respectfully requests the Court to hold a hearing, in advance of the trial, on the admissibility of: statements made by the Defendant; acts that are tantamount to statements made by the Defendant; statements made in the presence of the Defendant which Defendant did not deny in response; or any physical items, statements or witnesses obtained as a result of same, or evidence/testimony discovered from same. In support of this Motion, Defendant respectfully shows the Court as follows:

I

Defendant makes this request based upon the Constitutional provisions cited above and Tex. C. Crim. P. Art. 38.21, 38.22 and 38.23 and the requirements of *Jackson v. Denno*, 378 U.S. 368, as well as the doctrine of the fruit of the poison tree of *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

55

II.

After the Defendant was arrested, and as a result of custodial interrogation, the Defendant made a confession to law enforcement officers.

III.

The Defendant's confession was not voluntary and was the result of the promises and other coercive actions of law enforcement officers.

IV.

The Defendant was not warned of Defendant's statutory and constitutional rights pursuant to the requirements of Article 38.22, Section 2(a), V.A.C.C.P., Fifth and Sixth Amendment of the United States Constitution, and Article I, Section 10, of the Texas Constitution before making Defendant's confession.

V.

The Defendant's invocation of the right to remain silent, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 10, of the Texas Constitution was not honored as the Defendant's statement was obtained only after repeated attempts by the said Defendant to terminate the questioning.

VI.

The confession was taken without providing the Defendant with counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution, Article I, Section 10, of the Texas Constitution.

### VII.

The Defendant was denied access to counsel after a timely request in violation of the Sixth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 10, of the Texas Constitution.

### VIII.

The Defendant was not immediately taken before a magistrate and given a warning of Defendant's constitutional and statutory rights as guaranteed by the United States and the Code of Criminal Procedure of the State of Texas, including the right to counsel and the privilege against self-incrimination.

### IX.

The Defendant was arrested without valid warrant and the arrest was illegal and did not fall under any of the exceptions of Article 14, V.A.C.C.P.

### X.

This motion is sought by the defendant as a continuing motion to suppress any and all statements or acts. It is sought to suppress evidence as the same exists at the time of the hearing on this motion to suppress, or at any time during trial when evidence appears, subsequent to the initial suppression hearing, to be the subject of this motion. Defendant moves this honorable court to consider this motion as continuing from the date of filing to the time this case is finally concluded.

### XI.

The confession should also be suppressed for such further reasons as may appear during plenary hearing of this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court conduct a preliminary hearing on the matters raised by this Motion and that the Court suppress any and all statements and confessions which shall appear to have been seized or taken as a result of the arrest of the Defendant, or which are otherwise involuntary, for any and all of the above stated reasons, and for such other reasons as may appear on oral hearing of this Motion. In the event the Court finds the Defendant's confession to be admissible, the Defendant further requests that this Court make complete findings of facts on the issue of voluntariness.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by Certified Mail, Return Receipt Requested, on this 12ᵗʰ day of September, 2008.

GERALD E. BOURQUE

2008 SEP 23  PM 3: 18
DISTRICT CLERK
GALVESTON COUNTY, TX.

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## **ORDER**

On this _____ day of _____, 2008, came on to be heard the Defendant's Motion to Suppress Confession, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Request is

_____          GRANTED

_____          DENIED, to which ruling Defendant timely excepts.

SIGNED the _____ day of _____, 2008.

_____
JUDGE PRESIDING

60

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY OF EXTRANEOUS OFFENSES AT GUILT AND PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRAVIS JAMES MULLIS, the Defendant in the above-styled and numbered cause, by and through his attorney of record, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 15 and 19 of the Texas Constitution files this Motion for Discovery of Extraneous Offenses pursuant to Texas Rules of Criminal Evidence Rule 404(b) and Tex. C. Crim. P.37.07 §3(g), V.A.C.C.P., and as grounds therefore would show the Court as follows:

I.

The Defendant is aware that evidence of a Defendant's character or trait of character is not generally admissible. However, if the State intends to offer evidence of other crimes, wrongs, or acts the Defendant is entitled to reasonable notice in advance of trial.

The Defendant hereby makes Defendant's timely request pursuant to the 404(b) Texas Rules of Criminal Evidence and requests that the State give notice of the time, date and, place of any alleged crime, wrong or act, as well as the name and current address of any and alleged complainant and any evidence of those crimes, wrongs, or acts the State intends to offer against the Defendant.

61

II.

If the Defendant does not have sufficient time in order to investigate any and all extraneous and/or unadjudicated acts of misconduct that the State may present at trial in this cause, Defendant will be denied his rights in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution, as well as Article I, §10, §13, §15 and §19 of the Texas Constitution and the lack of or late notice of such evidence will result in an unfair surprise to this Defendant and his counsel.

III.

In order for Defendant's counsel to effectively investigate and defend against any and all extraneous and/or unadjudicated acts of misconduct that the State may present at trial in this cause, counsel is entitled to discovery of such acts with sufficient notice. Granting Defendant's request for discovery will avoid any last minute investigation which may hinder Defendant's counsel from properly conducting voir dire and other responsibilities during trial. In this way, Defendant may be afforded effective assistance of counsel. This notice is required at punishment pursuant to 37.07 §3(g), V.A.C.C.P.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court require the State to disclose any and all extraneous and/or unadjudicated acts of misconduct to Defendant's counsel immediately or as ordered by this Court.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by Certified Mail, Return Receipt Requested, 12ᵗʰ day of September, 2008.

GERALD E. BOURQUE

2008 SEP 23 PM 3:18
DISTRICT CLERK
GALVESTON COUNTY, TX.

63

## CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

> JASON E. MURRAY
> DISTRICT COURT
> FILED
> By Court
> MAR 1 9 2011
> Jan
> GALVESTON COUNTY, TEXAS
> BY_____
> DEPUTY

### ORDER

On this <u>19</u> day of _____<u>Jan.</u>_____, 20<del>08</del><u>11</u>; came on to be heard the

Defendant's Motion for Discovery of Extraneous Offenses at Guilt and Punishment, and after

due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Request is:

_____✓_____ GRANTED

_____ DENIED, to which ruling Defendant timely excepts.

SIGNED the <u>19</u> day of _____<u>Jan.</u>_____, 20<del>08</del><u>11</u>.

_John Ellison_

JUDGE PRESIDING

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION FOR WITNESS LIST
## (LAY AND EXPERT)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now TRAVIS JAMES MULLIS, Defendant, and files this Motion for a List of Witnesses and seeks production of the items requested herein below relating to witnesses to be called by the State at any stage of the proceedings in this cause:

1. A list of the names and addresses of all witnesses the prosecution intends to call at any stage of the proceedings in this cause.

    _____GRANTED _____ DENIED

2. The names and addresses of all persons who testified at the grand jury proceedings which culminated in Defendant's indictment in this case.

    _____GRANTED _____ DENIED

3. A list of the names, addresses and professions of all expert witnesses the prosecution intends to call at any stage of the proceedings in this cause, along with each expert's qualifications, the subject and a description of his or her contemplated testimony, and his or her report.

    _____GRANTED _____ DENIED

4.     Any expert witnesses or expert witness reports or data known or believed by the state to contain evidence which tends to exculpate Defendant or mitigate Defendant's punishment in this case.

_____GRANTED _____ DENIED

5.     Any evidence in possession of the state that any of its witnesses is presently incompetent to testify, or that any of its witnesses has been found incompetent to testify, incompetent, or insane.

_____GRANTED _____ DENIED

6.     The criminal record of each witness for the state showing every conviction or probation for felony or misdemeanor involving moral turpitude which is admissible for impeachment under Rule 609 of the Texas Rules of Evidence.

_____GRANTED _____ DENIED

7.     The criminal record of each witness for the state showing every event which can be used to impeach the witness including any deferred adjudication probations, arrests, or juvenile adjudications pending against the witness between the time of the offense alleged against Defendant and Defendant's trial.

_____GRANTED _____ DENIED

8.     All inducements offered by the state which might tend to motivate its witnesses to testify against Defendant, including, but not limited to, plea bargain agreements, fee, expense, or reward arrangements, agreements to dismiss or reduce or not bring charges, or any other agreement of leniency.

_____GRANTED _____ DENIED

**66**

9. All writings used to refresh the recollection of any witnesses, as provided in Rule 612 of the Texas Rules of Evidence.

_____GRANTED _____ DENIED

10. Any supplementation hereof should be produced no later than 24-hours prior to the trial in this matter. *See Richardson v. State,* 744 S.W.2d 65, 77. (Tex. Crim. App. 1987); *Hightower v. State,* 629 S.W.2d 920 (Tex. Crim. App. 1981); *Young v. State,* 547 S.W.2d 23 (Tex. Crim. App. 1977).

_____GRANTED _____ DENIED

In support of this motion, Defendant would show that (a) the items requested are in the exclusive possession, custody and control of the State of Texas or the United States Government by and through its agents, the police or the prosecuting attorney's office, and Defendant has no other means of ascertaining the disclosure requested; (b) the items requested are not privileged; (c) the items and information requested are material to this cause and the issues of guilt or innocence and punishment to be determined in this cause; (d) Defendant cannot safely go to trial without such information and inspection, nor can Defendant adequately prepare a defense herein; (e) Defendant's rights will be violated under Article 39.14 of the Texas Code of Criminal Procedure, Article I, Sections 3, 3a, 10, 13 and 19 of the Constitution of the State of Texas, and the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America absent such discovery.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the State be ordered to provide said discovery relating to witnesses in this case as requested in this motion.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has

been furnished to counsel for the State by Certified Mail, Return Receipt Requested, on the

12th _____ day of September, 2008.

GERALD E. BOURQUE

2008 SEP 23  PM 3: 18

DISTRICT CLERK
GALVESTON COUNTY, TX.

68

CAUSE NO. 08CR0333

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

JASON E. MURRAY
CLERK DISTRICT COURT
Boy Court
MAR 1 9 2011
Jan
GALVESTON COUNTY, TEXAS
BY_____ DEPUTY

**ORDER**

On this 19 day of Jan , 2008, came on to be heard the Defendant's

Motion for Witness List, and after due consideration, the Court is of the opinion, and it is

hereby ORDERED, that said Request is:

☑ GRANTED; as set out following each numbered request.

☐ DENIED, as set out following each numbered request.

_____
JUDGE PRESIDING

69

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION TO REVEAL THE DEAL

COMES NOW Defendant, TRAVIS JAMES MULLIS, by and through his undersigned counsel, and moves this Court for an Order compelling the District Attorney to disclose the existence and substance of any agreements between any co-defendant, co-conspirator or any other person in this case and any officer or agent of the Federal or State Government. Movant's request includes, but is not limited to, the following:

(1)    All writings, recordings and photographs which relate in any way to offers, inducements or consideration made to any persons in an effort, whether successful or not, to obtain testimony in this case.

_____GRANTED    _____ DENIED

(2)    All writings recordings and photographs relating to offered "bargains," whether consummated or not, with person connected directly or indirectly with this case.

_____GRANTED    _____ DENIED

(3)    All writings, recordings and photographs relating to an offer of immunity or other special consideration made to persons directly or indirectly connected with this case.

_____GRANTED    _____ DENIED

(4)     Without limiting the generality of the foregoing, defendant specifically requests that the State disclose any bargains reached with any witness or prospective witness in this case, including but not limited to:

a.     The substance of any "deal" or understanding reached between agents or officers of the Federal or State Government and potential witnesses in this case;

_____GRANTED   _____ DENIED

b.     The date that the bargains were reached;

_____GRANTED   _____ DENIED

c.     The date on which the negotiation of such "deals were undertaken;

_____GRANTED   _____ DENIED

d.     The proffer, if any, made by the witness as to information he could provide the State, including the date that the proffer was made;

_____GRANTED   _____ DENIED

e.     Any debriefing notes and summaries obtained by the State as a result of such negotiations; and

_____GRANTED   _____ DENIED

f.     The results of any polygraph examination given to witnesses, pursuant to such agreements.

_____GRANTED   _____ DENIED

(5)     Defendant further requests all of the same information as requested in the above paragraph regarding any deal which was discussed with, or offered, to any individual by the State, but for whatever reason not consummated.

_____GRANTED   _____ DENIED

(6)    Defendant further requests the same information as requested in paragraph 4 above with regard to any bargain reached between the State any person connected with this case but for some reason ultimately voided prior to this date.

_____GRANTED    _____    DENIED


WHEREFORE, for the foregoing reasons, it is respectfully requested that the relief sought in this Motion be granted.

Respectfully submitted,


Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas  77008
(713) 880-9000
(713) 869-9912 (Fax)


Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by Certified Mail, Return Receipt Requested, on the _12th_ day of September, 2008.


GERALD E. BOURQUE

72

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

GALVESTON COUNTY, TEXAS
CLERK DISTRICT COURT
FILED

MAR 1 9 2011

GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

**O R D E R**

On this __19__ day of ___Jan.___, 2008, came on to be heard Defendant's

Motion to Reveal the Deal, and it appears to the Court that said Motion should be:

_✓_        **GRANTED,** as set out in the body of the Motion.

Those matters which the Court granted shall be produced in a reasonable period before trial. This Honorable Court would prefer the discovery items be given to Defendant thirty (30) days prior to trial, but at least seven (7) days before trial. For good cause shown, the discovery items may be given to the Defendant 24 hours prior to trial or during trial.

_____        **DENIED,** as set out in the body of the Motion, **to which ruling Defendant timely excepts.**

SIGNED this __19__ day of ___Jan.___, 2008.

_John Ellison_
JUDGE PRESIDING

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## DEFENDANT'S MOTION PURSUANT TO *BRADY V. MARYLAND* FOR PRODUCTION OF EXCULPATORY EVIDENCE

Comes now, TRAVIS JAMES MULLIS, defendant herein, and moves this Honorable Court for an order requiring The State of Texas, by and through its prosecuting attorney, to produce evidence within its actual or constructive possession which is, or may hereafter be, of an exculpatory nature pursuant to the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). This motion refers, but is not limited, to the following:

### I. GENERAL REQUESTS

1. Full disclosure of all immunity transactions with witnesses, prospective witnesses, or actual or potential co-defendants in this case.

_____GRANTED _____ DENIED

2. Full disclosure of all promises or representations made by any prosecuting attorney or other law enforcement agent to any witness or prospective witness in this case in return for testimony or cooperation by any witness, prospective witness or actual or potential co-defendant, including all immunized and non-immunized witness or person interviewed by The State of Texas, or any other law enforcement agency involved in the investigation of the case culminating in this indictment.

_____GRANTED _____ DENIED

3. All evidence or other information in the actual or constructive possession of The State of Texas which arguably reflects adversely on the credibility of any prosecution witness or prospective prosecution witness, including but not limited to, mental and physical examinations and reports thereof.

_____GRANTED _____ DENIED

4. All other information, which is arguably exculpatory in nature, known by or available to the prosecuting attorney or any law enforcement agency connected with the investigation in this case which is arguably exculpatory in nature.

_____GRANTED _____ DENIED

5. The identify of any witnesses known to the prosecution that has evaluated the co-defendant, Karen (or Caren) Kohberger, and determined that she is either incompetent, insane or otherwise afflicted with mental health issues now or at the time of the incident which makes the basis of the indictment.

_____ GRANTED _____ DENIED

6. The name and address of the mental health facility that houses the co-defendant, Karen (or Caren) Kohberger, as of September 4, 2008.

_____ GRANTED _____ DENIED

7. The name, address and telephone number of all former mental health professionals that have evaluated the co-defendant, Karen (or Caren) Kohberger, diagnosed, counseled, or otherwise treated the co-defendant, Karen (or Caren) Kohberger.

_____ GRANTED _____ DENIED

8. The name and addresses of all mental health facilities that have provided mental health services to co-defendant, Karen (or Caren) Kohberger.

_____ GRANTED _____ DENIED

9. The identity of every public school district that the co-defendant, Karen (or Caren) Kohberger attended, whether in the State of Texas or elsewhere.

_____ GRANTED   _____ DENIED

10. The names of any private schools attended by the co-defendant, Karen (or Caren) Kohberger, whether in Texas or elsewhere.

_____ GRANTED   _____ DENIED

When the term "identify" or "name" is used above, it includes a request for addresses and telephone numbers.

## II. BASIS FOR REQUEST

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 205 (1976).

In *United States v. McVeigh,* 954 F. Supp. 1441, 1449 (D. Col. 1997), Judge Matsch held that *Kyles v. Whitley*, 514 U.S. 419 (1995) means that the State must disclose to the defense the information known to or available to them which *may develop doubt about the truth of the State's narrative.* The prosecutor has a constitutional duty to become informed about available information and to evaluate the cumulative effect of all evidence withheld from the defendant.

The disclosures of exculpatory evidence or information requested herein should be made *immediately* so that appropriate defense preparation can be made. *See* ABA Standards for Criminal Justice, Prosecution Function and Defense Function, 3-3.22(a) (3d ed. 1993). The State has investigated this defendant. To make effective use of the information requested herein, it

may be necessary to obtain records by subpoena, possibly from other states.  Defendant requests disclosure of *Brady* (exculpatory) material, as well as *Giglio* (impeaching) material immediately.

Defendant requests that this Court order the State to make a thorough search for information which might suggest that defendant is not guilty of any crime or overt act alleged. *See Kyles v. Whitley*, 514 U.S. 419 (1995) (State must actively search for material evidence favorable to accused in its files and those of related agencies reasonably expected to have such information; "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the State's behalf in the case, including the police"). *United States v. Diaz-Munoz,* 632 F.2d 1330 (5th Cir. 1980) (The lawyers appearing on behalf of the State, speaking for the entire State, must inform themselves about everything that is known in all of the archives and all of the data banks of all of the agencies collecting information which could assist in the construction of alternative scenarios to that which they intend to prove at trial.  That is their burden under *Brady.  Freeman v. Georgia*, 599 F.2d 65, 69-70 (5th Cir. 1979) ("The duty of disclosure is that of the state which ordinarily acts through the prosecuting attorney; but if he too is the victim of police suppression of the material information, the state's failure is not on that account excused."); *United States v. Antons*, 603 F.2d 566, 569 (5th Cir. 1979) (knowledge of state law enforcement that key witness lied about source of funds for payment of lawyer should be imputed to federal agents because of close cooperation between state and federal agencies in case).    The State cannot simply conclude that the defendant is aware of all mitigating information or leads which may produce such information. *See United States v. Pulido,* 879 F.2d 1255 (5th Cir. 1989) (the duty is on the State to produce a trial transcript; availability of the transcript does not satisfy this requirement).

A refusal by the State to provide exculpatory information well in advance of trial will deny defendant the opportunity to adequately prepare for this case. This constitutes a denial of due process and effective assistance of counsel.

Further, defendant respectfully requests that the Court order, entered in connection herewith, be a continuing order with shall persist throughout and until the conclusion of the trial on the merits in this cause, or thereafter during any appellate process, if such should be the case.

Therefore, defendant respectfully requests that an order be entered requiring the disclosure of the items enumerated and requested herein.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas  77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the $12\frac{th}{}$ day of September, 2008, a true and correct copy of the foregoing Motion has been served on the Assistant District Attorney for Galveston County, Texas by forwarding same via Certified Mail, Return Receipt Requested.

Gerald E. Bourque

2008 SEP 23  PM 3: 18
DISTRICT CLERK
GALVESTON COUNTY, TX.

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

# <u>ORDER</u>

On this the _____ day of _____, 2008, the Defendant's Motion Pursuant to *Brady v. Maryland* for Production of Exculpatory Evidence was heard by this Court, and the Court, after having considered the same, is the opinion that said Motion be and is hereby:

_____ **GRANTED**

The Court further ORDERS that the discovery granted herein shall be produced to the Defendant for inspection, copying and or photographing as necessary on or before the below date and time and place specified:

Date: _____

Time: _____

Place: _____

_____ **DENIED, to which ruling Defendant timely excepts.**

SIGNED this _____ day of _____, 2008.

_____
JUDGE PRESIDING

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## DEFENDANT'S ASSERTION OF RIGHTS

TO THE HONORABLE JUDGE:

COMES NOW, GERALD E. BOURQUE, Attorney for the Defendant, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution does hereby assert both his 5th and 6th Amendment rights relative to speaking with any person, other than his attorneys, about anything, including, but not limited to, his history and background, the facts underlying any pending charges against the Defendant, any alleged involvement in criminal activity whether related to pending charges or not, any investigations of whatever kind, and the Defendant's political, religious or cultural views on any subject whatsoever.

This assertion of rights not to speak with any person on any of the above subjects shall include, but is not limited to, jailers and deputy jailers, prison guards or other prison employees, members of the County Sheriff's Office, local city police officers, members of the District Attorney's Office or United States Attorney's Office and any and all agents of the foregoing, including persons within the jail or prison and/or Texas

Highway Patrol, Texas Rangers, F.B.I., fellow inmates and members of the print or broadcast media.

The Defendant specifically requests his lawyer to be present at any time that the Defendant is interviewed by any agency of the state or United States Government. The Defendant should not be interviewed regarding any matter, nor should anything be presented to the Defendant for his review, consideration, action and or signature unless his attorneys have been notified and have been permitted to review any such documents without first contacting the undersigned counsel. The Defendant does not wish to waive any of his constitutional rights and nothing should be interpreted as an intention on his part to waive any of his constitutional rights.

The Defendant also asserts his right to not have his conversations or calls monitored by any person unless he is expressly notified of this fact beforehand.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2008, a true and correct copy of the foregoing has been served on the District Attorney for Galveston County, Texas, via Certified Mail, Return Receipt Requested.

GERALD E. BOURQUE

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION TO DISCOVER ARREST
## AND CONVICTION RECORDS OF WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:·

COMES NOW, TRAVIS JAMES MULLIS, Defendant in the above-entitled and numbered cause, by and through his attorney of record, and respectfully moves the Court to require the State to make available, if possessed or easily accessible, the following:

1.    The arrest records of the State's witnesses; and

2.    The conviction records of the State's witnesses.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court grant Items 1 and 2.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas  77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 862-7766
(832) 813-0321 (Fax)


ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by Certified Mail, Return Receipt Requested, on this 12th day of September, 2008.


GERALD E. BOURQUE

2008 SEP 23 PM 3: 18
DISTRICT CLERK
GALVESTON COUNTY, TX

85

## CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

JASON E. MURRAY
CLERK DISTRICT COURT
FILED
By Court
JAN 1 9 2011
GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

## ORDER

On this 19 day of ____Jan.____, 2011 came on to be heard the Defendant's

Motion to Discover Arrest and Conviction Records of Witnesses, and after due consideration, the

Court is of the opinion, and it is hereby ORDERED, that said Request is:

_____✓_____   GRANTED

_____   DENIED, to which ruling Defendant timely excepts.

SIGNED the 19 day of ____Jan.____, 2011.

_____
JUDGE PRESIDING

CAUSE No. 08CR0333

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant, TRAVIS JAMES MULLIS, by and through his attorney of record and pursuant to the authority of Article 28.01 and 39.14, V.A.C.C.P., and respectfully moves this Honorable Court to order the District Attorney to produce and/or allow defense counsel to inspect and copy and/or photograph the following items which are in the possession and/or within the knowledge of the State of Texas or an agency thereof:

### STATEMENTS BY DEFENDANT

1.     Any statement, including Grand Jury testimony, made by Defendant to the police, District Attorney, or any of his employees, any law enforcement officials, State agency, or any private citizen within the knowledge of the police or the District Attorney, or any of his employees, any law enforcement official or State agency, whether under arrest or not, or whether written or oral.

Page 1

GRANTED _____          DENIED _____

## EXCULPATORY/INCULPATORY STATEMENTS

2.     Any and all exculpatory or inculpatory written and/or oral statements, confessions or admissions (whether or not reduced to writing)presently in the possession, custody or under the control of the State, its agents, or agencies, made by the Defendant to any witness or person the State intends to call to testify in this cause of action.

GRANTED _____          DENIED _____

## PHOTOGRAPHS

3.     Any photographs, drawings or charts made by the police, the District Attorney's Office or anyone else which were made with references to this case, which are in the possession of the police, District Attorney, law enforcement official, State agency or private citizen within the knowledge of the police, District Attorney, any of his employees, any law enforcement official, State agency, or employee or representative of same.

GRANTED _____          DENIED _____

## SCENE PHOTOGRAPHS

4.     Any and all photographs of the scene that relate to the alleged offense, including but not limited to the interior and exterior of the premises, appurtenances thereto, the curtilage, the street, or surrounding vicinity, including the names and addresses of the individuals who took said photographs and the date said photographs were taken.

Page 2

GRANTED _____                    DENIED _____

## PHOTOGRAPHS OF COMPLAINANT

5.    Any and all photographs taken of the complainant by or at the request of, or within the

knowledge of the police, District Attorney or any if his employees, any law enforcement official,

State agency or agents thereof.

GRANTED _____                    DENIED _____

## PHOTOGRAPHS OF DEFENDANT

6.    Any and all photographs which may have been made of the Defendant while in

custody and control of the police, District Attorney, their employees, or an agency of the State of

Texas.

GRANTED _____                    DENIED _____

## IDENTIFICATION

7.    Information regarding the identification of the Defendant whether by photographs,

films, line-ups, or show-ups as follows:

a.    Names and addresses of persons identifying the Defendant, specifying the crime for which the Defendant was identified and the corresponding date of the identification and the date of the alleged offense for which the Defendant was identified;

b.    Photographs used in any photographic identification;

c.    Identify and description of persons participating in any and all line-ups or show-ups with the Defendant;

d.    The names and their particular participation of all officers conducting any and all line-ups or show-ups in which the Defendant was placed for the purpose of

Page 3

identification wherein the Defendant was identified, the corresponding offense and date said offense for which Defendant was identified;

e.   The dates, times and locations of any and all line-ups or show-ups which were conducted wherein the Defendant was identified; and

f.   Any and all waivers of Defendant's right to have counsel present at any line-up or show-up which were signed by the Defendant.

GRANTED _____                              DENIED _____

## WITNESSES-INJURIES

8.   The names and addresses of any and all persons relating to or connected with the making of any notes, medical reports or other reports of the complainant's alleged injuries that allegedly resulted from this offense and this is to include any statements made by any complainant to, or in the presence of, any such person in connection with said injuries or the occurrence of the alleged offense.

GRANTED _____                              DENIED _____

## EXCULPATORY EVIDENCE

9.   Any and all favorable evidence which is in the possession, custody, or control of the State, or investigating body of the State of Texas, or any police department or any of their agencies including, but not limited to the following:

a.   Any prior inconsistent statements of witnesses for the State which are favorable to Defendant or are exculpatory in nature regarding any alleged offense by the Defendant;

b.   The names and addresses of any eyewitnesses to the offenses alleged which are favorable to the Defendant or are exculpatory in nature;

Page 4

  c.  Failure of any witness to identify Defendant either from photographs, films, or in person while in a line-up or show-up; and

  d.  Results of any scientific tests conducted which are favorable to the Defendant or exculpatory in nature including, but not limited to ballistic tests or fingerprints at the site of the offense or on other tangible evidence.

GRANTED _____       DENIED _____

## REAL EVIDENCE

  10.  Any papers, objects or real evidence that is in the possession of the police, the District Attorney's Office or their employees or State agencies which may in any way be material to the guilt or innocence of this Defendant.

GRANTED _____       DENIED _____

## SCIENTIFIC TEST RESULTS

  11.  Any written report of any test that is a biological, microscopic or scientific analysis of any items which was conducted pursuant to the investigation of the instant case regardless of whether said test was prepared or conducted at the request of any law enforcement official, by the State of Texas or its agents, State agency or any private citizen, within the knowledge of the police or the District Attorney, or any of his employees, together with any descriptions, test dates, and any determinations as well as the name and address of the individuals who conducted such tests or analysis.

GRANTED _____       DENIED _____

Page 5

## TEST ON COMPLAINANT

12.     The results of any and all blood tests, electrocardiogram, chemical, or other medical or biological tests run on complainant and/or deceased by whomsoever made.

GRANTED _____                                    DENIED _____

## EVIDENCE OF SCENE

13.     Any and all tests, records, diagrams, charts, or written reports relating to the actual scene of the alleged offense, e.g., diagrams of where any complainant was or where any person was allegedly located at the time of the alleged offense.

GRANTED _____                                    DENIED _____

## POLICE INFORMATION

14.     The names, rank and badge number of all police officers of the State or County law enforcement agents and all employees of the Criminal District Attorney who participated in any way in the investigation of this case, whether at the scene, the police station, county jail or elsewhere.

GRANTED _____                                    DENIED _____

## FINGERPRINT

15.     Any and all fingerprint impressions obtained by whatever means and process from the scene of the alleged offense in question, found as a result of the investigation of this offense, whether such fingerprints were fingerprints of the Defendant or were fingerprints from some other person or persons known or unknown.

GRANTED _____                                    DENIED _____

Page 6

## CONVICTION RECORD

16.    The criminal arrest and/or conviction record of the complainant, together with any

juvenile record complainant may have.

GRANTED _____                                    DENIED _____

## WEAPON

17.    The weapon or weapons which the State of Texas alleged or may allege was or were

used in the commission of the alleged offense.

GRANTED _____                                    DENIED _____

## EVIDENCE FROM DEFENDANT

18.    Any and all objects of evidence the State intends to use which was found on

Defendant's person at the time of his apprehension or arrest.

GRANTED _____                                    DENIED _____

19.    At least five (5) days prior to trial the "pen packets" which will be relied on in order to

enhance this Defendant, if any.  This is necessary so that defense counsel may have adequate time to

review these documents which will be the basis of the State's case on punishment, if any.

As a basis for this Motion, the Defendant states that the objects requested are vital and

material to the issue of the Defendant's innocence for the following reasons:

Page 7

That the items requested are material to the issue of Defendant's attorney to render effective counsel as is guaranteed to the Defendant by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America and by Sections 10, 19 and 29 of Article I of the Constitution of the State of Texas and are needed in order that the Defendant may be informed of the nature and causes of the accusation against Defendant.

This Motion is made in good faith and not for the purpose of delay.

WHEREFORE PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court order:

(1)     The District Attorney to permit the Defendant to inspect, copy or photograph the above set out tangible objects prior to the trial in this cause which are in the possession or subject to the control of the State of Texas or any agency thereof pursuant to Articles 39.14, 28.01, 1.03, 1.04 and 1.05 of the Texas Code of Criminal Procedure, Article I, Sections 10 and 19 of the Constitution of the State of Texas and pursuant to the Defendant's right to due process of the law, the effective assistance of Counsel as guaranteed to Defendant by the Fourteenth and Sixth Amendments to the Constitution of the United States respectively;

(2)     That a timely hearing on said Motion be had;

(3)     That an "in camera" inspection of all evidence sought to be discovered but withheld by the prosecution be had;

(4)     That an inquiry be made of the prosecutors and agents of the State of Texas to determine the extent of compliance with any discovery that is Ordered by this Honorable Court; and

(5)     That any and all evidence requested but not Ordered subject to discovery by this Honorable Court be included in the Appellate record of this cause for review by the Appellate Court; and for any and all further relief to which this Court may deem the Defendant entitled.

Respectfully submitted,

Robert K. Loper
State Bar No. 12562300
111 W. 15th St.
Houston, Texas  77008
(713) 880-9000
(713) 869-9912 (Fax)

Gerald E. Bourque
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
(713) 713-862-7766
(832) 813-0321 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by Certified Mail, Return Receipt Requested, on the 12th day of September, 2008.

GERALD E. BOURQUE

Page 9

CAUSE No. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

JASON E. MURRAY
CLERK DISTRICT COURT
By Court
JAN 19 2011
GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

## ORDER ON DEFENDANT'S MOTION FOR DISCOVERY & INSPECTION

On this the __19__ day of ___Jan.___, 2011, came to be heard the Defendant's

Motion for Discovery, and after consideration of the same the Court finds that the Court's ruling

should be as follows:

    ✓    **GRANTED,** as set out in the body of the Motion.

        Those matters which the Court granted shall be produced in a reasonable period
before trial.  This Honorable Court would prefer the discovery items be given to
Defendant thirty (30) days prior to trial, but at least seven (7) days before trial.
For good cause shown, the discovery items may be given to the Defendant 24
hours prior to trial or during trial.

    _____    **DENIED,** as set out in the body of the Motion, **to which ruling
Defendant timely excepts.**

SIGNED this __19__ day of ___Jan.___, 2011.

_____
JUDGE PRESIDING

Page 10

96

# GERALD E. BOURQUE
### ATTORNEY AT LAW

24 WATERWAY AVENUE, SUITE 660, THE WOODLANDS, TEXAS 77380
Office (713) 862-7766
Facsimile (832) 813-0321

September 11, 2008

Ms. Latonia D. Wilson
District Clerk
Galveston County Courthouse
600 59th St., Room 4001
Galveston, TX  77551-2388

RE:   **The State of Texas vs. Travis James Mullis**
**Case No. 07-CR-0333**
08

Dear Ms. Wilson:

Please find enclosed the following documents to be filed in the above-referenced cause:

1. Defendant's Assertion of Rights;
2. Defendant's Motion Pursuant to *Brady v. Maryland* for Production of Exculpatory Evidence;
3. Defendant's Motion to Suppress Illegally Obtained Evidence;
4. Defendant's Motion for Witness List (Lay and Expert);
5. Defendant's Motion to Suppress Confession;
6. Defendant's Motion to Discover Arrest and Conviction Records of Witnesses;
7. Defendant's Motion to Reveal the Deal;
8. Defendant's Motion for Discovery of Extraneous Offenses at Guilt and Punishment; and
9. Defendant's Motion for Discovery and Inspection.

Please return the file-stamped copies to this office in the enclosed stamped, self-addressed envelope.

Thank you for your assistance.

Sincerely,

Gerald E. Bourque

GEB/me
Encl.
cc: Mr. Kurt Sistrunk, D.A.

**RETURNED COPY**

SEP 2 3 2008
LATONIA D. WILSON

To: Latonia D. Wilson
Court Clerk
122nd District Court
Judge John Ellisor

From: Travis J. Mull.s
BK# 64386 / Pod H-100
5700 Ave H.
Galveston , Tx 77551

Ms Wilson,

On August 26th, 2008 I sent you several Motions. One of which was a Motion to Dismiss Court Appointed Council. I understand the storm has delayed Court Proceedings however failure To hear the Motion for dismissal is a violation of My 14th Amendment Rights. This is my 2nd Follow up Letter to you and I once again Ask That you please get My Motions on the Dockets A.S.A.P., I understand Your very Busy But your prompt Assistance Would Be greatly Appreciated

Thanks,

Travis J. Mull.s
SPN# 33-1074
Case # 08-CR-0302

To: Latonia D. Wilson
Court Clerk
122nd District Court
Judge John Ellisor

From: Travis James Mullis
BK # 64386 /Pod H-100
5700 Ave H.
Galveston, Texas 77551

September 7th, 2008

Ms. Wilson,

Approximatley 16 days ago, on August 22nd I sent you 5 motions
Namingly) 1) Motion for Discovery + inspection of evidence, 2) Motion
for Fair + Speedy Trial, 3) Motion for Examny Trial, 4) Motion for
exculpatory Evidence, 5) Motion to Dismiss Court- Appointed Council.

I am writing to check The status of These Motions and, also ask That
you please try to get these motions on the dockett as soon as Possible.
I understand your very busy, however your Prompt Assistance is Greatly
Aporeciated

Thank You,

Travis James Mullis
SPN# 331094
Cause# 08CR0333

October 7th, 2008

Judge John Ellisor
Galveston County Courthouse
122nd Judicial District
Galveston, Texas 77551

Your Honor,

     I understand it is not common practice for a defendant to directly contact the judge presiding, especially without his attorney(s) awareness and presence. However, I have an issue with my court appointed legal staff that I hope you can remedy. Mr. Robert K. Loper (State Bar No. 12562300) and Mr. Gerald E. Bourque (State Bar No. 02716500) are currently appointed by the court to represent me in my case. (Cause 08-CR-0333 State of Texas V. Travis James Mullis). Mr. Loper and I have been having this issue since May 28th, 2008 + in an attempt to resolve it I have spoken to him several times, filed a State Bar Grievance (dated Aug 5th, appealed, appeal dated Sept 18th, 2008), as well as by filing a motion to dismiss court-appointed council. I hope to avoid dismissing Mr. Loper as well by remedying this situation.

                                     →

The Situation I am referring to is My attorneys Failure to Provide me with a full copy of the Galveston P.D. Offense Report, Mr Loper has reviewed it With me but I still wish for a full copy to review myself, Mr. Lopers reason is he Claims "There are to many Prying eyes in the galveston County Jail who would love to report to the D.A. things they read in the offense report in Consideration for their case," I understand this however I am on Segregation and nobody has Access to my legal Paps except Me + Deputy Jailers who wont bother my pers, I also feel it is my decision if I have it not them because I obviously have control of who may or may not see it. Should It be in my Possession. I am aware that I am entitled to this information (Report) and Failure to Provide it violates my 5th, 6th, 8th, + 14th Amendment Rights of the U.S. Constitution. Also, Failure to Provide Public information (Though Police reports may be deemed Private) Is a violation of the Open Records Act Law.

I have been Pursuing the Acquirement of the above Stated offense report Since May, 28th, 2009 and

$\rightarrow$

101

am Trying To continue Pursuing it. I am also Prepared to contact One or several Criminal Rights Lawyers if nescary, I hope you can ~~assist~~ Assist Me in this matter by speaking with Mr. Loper and If Possible Ordering him (if nessecary by court order) to Provide me a Copy of the Full offense report, I Pray That You can help me in the good faith of this Court, Also, I thank you for your time and Attention,

Thank you,
Travis James Mullis
Travis James Mullis
BK# 64386 / POD.H-100
5700 Ave H.
Galveston, Texas 77551

SPN# 331074
Cause # 08-CR-0333



102

TO: Bonnie Caroya
4th FLOOR
Justice Administration

**RECEIVED**
NOV 03 2008

From: Travis J. Mullis
BK# 64396 /Pod-H-100
5700 Ave H.
Galveston, Tx 77551

Ms. Caroya,

On August 26th, 2008, I sent Several motions to Latunia Wilson the Court Clerk. One of these motions was a Motion to Dismiss Court Appointed Cancil. I understand The storm has Delayed Court Proceedings but failure to have this motion heard is a Violation of My 14th Amendment Rights, I was informed by a deputy to Contact you to Ask you to Look into this t. Please try to get this motion on the docket A.S.A.P. I understand your busy And your prompt Assistance would be Appreciated Greatly,

Thanks,

Travis J. Mullis
SDN# 331074
Cause # 08-0353

Ct. dt. 11/17/08
122nd

08-0353

**CAUSE NO. 08CR0333**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTONCOUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd  JUDICIAL  DISTRICT |

<del>EX PARTE</del>

## MOTION TO APPOINT EXPERT AND TO ORDER
## EXAMINATION AND TESTING OF CASE FILE AND LAB REPORTS
## FOR DNA PURPOSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TRAVIS JAMES MULLIS, Defendant, by and through his counsel of record, Robert K. Loper and Gerald E. Bourque and files this Motion to Appoint an Expert and authorize that same expert to retrieve certain evidence, case files, lab reports, paperwork and/or notes:

1. The Defendant is charged with the offense of capital murder, alleged to have been committed on or about January 29, 2008.  That offense is assigned service number 2008-3872 in the files of the Galveston Police Department.

2. DNA testing was performed by the State.

3. The Defendant requests that the Court appoint Sorenson Forensics, 2495 South West Temple, Salt Lake City, Utah 84115 as an expert in the field of DNA testing to examine the physical evidence in the State's case files, lab reports, paperwork and/or notes, and report to Counsel for the Defendant the results of that examination and review. Additionally the Defendant requests that Sorenson Forensics, or any authorized designee, as indicated by written authorization of Sorenson Forensics shall be authorized to be

given access and examine the following lab reports, case files and/or notes in the possession, custody and control of the State in connection with the above numbered cause.

WHEREFORE, Premises considered, the Defendant Prays that the Court Appoint Sorenson Forensics for the purposes of retrieving, examining, and reviewing the State's case files, lab reports, paperwork and/or notes, and making those findings known to Counsel for the Defendant. Further, that the findings of said review and examination be protected under Rule 503 of the Texas Rules of Criminal Evidence. Finally, the Defendant prays that *Sorenson Forensics, LLC* be compensated at their hourly rate for their work and testimony, (if required), not to exceed $7,500.00.

Respectfully submitted,

ROBERT K. LOPER
State Bar No. 12562300
111 W. 15th St.
Houston, Texas  77008
(713) 880-9000
(713) 869-9912 (fax)


GERALD E. BOURQUE
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, TX  77380
Telephone: 713-862-7766
Telecopier: 832-813-0321


**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument

has not been furnished to the District Attorney because this is an Ex Parte request.


GERALD E. BOURQUE

LATONIA D. WILSON
CLERK DISTRICT COURT

MAY 2 0 2009

GALVESTON COUNTY TEXAS

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

~~SEALED~~ ORDER

TO APPOINT EXPERT AND TO ORDER
EXAMINATION AND TESTING OF CASE FILE AND LAB REPORTS
FOR DNA PURPOSES

On this day, the Court considered the motion of Defendant, TRAVIS JAMES MULLIS, for an independent examination of certain evidence, case files, lab reports, paperwork and/or notes for the purpose of deoxyribonucleic acid (DNA) testing and/or case review, which the court is of the opinion should be granted.

IT IS THEREFORE ORDERED that Sorenson Forensics is appointed the Defendant's independent expert for the purposes of DNA testing and/or case review.

IT IS FURTHER ORDERED that Sorenson Forensics and/or any authorized designee, as indicated by written authorization of Sorenson Forensics is hereby authorized to be given access and examine the following lab reports and/or notes in the possession, custody and control of the State in connection with the above numbered cause:

I. Case File, to include:

    a)    Inventory of Evidence;

    b)    Chain of custody records;

    c)    Incident summary notes from investigating agency;

d)      Medical examination reports/notes (e.g., rape center findings); and

e)      Medical examiner reports/notes

II. All laboratory reports and:

     a)      Copy of accreditation certificate;

     b)      Names of all analysts involved in the testing, including technical reviewers;

     c)      Worksheets for all analyses to include visual examination/testing results;

     d)      All analysts' notes;

     e)      Results/Data; including electropherograms in paper or electronic format.

     f)      DNA profile calculation worksheets; and

     g)      All laboratory protocols pertinent to all the analyses performed in the case, to include:

         i)      Testing protocols for all testing performed in this case;

         ii)      Interpretation Guidelines to include guidelines for interpreting mixtures;

         iii)      Laboratory guidelines for calculating any statistics (pertinent to the case);

         iv)      Quality Assurance Manuals commensurate with report;

         v)      Quality Assurance test results for all critical reagents used in this test; and

         vi)      Organizational chart of the laboratory.

     h)      Details of any contamination or sample errors in the laboratory for a 1 year period before and after the DNA testing occurred.

III.    Proficiency test results summary for all analysts involved in the analysis.

IT IS FURTHER ORDERED that Sorenson Forensics and the authorized designee shall have the authority to mail and or otherwise transfer the above listed items or evidence in the possession of the Texas Department of Public Safety Regional Crime Lab  in connection with the above styled and numbered cause to Sorenson Forensics.

IT IS FURTHER ORDERED that Galveston County will remit payment in an amount not to exceed $7,500.00 to Sorenson Forensics, or any authorized designee, as indicated by written authorization approved by this court, as reimbursement for reasonable expenses for such DNA testing and/or case review, once an invoice for the same has been filed with and approved by the Court herein.

Signed this **20** day of _____**May**_____, 2009.

_____
JUDGE PRESIDING

LATONIA D. WILSON
CLERK DISTRICT COURT
By-court
MAY 2 9 2009
GALVESTON CO., TEXAS

NO. 08CR0333



THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

IN THE DISTRICT COURT OF

GALVESTON COUNTY, TEXAS

122ND JUDICIAL DISTRICT

## MOTION TO COMPEL DISCLOSURE OF MEDICAL RECORDS

COMES NOW THE STATE OF TEXAS, by and through the undersigned assistant district attorney, and moves for an order compelling SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland through its Custodian of Records to disclose and provide copies of all medical and or psychiatric-psychological records in its possession or subject to its control of Travis Mullis, date of birth 9-20-86, for use in the above-styled criminal prosecution and further moves the Court to waive service by subpoena for said records for good cause shown. In support of this motion, the State asserts the following:

I

The State of Texas by and through her Criminal District Attorney has consulted with the attorney for SHEPPARD PRATT HEALTH SYSTEM and has been advised that the medical records of Travis Mullis at said SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland will not be disclosed without complying with HIPPAA and the Maryland Medical Records statutes. The attorney representing SHEPPARD PRATT HEALTH SYSTEM has advised that one method of compliance with said statutes is to obtain a Court Order authorizing the disclosure of said records and waiving service by subpoena of said records for good cause shown.

II

Pursuant to said HIPPAA and Maryland Medical Records statutes SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland has stated a continuing policy against disclosure of medical or mental health records without compiling with applicable laws. The State reasonably believes that this policy will be followed in the instant case and that SHEPPARD PRATT HEALTH SYSTEM will not

1

disclose the records sought without a court order.

### III

The records sought in the instant case are necessary for the administration of justice. Service by subpoena should be waived for reasons of expediency.

### IV

The records sought are relevant and material for the preparation of the State's case. The Defendant is charged with Capital Murder.  Under Texas Law the jury will decide (if the Defendant is convicted of Capital Murder) during a separate sentencing proceeding whether the Defendant should be sentenced to life imprisonment or sentenced to death.  During this proceeding, pursuant to Art.37.071 of the Texas Code of Criminal Procedure, evidence may be presented by the state and the defendant as to any matter the court deems relevant to the sentence, including evidence of the defendant's background or character that mitigates against the imposition of the death penalty. It has been asserted by Counsel for the Defendant that the medical and or psychiatric-psychological records of the Defendant at SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland might be of such a nature as would mitigate against the imposition of death as a punishment should the Defendant be convicted of Capital Murder. Even though the records would show the Defendant's condition at a young age the jury would under Texas Law be able to use this information as evidence for purposes of deciding whether or not his condition at that time and its development into adulthood would mitigate against the death penalty being imposed. The medical and or psychiatric-psychological condition of the Defendant during the time he was a patient at said facility cannot be obtained in a way other than obtaining the records requested.

WHEREFORE, PREMISES CONSIDERED, the State of Texas moves that the court order SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland to disclose the medical records sought as above stated and provide copies of said records to the undersigned assistant district attorney or his agent and further enter an order waiving service by subpoena for said records for good cause shown.

2

**111**

Respectfully submitted,

LARRY DROSNES, Assistant
Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was delivered to counsel for the defendant, Robert Loper on the date that this motion was filed with the clerk of the Court.

SIGNED THIS 23 DAY OF JULY ,2009.

LARRY DROSNES, Assistant
Criminal District Attorney
Galveston County, Texas

2009 JUL 23 AM 10: 06

3

NO. 08CR0333

THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

IN THE DISTRICT COURT OF

GALVESTON COUNTY, TEXAS

122ND JUDICIAL DISTRICT

## ORDER COMPELLING DISCLOSURE OF MEDICAL RECORDS

The State of Texas' Motion to Compel SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland to disclose all Medical and or Psychiatric-Psychological records of Travis Mullis, date of birth 9-20-86, is GRANTED.

The Court finds said records are relevant and the information contained in said records cannot be obtained in a way other than compelling disclosure.

SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland through its Custodian of Records is hereby ORDERED to release to The Galveston County District Attorney, his assistants, investigators, agents or employees copies of all medical and or psychiatric-psychological records in its possession or subject to its control, pertaining to Travis Mullis, date of birth 9-20-86.

Service by subpoena on said SHEPPARD PRATT HEALTH SYSTEM of the State of Maryland is hereby waived by the Court for good cause shown.

The copies of records disclosed pursuant to this order are confidential and shall be used only for purposes of this judicial proceeding.  Such copies

1

113

of records shall not be disseminated or revealed outside such proceedings except to expert witnesses for the state or upon order of the court.

SIGNED this __10__ day of __August__, 2009.

_____
JUDGE PRESIDING
122nd Judicial District Court
Galveston County, Texas

2

114



H1 -120

RECEIVED
GALVESTON COUNTY
SHERIFF'S OFFICE

09 NOV -3 A III: 50

PRECEPT TO SERVE RE- INDICTMENT

CAUSE NO. 08CR0333 - 122ND

THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

TO THE SHERIFF OF GALVESTON COUNTY, SAID STATE, GREETING:

YOU ARE HEREBY COMMANDED to forthwith deliver to TRAVIS JAMES MULLIS, a prisoner in your custody, the accompanying Certified Copy of RE- INDICTMENT.

HEREIN FAIL NOT, and due return make hereof, without delay.

WITNESS my signature and seal of office, on this the 30TH day of October, A. D., 2009.

ATTEST:

LATONIA D. WILSON, Clerk,
District Court, Galveston County, Texas

By _____, Deputy
CHERYL D. HARDEMAN

===========================================================================
SHERIFF'S RETURN

Came to hand on the _03_ day of _NOVEMBER_, A. D., _2009_, at _11:50_ o'clock _A_ M., and executed on the same day, by delivering to the within named TRAVIS JAMES MULLIS, a prisoner in my custody, in person, a certified copy of RE-indictment mentioned within, and delivered to me with this writ.

Returned on the _06_ day of _NOVEMBER_, A. D., _2009_.

FREDDIE POOR
SHERIFF, GALVESTON COUNTY, TEXAS

BY _L. SILVAS_ _____, DEPUTY

DEFENDANT

2009 NOV 12 PM 1:40
DISTRICT CLERK

115

NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

### STATE'S MOTION FOR DISCOVERY OF EXPERT WITNESSES ARTICLE 39.14(b) C.C.P.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the State of Texas, by and through it's Criminal District Attorney and requests the Court to order the Defendant herein to disclose to the State the name and address of each person the Defendant may use at trial to present evidence under *Rules 702, 703, and 705* of the Texas Rules of Criminal Evidence and in support thereof the State would show unto the Court as follows:

Said disclosure of the name and address of expert witnesses is authorized by Article 39.14(b) of the Texas Code of Criminal Procedure.

Wherefore premises considered the State moves the Court to order the Defendant to disclose to the State the name and address of each person the Defendant may use at trial to present evidence under *Rules 702, 703, and 705* of the Texas Rules of Criminal Evidence, with said Order specifying the time in which the Defendant shall make the disclosure to the State.

RESPECTFULLY SUBMITTED,

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

### CERTIFICATE OF SERVICE

I certify that on this the _____ day of _____ A.D. _____, I have delivered a copy of the State's Motion for Discovery of Expert Witnesses to _____ Attorney for the Defendant.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

2009 NOV 13 PM 4: 15
DISTRICT CLERK
GALVESTON COUNTY, TX.

116

NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

### ORDER

Came on to be heard the State's Motion for Discovery of Expert Witnesses and after hearing arguments of counsel it is HEREBY ORDERED that the Defendant shall provide in writing to the State at it's offices in Galveston, Texas, the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Criminal Evidence.

Defendant shall provide this information to the State no later than the _30_ day of _March_, ~~200~~ _2010_.

SIGNED on this the _13_ day _Nov._, 2009.

_John Ellison_
JUDGE PRESIDING

2009 NOV 13 PM 4: 15
DISTRICT CLERK
GALVESTON COUNTY, TX.

**117**

NO. 08CR0333

2009 NOV 13 PM 4: 16

THE STATE OF TEXAS

IN THE DISTRICT COURT

DISTRICT CLERK
GALVESTON COUNTY, TX

VS.

GALVESTON COUNTY, TEXAS

TRAVIS JAMES MULLIS

122ND JUDICIAL DISTRICT

## MOTION FOR PRE-TRIAL HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas by and through her attorney of record, and under the provisions of Article 28.01 of the Code of Criminal Procedure, requests this Honorable Court to set this cause upon the docket of said Court for a pre-trial hearing in advance of any trial upon the merits to consider any of the following matters which may be filed in this cause, to-wit:

1. Exceptions to the form or substance of the Indictment,

2. Motion to Suppress Evidence, with the merits of said motion to be determined by the motions themselves and/or upon opposing affidavits and/or upon oral testimony.

3. Motion for Discovery or Deposition,

4. Pleadings of  the Defendant,

5. Motion for Continuance,

6. Motion for Change of Venue,

7. Plea of Entrapment,

8. Motions in Limine,

9. Arrainignment of the Defendant

And further, that the setting of such pre-trial hearing in advance of any trial of the merits of this cause would best serve the administration and interest of justice in this cause.

Wherefore, premises considered, The State prays this motion be granted.

Respectfully submitted,

LARRY A. DROSNES, Assistant
Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion for Pre Trial Hearing in the above styled and numbered cause has been delivered to Robert Loper Attorney for the Defendant, on this _13_ day of November, 2009.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

2009 NOV 13  PM 4: 16
DISTRICT CLERK
GALVESTON COUNTY, TX.

119

NO. 08CR0333

THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

IN THE DISTRICT COURT

OF

GALVESTON COUNTY, TEXAS

122ND JUDICIAL DISTRICT

## ORDER FOR PRE-TRIAL HEARING

On this the 13th day of Nov. , 2009 , came on to be heard the State's Motion for Pre-Trial Hearing to consider certain matters in advance of any trial upon the merits; it is HEREBY ORDERED that the above entitled cause be set for Pre-Trial Hearing on the State's Motion _____ before this Court, at 10:00 a.m on the 31st day of March , 20 10 and with the merits of any motion to suppress to be determined by the motions themselves and/or upon opposing affidavits and/or upon oral testimony.

Signed the 13th day of Nov. , 2009.

Judge Presiding

2009 NOV 13 PM 4: 15

DISTRICT CLERK
GALVESTON COUNTY, TX.

120





09 NOV 17 AM 9:59

PRECEPT TO SERVE  CERTIFIED COPY OF NOTICE OF SEEKING THE DEATH PENALTY

CAUSE NO. 08CR0333 - 122ND

THE STATE OF TEXAS

VS.

TRAVIS JAMES MULLIS

TO THE SHERIFF OF GALVESTON COUNTY, SAID STATE, GREETING:

YOU ARE HEREBY COMMANDED to forthwith deliver to TRAVIS JAMES MULLIS, a prisoner in your custody, the accompanying Certified Copy of NOTICE OF SEEKING THE DEATH PENALTY.

HEREIN FAIL NOT, and due return make hereof, without delay.

WITNESS my signature and seal of office, on this the 13TH day of November, A. D., 2009.

ATTEST:

LATONIA D. WILSON, Clerk,
District Court, Galveston County, Texas

By _____ , Deputy
R. LOPEZ

========================================================================
SHERIFF'S RETURN

Came to hand on the _17_ day of _Nov_ , A. D. _2009_ , at _9:59_ o'clock _A_ M., and executed on the same day, by delivering to the within named TRAVIS JAMES MULLIS, a prisoner in my custody, in person, a certified copy of NOTICE OF SEEKING THE DEATH PENALTY mentioned within, and delivered to me with this writ.

Returned on the _20_ day of _Nov_ , A. D. _2009_.

FREDDIE POOR
SHERIFF, GALVESTON COUNTY, TEXAS

BY _____ , DEPUTY

_____
DEFENDANT

121

NO.08CR0333

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | 122ND JUDICIAL DISTRICT |

## NOTICE OF SEEKING THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes The State of Texas by and through its Criminal District Attorney, and advises the Court and the Defendant that the State **will seek the death penalty** for the Defendant TRAVIS JAMES MULLIS should he be convicted of the offense of Capital Murder as alleged in the indictment herein.

Respectfully submitted,

LARRY A. DROSNES
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF SERVICE

I certify that a copy of the Notice to Seek the Death Penalty in the above styled and numbered cause has been personally delivered to Robert K. Loper, Attorney for the Defendant, on this 12 day of August, 2008.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

2008 AUG 12   AM 9: 54
DISTRICT CLERK
GALVESTON COUNTY, TX

122

Rule 803 (3,4,6,7) and 902(10) Tex. R. CR. E.

NO. 08CR0333

2009 DEC -2 PM 2: 21

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## NOTICE OF FILING BUSINESS RECORDS – MEDICAL RECORDS

COMES NOW, the State of Texas by and through her Criminal District Attorney and gives notice that the State intends to introduce in evidence under the Texas Rules of Criminal Evidence, Rule 803 (3,4,6,7) and 902 (10) at the trial of the above entitled and numbered cause the following affidavits and records, to-wit:

| RECORD | AFFIANT | EMPLOYER-ADDRESS |
|---|---|---|
| TCIC/NCIC RECORDS | RANDY BATTEN | TEXAS DEPARTMENT PUBLIC SAFETY |

The said affidavit and business-medical records were filed with the District Clerk of Galveston County among the papers of the above entitled and numbered cause on the **2ND DAY OF DECEMBER, 2009** and are available for inspection at the office of the District Clerk.

Respectfully submitted,

LARRY A. DROSNES
Assistant Criminal District Attorney
Galveston County, Texas

### CERTIFICATE OF SERVICE

I, LARRY A. DROSNES, do hereby certify that I sent a copy of the foregoing notice to **ROBERT LOPER.**

LARRY A. DROSNES
Assistant Criminal District Attorney
Galveston County, Texas

123

## AFFIDAVIT OF RECORD CUSTODIAN
### (Rule 902, Texas Rules of Criminal Evidence)

Before me, the undersigned authority, personally appeared  RANDY BATTEN, who, being by

me duly sworn, deposed as follows:

My name is ___RANDY BATTEN_____, I am of sound mind, capable of making this

affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of __TEXAS DEPARTMENT OF PUBLIC SAFETY. Attached

hereto are  9  pages of records from  TEXAS DEPARTMENT OF PUBLIC SAFETY. These said   9

pages of records are kept by  TEXAS DEPARTMENT OF PUBLIC SAFETY in the regular course of

business, and it was the regular course of business of  TEXAS DEPARTMENT OF PUBLIC SAFETY for

an employee or representative of  TEXAS DEPARTMENT OF PUBLIC SAFETY , with knowledge of the

act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information

thereof to be included in such record; and the record was made at or near the time or reasonably soon

thereafter.  The records attached hereto are the original or exact duplicates of the original.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the  26th day of  August , A.D., 2008

_____
NOTARY PUBLIC, in and for

State of  Texas _____

County of  Travis _____

JANETH ROBERTS
Notary Public, State of Texas
My Commission Expires
DECEMBER 17, 2008
Notary without Bond

Janeth Roberts
(Printed Name)

My Commission Expires:  12-17-08

8/11/2008

State Information Center

Page 1 of 1

| Back to Sear

TIC Number Search

TIC Number

791494&2304

Returned:

WANTED PERSON
XCE/TW DTE/20080131 1732
ORI/TX0820010C ATF/AUTH FD CTI/291 386-4370 AN/JAUTIN PD
NAM/MULLIS, TRAVIS
DOB/19960920 SEX/M RAC/W HGT/510 WGT/150 SOL/BRO EYE/HAZ
OCA/22080189A NIC/W0377311?
MIS/8790B.1.3 ALSO WANTED FOR QUESTIONING FOR HOMICIDE OF AN INFANT
LIC/0673JF LIS/TX LIY/2009

TRANSACTION(S) DATA
MKE/CX TYP/C DTE/20090206 0013
MKE/GW TYP/I DTE/20080131 1732
MKE/CX TYP/L DTE/20080206 0022

125

8/11/2008

Transaction Log Search

Page 1 of 8

[Back to Search Menu]

| | | STARTING TIMESTAMP | | | | | ENDING TIMESTAMP | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | MM | DD | YYYY | hh | mm | MM | DD | YYYY | hh | mm |
| | | 1 | 11 | 2008 | 0 | 0 | 2 | 1 | 2009 | 0 | 0 |

APPLICATION TYPE
TCIC    ALL

SORT BY:
DATE/TIME

SEARCH STRING
MULLIS, TRAVIS

DISPLAY:
ALL FIELDS

[Search] [Clear]

Number of records meeting your criteria: 31

| TIMESTAMP | TYPE | MNN | MKE | ORI | TRANSACTION |
|---|---|---|---|---|---|
| 1/31/2009 12:14:50 AM | O | QV | TX1010040 | | TX1010040 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ S10 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C9U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W9937455941 TTC/TW149609905 DTE/2 XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM ** |
| 1/31/2009 12:10:44 AM | O | QV | TX1010040 | | TX1010040 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ S10 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C9U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W9937455941 TTC/TW149609905 DTE/2 XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM ** |
| | AUH | | TX1010040 | | TX1010040 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ S10 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OWN DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C9U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W9937455941 TTC/TW149609905 DTE/2 00801129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM ** |
| | | | | | TX1010032 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE M S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ M |

126

8/11/2008

| Date/Time | | | | Code | Message |
|---|---|---|---|---|---|
| 1/31/2008 12:17:54 AM | O | HRX2 | QV | TX101002 | 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A HIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KHHCG45C2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 1:00:16 AM | O | AUH | QV | TX1010040 | TX101004D MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KHHCG45C2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 2:41:33 AM | O | BWX1 | ZV | TX101013X3 | TX101013X3 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OR AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KHHCG45C2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 3:23:54 AM | O | LGX2 | QV | TX08409X2 | TX08409X2 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KHHCG45C2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |

8/11/2008

| Date/Time | | | | | Message |
|---|---|---|---|---|---|
| 1/31/2008 6:28:42 AM | O | | AUB1 | QV | TXHPO0000 ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C02U393645 VYR/2002 VM 008O129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 10:13:37 AM | O | | AUB1 | QV | TXHPO0A3 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE M1 S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE JUSTICE ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED PLACED BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C02U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 008O129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 3:08:35 PM | O | | AUB9 | QV | TXHPO0A9 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE M1 S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE JUSTICE ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED PLACED BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C02U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 008O129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM ** |
| 1/31/2008 5:09:28 PM | 1 | | ALV8 | QW | TX0200180 1N01ALV8_QW,TX0200180,NAM/MULLIS,TRAVIS,DOB/19860920,SEX/M,RAC/W |
| 1/31/2008 5:09:29 PM | O | | ALV8 | QW | TX0200180 TX0200180 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE M1 S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIN GALVESTON C ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED PLACED BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KMHCG45C02U393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TW1496059905 DTE/2 008O129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM ** |
| 1/31/2008 5:09:29 PM | O | GGDQ | | QW | TX0200180 TX0840400 THIS NOTIFICATION WAS GENERATED 200801131 1709 BY THE FOLLOWING TRAMS ACTION QW-TX0200180 NAM/MULLIS,TRAVIS DOB/19860920,SEX/M,RAC/W TERMINAL - ALV8 **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 5:32:52 PM | 1 | ALV8 | | EW | TX0200100 1N01ALV8_EW,TX0200100,MULLIS,TRAVIS,M,W,TX,19860920,,510,150,HAZ,BRO TICMING FOR HOMICIDE OF AN INFANT,,067RJP,TX,2008,PC.............N |

128

8/11/2008

Page 4 of 8

| Date/Time | | | | | Message |
|---|---|---|---|---|---|
| 1/31/2008 5:32:54 PM | 0 | ALVE | EW | TX0200100 | TX0200100 NAM/MULLIS,TRAVIS OCA/200801884 TIC/TWI496483204 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD ORL/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE AUTH GALVESTON COUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SUBJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KNHCG45C52U393645 VYR/2002 VMA/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TWI496059905 DTE/20080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI **TH |
| 1/31/2008 5:37:01 PM | 0 | HRX2 | QV | TX10100X2 | TX10100X2 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD ORL/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON COUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SUBJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KNHCG45C52U393645 VYR/2002 VMA/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TWI496059905 DTE/20080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E |
| 1/31/2008 6:48:27 PM | 1 | TRX1 | QW | TX0840900 | 1M01TRX1_05003_.QW.TX0840900 NAM/MULLIS,TRAVIS DOB/19860926.RAC/W SEX/M **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 6:49:50 PM | 0 | TRX1 | QW | TX0840900 | 1M01TRX1.05003.QW.TX0840900 NAM/MULLIS,TRAVIS DOB/19860926.RAC/W SEX/M **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 6:49:50 PM | 1 | TRX1 | QW | TX0840900 | TX0840900 NO TCIC WANT NAM/MULLIS,TRAVIS DOB/19860926.RAC/W.SEX/M.RAC/W **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 6:59:04 PM | 0 | TRX2 | QV | TX10100X2 | TX10100X2 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD ORL/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860926 HGT/510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH COUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SUBJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067RJP LIS/TX LIY/2008 LIT/PC VIN/KNHCG45C52U393645 VYR/2002 VMA/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W993745941 TIC/TWI496059905 DTE/Z0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E |

8/11/2008

| | | | | |
|---|---|---|---|---|
| 1/31/2009 7:16:32 PM | O | HRX2 | QV | TX10100Z2 | XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI OTED IN THE MIS FIELD ORI/TX0200100 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DO B/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BRO OFF/ENTICEMENT MINOR FOR INDENC ENT PURPOSES DOW/20080131 WNO/EP080091 OCA/20080184# MIS/SUBJ IS ALSO WA NTED FOR QUESTIONING FOR HOMICIDE OF AN INFANT LIC/067R3P LIS/TX LIY/2008 L IT/PC DNA/N NIC/W03373117 TIC/TW1496482304 DTE/20080131 1732 ORI IS ALV IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** TX10100X2 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0080400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DO B/19860920 HGT/510 EYE/HAZ HAI/BLN OLN/23857148 OLST/X OLY/2012 OFF/OBSTRUCTING OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KMHG45C2U9393645 VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W93745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N OTED IN THE MIS FIELD ORI/TX0200100 MAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DO ... |
| 1/31/2009 7:41:13 PM | O | BWX1 | QV | TX10101X3 | XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N OTED IN THE MIS FIELD ORI/TX0200100 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DO B/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BRO OFF/ENTICEMENT MINOR FOR INDENC ENT PURPOSES DOW/20080131 WNO/EP080091 OCA/20080184# MIS/SUBJ IS ALSO WA NTED FOR QUESTIONING FOR HOMICIDE OF AN MIS/INFANT LIC/067R3P LIS/TX LIY/2008 L IT/PC DNA/N NIC/W03373117 TIC/TW1496482304 DTE/20080131 1732 ORI IS ALV IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** TX10101X3 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0080400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DOB/19860920 HGT/ 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLST/X OLY/2012 OFF/OBSTRUCTING OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KMHG45C2U9393645 VYR/2002 VM A/HYUN VMO/ACC VST/40 VCO/SIL DNA/N NIC/W93745941 TIC/TW1496059905 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N OTED IN THE MIS FIELD ORI/TX0200100 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W POB/TX DO ... |
| 1/31/2009 8:15:08 PM | 1 | BWX1 | QW | TX10101X3 | TX10101X3 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI /W 1M0)BWX1 AACAC.QW TX10101X3 NAM/MULLIS,TRAVIS JAMES.DOB/19860920.SEX/M.RAC |

130

8/11/2008

| Date/Time | | | | | Message |
|---|---|---|---|---|---|
| 1/31/2008 8:15:09 PM | O | BWX1 | QW | TX1010.1X3 | S FIELD ORU/TX0840400 NAM/MULLIS,TRAVIS,JAMES SEX/M RAC/W DOB/19860920 HGT/ OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KHHCG4SCX2U393645 S VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W99374594 1 TIC/TW149605905 DTE/2 008129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORU **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 8:15:09 PM | O | GGX2 | QW | TX1010.1X3 | TX0840400 THIS NOTIFICATION WAS GENERATED 20080131 2015 BY THE FOLLOWING TRANS ACTION QW.TX1010.1X3 NAM/MULLIS,TRAVIS JAMES DOB/19860920 SEX/M RAC/W TERM/ NAL - BWX1 AACAC **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** **THIS |
| 1/31/2008 8:20:13 PM | O | HRX2 | QV | TX1010.0X2 | TX1010.0X2 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORU/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED PLACED BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KHHCG4SCX2U393645 S VYR/2002 V MA/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W99374594 1 TIC/TW149605905 DTE/2 008129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E XTRADITION WITH ORU **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** **THIS |
| 1/31/2008 8:26:43 PM | O | PWX4 | QW | TX2.2012X3 | TX2.2012X3 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORU/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RAC/W DOB/19860920 HGT/ JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE AUTH GALVESTON C ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KHHCG4SCX2U393645 S VYR/2002 VM A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W99374594 1 TIC/TW149605905 DTE/2 008129 2140 ORI IS GALVESTON PD 409 765-3702 IMMED CONFIRM WARRANT AND E |

131

8/11/2008

| 1/31/2008 9:51:06 PM | O | HRX2 | QV | TX1010XX2 | XTRADITION WITH ORI HKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI B/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING EMT PURPOSES DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED BJECT PLACE A HOLD ON VEHICLE FOR HIS/INFANT IF VEHICLE IS LOCATED WITH SU SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KMHGC4SCO2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/40 VCO/SIL DNA/N NIC/W99374S941 TIC/TW1496489205 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI HKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N NTED FOR QUESTIONING FOR HOMICIDE OF AN INFANT LIC/067R3P LIS/TX LIY/2008 L IT/PC DNA/N NIC/W99374S941 TIC/TW1496489205 DTE/20080131 1732 ORI IS ALV IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |
| 1/31/2008 9:51:33 PM | O |  |  | TX1010XX2 | TX1010XX2 HKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI S FIELD ORI/TX0804000 NAM/MULLS,TRAVIS JAMES SEX/M RACW DOB/19860920 HGT/ 510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING JUSTICE DOW/20080129 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED ON HIM FOR POSSIBLE HOMICIDE OF AN INFANT IF IT IS REQUESTED THAT PLACE A HOLD ON VEHICLE FOR HIS/PROCESSING AS THEY MAY BE THE CRIME SCENE LIC/067R3P LIS/TX LIY/2008 LIT/PC VIN/KMHGC4SCO2U393645 VYR/2002 VM A/HYUN VMO/ACC VST/40 VCO/SIL DNA/N NIC/W99374S941 TIC/TW1496489205 DTE/2 0080129 2140 ORI IS GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E XTRADITION WITH ORI HKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N TED FOR QUESTIONING FOR HOMICIDE OF AN INFANT LIC/067R3P LIS/TX LIY/2008 L IT/PC DNA/N NIC/W99374S941 TIC/TW1496489205 DTE/20080131 1732 ORI IS ALV IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS MESSAGE IS FROM THE TCIC 2000 SYSTEM.** |

8/11/2008

Texas Crime Information Center

Page 8 of 8

2008 DEC -2 PM 12: 21

| | O | AUH | QW | TX1014800 | |
|---|---|---|---|---|---|

1/31/2008 9:53:22 PM

OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED
ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH SU
BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME
SCENE LIC/06,7RJP LIS/TX LIY/2008 LIT/PC VIN/KHICG45COU393645 VYR/2002 VM/
A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W9937T45941 TLC/TW1496059905 DTE/Z
0080129 2140 ORI 1S GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND, E
XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N
OTED IN THE MIS FIELD ORI/TX0200100 NAM/MULLIS,TRAVIS SEX/M RACW POB/TX DO
B/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BRO OFF/ENTICEMENT MINOR FOR INDENC
NT/PC DMA/N MIC/W03777317 TLC/TW1496482304 DTE/20060131 1732 ORI 1S ALV
IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS
MESSAGE IS FROM THE TCIC 2000 SYSTEM.**

1/31/2008 9:53:22 PM

TX1014800 MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MI
S FIELD ORI/TX0840400 NAM/MULLIS,TRAVIS JAMES SEX/M RACW DOB/19860920 HGT/
510 WGT/150 EYE/HAZ HAI/BLN OLN/23857148 OLS/TX OLY/2012 OFF/OBSTRUCTING
JUSTICE DOW/20080125 OCA/08-3872 MIS/OBSTRUCTING JUSTICE AUTH GALVESTON C
OUNTY DA KIRK SISTRUNK SUBJECT HAS A MIS/SPECIAL INVESTIGATIVE HOLD PLACED
ON HIM FOR POSSIBLE HOMICIDE OF AN MIS/INFANT IF VEHICLE IS LOCATED WITH S
BJECT PLACE A HOLD ON VEHICLE FOR MIS/PROCESSING AS THIS MAY BE THE CRIME
SCENE LIC/06,7RJP LIS/TX LIY/2008 LIT/PC VIN/KHHG24SCOU393645 VYR/2002 VM/
A/HYUN VMO/ACC VST/4D VCO/SIL DNA/N NIC/W9937T45941 TLC/TW1496059905 DTE/Z
0080129 2140 ORI 1S GALVESTON PD 409 765-3702 IMHED CONFIRM WARRANT AND E
XTRADITION WITH ORI MKE/WANTED PERSON FULL EXTRADITION UNLESS OTHERWISE N
OTED IN THE MIS FIELD ORI/TX0200100 NAM/MULLIS,TRAVIS SEX/M RACW POB/TX DO
B/19860920 HGT/510 WGT/150 EYE/HAZ HAI/BRO OFF/ENTICEMENT MINOR FOR INDENC
ENT PURPOSES DOW/20080131 WKO/EP080091 OCA/20080189H MIS/SUBJ IS ALSO WA
NT/PC DMA/N MIC/W03777317 TLC/TW1496482304 DTE/20060131 1732 ORI 1S ALV
IN PD 281 388-4370 IMHED CONFIRM WARRANT AND EXTRADITION WITH ORI **THIS
MESSAGE IS FROM THE TCIC 2000 SYSTEM.**

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTONCOUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes the Defendant, TRAVIS JAMES MULLIS, by and through his counsel of record, and would show the Court the following:

I.

On the 13th day of November, 2009, a status conference was conducted in the 122nd Judicial District Court of Galveston County, Texas, for the above styled and numbered cause.

II.

During the status conference this case was set for trial. Gerald E. Bourque, Second Chair for Defendant Travis Mullis, informed the Court that he already had three capital murder trial cases pending where the prosecution was seeking the death penalty. The State of Texas v. Garland Harper set for January 11, 2010, pending in the 182nd Judicial District Court, Harris County, Texas; USA v. Edgar Garcia, pending in the Eastern District of Texas for April 6, 2010; and The State of Texas v. Myron Douglas Phillips in the 21st Judicial District Court of Burleson County on June 21, 2010.

Further, Gerald E. Bourque informed the Court that he could not physically go to trial on more than three death penalty cases in one year.

III.

Since the November 13, 2009 setting, the case pending in the 182nd Judicial District Court in Harris County has been rescheduled to May, 2009.   At that date, a new trial date for the Garland Harper matter will likely be set for September, 2010. Additionally, now the 259th Judicial District Court in Montgomery County has informed all counsel that the State of Texas vs. Alan Dale Whitfield (another death penalty case) has a January, 2011 trial date.

There are only 27 lawyers in the Second Administrative District that are Death Penalty Certified. Galveston County does not have a Death Penalty Certified lawyer.

IV.

This case in the above styled and numbered cause needs to be rescheduled to a date that will allow for the due administration of justice. This motion is not made for the purpose of delay but so justice might be done.   It should be noted that this case has been pending for almost two years and it took the State of Texas almost two years to decide they were going to seek death.    A case this complicated cannot be prepared for trial, even under the best of circumstances in less than one year from the date the prosecution makes it known they intend to seek death.

V.

In addition to the trial conflicts enumerated above, Defendant must bring an additional issue to the Court's attention in support of his motion for continuance. Counsel for Defendant has presented a detailed budget to this Court. Funding that budget cannot been finally approved until the experts are assigned to the case with their curriculum vitae's and cost analysis provided. Counsel has been diligently attempting to secure experts before and since the State made its election to seek death. Counsel needs a final ruling on the budget and an

opportunity to prepare those witnesses for trial. That cannot be done under the current Court schedule.

WHERFORE, PREMISES CONSIDERED, Defendant prays that the June, 2010 trial date on Travis Mullis be rescheduled to a date in mid-March or later, 2011.

Respectfully submitted,

GERALD E. BOURQUE
STATE BAR NO. 02716500
24 Waterway Ave., Suite 660
The Woodlands, TX 77380
Telephone:     (713) 862-7766
Telecopier:    (832) 813-0321

ROBERT K. LOPER
State Bar No. 12562300
111 W. 15th St.
Houston, Texas 77008
(713) 880-9000
(713) 869-9912 (fax)

ATTORNEY FOR DEFENDANT
TRAVIS JAMES MULLIS

136

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the District Attorney of Galveston County via fax on this ___14___ day of ___January___, 2010.

GERALD E. BOURQUE

137

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTONCOUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## ORDER ON DEFENDANT'S MOTION FOR CONTINUANCE

On this 19 day of January, 2010, came on to be considered Defendant's

Motion for Continuance, and after due consideration, the Court is of the opinion, and it is

hereby ORDERED, that said Motion is:

_____ ✓ **GRANTED**

_____ **DENIED**, to which ruling Defendant timely excepts.

January 25, 2010

_____
JUDGE PRESIDING

NO. 08CR0333

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| | OF |
| VS. | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | 122ND JUDICIAL DISTRICT |

## MOTION IN OPPOSITON TO DEFENDANT'S MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas by and through her attorney of record, and opposes the Defendant's Motion for Continuance filed on the 14th day of January, 2010 and would show unto the Court as follows:

I.

Defendant's Motion for Continuance is not sworn to as required by Article 29.08 of the Texas Code of Criminal Procedure.

II.

Defendant's assertion in said Motion for Continuance that "it took the State almost two years to decide they were going to seek death" is not supported by facts. The State gave Defendant's counsel, Robert Loper, written notice that the State would seek the death penalty on the 12th day of August, 2008. That notice was filed with the Court of said date, a copy of which is attached hereto and incorporated herein for all purposes as Exhibit A.

For the Defendant's counsel to suggest that they were unaware the State would seek the death penalty herein is rebutted by defense counsels' multiple ex-parte conferences with the Court asking for the appointment of death penalty mitigation expert(s) and the subsequent orders entered by the Court appointing such expert(s). The State would ask the Court to take Judicial Notice of such ex-parte conferences with defense counsel in reference to mitigation experts and of the Orders by the Court appointing said experts.

### III.

During the status conference on November 13, 2009, The State requested the Court to set the above styled case for trial earlier than the June 1, 2010 trial date later set by the Court.

Defense counsel, Robert Loper and Gerald Bourque agreed to the June 1, 2010 date and did not mention at that time that the Defense needed to address the issue of experts as alleged in the Motion for Continuance nor did defense counsel mention the issue of not being given enough time after the notice of the death penalty being sought to prepare for trial. The State would ask the Court to take Judicial Notice of said conference.

### IV.

The Capital Murder alleged in the indictment herein was committed on the 29th day of January 2008 and the indictment was returned on the 28th day of February, 2008. This case is presently set for trial on June 1, 2010, a date which is over 2 years from the date of indictment. Further delay would not be in the interest of justice. The State has multiple witnesses in various counties in Texas and various other States and has made great effort to coordinate the testimony and appearance of said witnesses without a word from defense counsel that they would be asking for a continuance. In fact, the Court was the first to advise this office that defense counsel told the Court ex-parte that they would be asking for a continuance. The State received the Defendant's Motion for Continuance on the 14th day of January, 2010.

Wherefore, premises considered, The State prays that Defendant's Motion for Continuance be denied.

Respectfully submitted,

LARRY A. DROSNES, Assistant
Criminal District Attorney
Galveston County, Texas

149

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion in Opposition to Defendant's Motion for Continuance in the above styled and numbered cause has been delivered to Robert Loper Attorney for the Defendant, on this ___ day of _____, 2010.

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas

NO.08CR0333

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
| VS. | GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | 122ND JUDICIAL DISTRICT |

<u>NOTICE OF SEEKING THE DEATH PENALTY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

    Now comes The State of Texas by and through its Criminal District Attorney, and advises the Court and the Defendant that the State **will seek the death penalty** for the Defendant TRAVIS JAMES MULLIS should he be convicted of the offense of Capital Murder as alleged in the indictment herein.

                    Respectfully submitted,

                    LARRY A. DROSNES
                    Assistant Criminal District Attorney
                    Galveston County, Texas

<u>CERTIFICATE OF SERVICE</u>

    I certify that a copy of the Notice to Seek the Death Penalty in the above styled and numbered cause has been personally delivered to Robert K. Loper, Attorney for the Defendant, on this _12_ day of _August_, 2008.

                    Larry A. Drosnes
                    Assistant Criminal District Attorney
                    Galveston County, Texas

2010 JAN 15 PH 3: 48

2008 AUG 12 AM 9: 54
DISTRICT CLERK
GALVESTON COUNTY, TX.

JAN 2 1 2010

To: Judge John Ellisor
122nd Judicial District
Galveston County, Tx

From: Travis James Mullis
Galveston County Jail
# 64386 / G-300

RE: Motion for Continuance ;; Cause # 08CR0333; State of Tx vs.
Travis James Mullis; Capital Murder

Your Honor,

Today you heard a Motion for Continuance as sworn
to & Presented by My Counsel Gerald Bourque & Robert Loper
Mr Bourque's reasoning being related to his Trial setting in
Burlington County Circuit Court which I understand you have spoken with
the Judge in relation to this matter. Though I was not
in front of the Bench I was Present during the hearing
And heard Everything Said by both sides as well as yourself.

During the hearing Several Possible routes of resolution to this were
Suggested. One as mentioned by the DA (Mr. Drosen) was to replace
Mr Bourque. Mr Bourque Presented the option to reschedule till January
2011. Mr Drosen stated that would Violate My rights to A speedy
trial & would therefore Cause me to be nearly 3 years by the
time trial started. Also, he mentioned that even starting in June 2010
would be over 2 years Already,

$\rightarrow$

143

First, off let Me say that Mr. Drosen's mention of my right to a speedy trial being violated if the continuance is allowed it has little merit to say the least given I've been waiting for 2 years Already, therefore my right to a "speedy" trial was violated long ago, However, I would gladly Waive my right to a speedy trial + wait till 2011 if necessary to keep my legal team intact.

Secondly, Expanding on the Point of keeping my legal staff intact. Mr. Drosen recommended removing + replacing Mr. Bourcave, So that trial could proceed as scheduled. Based on my legal research though I'm no Expert by Any Means) It is in my opinion that by replacing Mr. Bourcave At this Point would be Reversible Error. By replacing him you would be bringing a new Attorney who is NOT Familiar with the Defense in at a late stage. The new attorney would then be Way behind, Due to the Amount of Work + Records obtained + other Preparation already Done by my Current Legal team it would be an Exorbitant amount of Work to review + catch up on in such a short period of time. To be honest for Adequate Prep with a new attorney in Mr. Bourcave's Place Would require Delay Way beyond Jan 2011 Which would Worsen the issue. Any Sooner time with a new Attorney Would Damage the Effectiveness of Defense Counsel.

By Texas law the Court is required to Appoint a Second Lawyer to the Defense (MR Bowcand) Once the State Attorneys Seeking the Death Penalty, Mr Boureau + Mr loper have been Working together since August of 2008 to Prepare for this Case to Change Attorney(s) now would be detremental to the Defense + Violate my right to Effective Counsel. It would not matter if the lawyer was Jyll Rekoff, Greg Russell, Winston Cochran, or Johnny Cochran. It Could be Larry Drosen + Lester Blizzard who are Currently familer with the Prosecution of this Case; Even then It would not matter who was Appointed in Gerald Bourous Place No Attorney would would be able to Adequatley + Effectivley Prepere + Sum this Case + go to trial any sooner than Mr. Boureau would be available Unless the new Attorney Failed to Prepere & therefore Caused irreparable harm to the Defense,

Mr. Drosen has Stated the State is ready to go to Trial in June 2010 So why Cant he be ready in Jun 2011 If the State is Convinced they Can Acquire a Conviction in June 2010 Whats Another 6 month delay going to hurt unless the state is afraid by allowing more time for my Attorneys the Defense may be more able to beat the allegations? With all due respect your honor You have been very Fair So far in the Proceedings however the Prosecution Continues to try to mislead & the Defense, of these

145

Your honor I know the decision in the end on this matter is yours alone to make but I would like to respectfully request that you allow the continuance to JAN 2011 regardless of the right to speedy trial. I feel Effective representation is more important + I am very very confident in my current legal team; Mr. Bourac Mr. Loper + the others working for them.

At this point I would like to as stated above respectfully request that you grant this motion for continuance. Should you decide however to remove MR Bourac from the case I would like the courts record + the Appeal record to reflect My objections to the removal of counsel. I would be more than happy to come to your court + state My opinion on this matter for the record. Regardless of your decision I feel the record should reflect My position on this matter as the removal of Mr. Bourac would be a hindrance to the Defense + would account Reversible Error on Appeal should it come to that. Thank you Sir.

Respectfully Submitted,

Travis James Mullis
#64386 /SPN: 331074
Cause 08CR0333



## 122ND JUDICIAL DISTRICT COURT
## 3305 GALVESTON COUNTY JUSTICE CENTER

JOHN ELLISOR
JUDGE

600 59TH STREET
SUITE 3305
GALVESTON, TEXAS 77551
(409) 766-2275
FAX (409) 770-6265

JANICE NEUMANN
COURT COORDINATOR

JUDY HANSEN
COURT REPORTER
(409) 770-5169

# FACSIMILE TRANSMISSION

**DATE:**    2-22-10

**TO:**    Gerald Bourque/Robert Loper    **FAX:**  1-832-813-0321
Larry Drosnes/Lester Blizzard    409-765-3205

**FROM:**    John A. Ellisor, Jr., Judge
Janice Neumann, Court Coordinator
Judy Hansen, Court Reporter

**RE:**    08CR0333 State v. Travis James Mullis

**DOCUMENT (S) TRANSMITTED:**  Fax cover sheet, Letter from Defendant, MDSA

**NUMBER OF PAGES SENT (INCLUDING THIS PAGE):** 6

**MESSAGE:**   Attached please find a copy of a letter and Motion to Dismiss Attorney sent to the Court by the Defendant in the above cause.  Please contact the Court if you wish to have this Motion set for hearing.  In addition, the DA's office has asked that a hearing be set to put the DCO on the record.  Please advise as to when you may be able to appear in Galveston.

### NOTICE

If you did not receive all pages, please call (409) 766-2275 as soon as possible.

This Facsimile message is a privileged and confidential communication and is transmitted for the exclusive information and use of the addressee.  Persons responsible for delivering the communication to the intended recipient are admonished that this communication not be copied or disseminated except as directed by the addressee.  If you receive this communication in error, please notify the sender or the person who transmitted the communication immediately.

147

```
User ID: DC-12226XER
================================================================================
T´   Name: To whom it may concern
     Company:
     Fax Phone Number: 18328130321
     Contact Phone Number:
     Info Code 1:                          Info Code 2:

Sent to remote ID:2813796919
Sent at:Mon Feb 22 10:50:57 2010
Sent on channel 13
Elapsed Time:  3 minutes,  2 seconds
Transmission Status (0/339;0/0): Successful Send
Page Record: 1 - 6.
--------------------------------------------------------------------------------
```

```
User ID: DC-12226XER
==========================================================================
    Name: To whom it may concern
    Company:
    Fax Phone Number: 7653205
    Contact Phone Number:
    Info Code 1:                          Info Code 2:

Sent to remote ID:Fax Server
Sent at:Mon Feb 22 10:59:24 2010
Sent on channel 15
Elapsed Time:  3 minutes, 22 seconds
Transmission Status (0/339;0/0): Successful Send
Page Record: 1 - 6.
--------------------------------------------------------------------------
Sent to remote ID:Fax Server
Sent at:Mon Feb 22 10:50:54 2010
Sent on channel 15
Elapsed Time:  3 minutes, 30 seconds
Transmission Status (0/339;4/63): Transmission/Reception Error
Page Record: 1 - 5.
--------------------------------------------------------------------------
```

Cause# 08CR0333                    10 FEB 17 AM 9:05

The State of Texas
Vs.

_Travis Imo Mullis_

In the _____ District
Court of Galveston
County, Texas

## Motion To Dismiss Court-Appointed Counsel

To the Honorable Judge of said Court:

Comes now, _Travis James Mullis_ hereinafter known as the defendant in the above styled and numbered cause. To request this court dismiss court-appointed counsel and appointed an **effective** honest, independent counsel to represent the defendant, and would, in support thereof, show:

### I.

That the defendant is currently represented by Attorney _Gerald Bourque_ Whom this court appointed ____18____ months previous to the filing of this motion.

### II.

That the aforementioned Attorney has failed and continues to fail to represent the defendant in an effective, concerned, independent manner. Listed below are but a few of the complaints the defendant has regarding court-appointed counsel.

1. _Violation of Right to Speedy Trial_
2. _Cause of Unnecessary Delay of Trial Proceedings_
3. _Inability to Provide counsel as Trial lawyer in accordance with courts set Trial Date_ _Due to a large caseload_
4. _The above stated attorney will cause additional delay of at least 365 days whereas_
5. _The defendant has already been incarcerated in County Jail Pending Trial for 735 days_
6. _____

### III.

That the defendant has no confidence or faith counsel and that it is impossible to reconcile theses differences, thus the continued forced representation by counsel would cause irreparable harm and prejudice the defendant's Constitutional rights to **due process and a fair and impartial trial.**

150

## IV.

That the defendant request this court appoint an effective, independent, concerned counsel to represent the defendant. To insure the defendant's Constitutional Rights are protected and preserved. There are a select few Attorney's who meet these qualifications and the defendant wishes to ask the court to consider the appointment of the following:

1. Winston Cochran
2. Grey Russell
3. Any highly Qualified attorney the court Deems fit to represent the defendant

The defendant is aware the court is under no obligation to **guarantee** the defendant a specific Attorney. But in the interest of justice and in concern for rights of the defendant. Who is indigent. The defendant request this court consider the above listed Attorney(s).

## V.

That it is the intention of the defendant to file a formal grievance with the State Bar of Texas concerning the present court-appointed counsel. Thereby to prevent additional indigent inmates from being subject to the same ineffectiveness.

### Prayer

Wherefore premises considered the defendant prays this honorable court will grant this motion to dismiss court-appointed counsel and consider the names recommended by the defendant as replacement counsel. Additionally, it is the defendant's request that this court grants any and all additional relief deemed necessary and appropriate, in behalf of the defendant.

Respectfully submitted;

_____
**Defendant**

I Travis James Mullis _____ do swear and affirm the foregoing to be true and correct to the best of my knowledge, this 12 day February 20 10 .

_____
**Defendant**

VI.

Certificate of Service

The defendant due to his status of indigence, and his inability to procure true
and correct copies of the foregoing instrument, request the clerk of the court
provide copies to all parties involved in this cause.

Defendant

331074

Spin#

10 FEB 17 AM 9: 05
DISTRICT CLERK
GALVESTON COUNTY, TX

152

RECEIVED

FEB 17 2010

Judge Ellisor,

Your honor, recently I wrote asking you to not remove Gerald Bourque from my case (Cause 08CR0333 St. of Tx vs. Travis James Mullis; Capital Murder) however After Much thought I really dislike the delay till 2011 that Gerald is asking for, I want my Trial to start on June 1st as it was and is currently Scheduled. I ask you to deny the continuance + I have also filed a motion to dismiss Gerald from my case and ask you to appoint a suitable replacement.

Also, Mr Loper has expressed to me that if Gerald goes so does he and my other Staff (IE, Mitigation, PI, Psych Doctor) I know he will try to withdraw But cannot unless you grant it. Dont let Robert Loper go but send Gerald off. The delay till 2011 is unreasonable. Thank you for your Time + Consideration.

Respectfully Submitted

Travis James Mullis

Cause # 08CR0333

153

OFCR 0333

February 12", 2010

Ms. Wilson,

Please ensure the enclosed Motion to dismiss Court-Appointed Counsel is filed and there True & current copies are forwarded to all Partys due to my Indigent Status. Your Prompt assistance will Be greatly Appreciated.

Thanks,

Terra Jane Mills

Sent 331074    10 FEB 17 AM 9:05
GALVESTON COUNTY
DISTRICT CLERK

CAUSE NO. 08CR0333

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## ORDER DIRECTING AVAILABILITY OF COUNSEL

This Court scheduled the trial of this cause to begin February 4, 2011, after a previous continuance. This Court intends to proceed with the trial as scheduled without delay. Pre-trial evidentiary hearings are scheduled to begin on November 18, 2011.

As result of the trial setting in a case of this magnitude, the lawyers herein must be prepared to go forward as scheduled. To that end, this Court enters this Order directing the availability of defense counsel, Robert K. Loper and Gerald E. Bourque, beginning November 18, 2010 and continuing through March 31, 2011. The Court is aware of the necessity of completing all matters necessary for the effective assistance of counsel in the months prior to the trial of a capital murder case where the death penalty is sought by the government. The Court is also aware of the demands placed upon experienced trial counsel with a pending caseload of criminal actions. Defense counsel are directed to make every reasonable effort not to begin the trial of any other case or contested matter during this time of pretrial preparation and the beginning of trial herein and are directed to seek any reasonable continuance of other contested matters to comply with this directive. Defense counsel shall not be prohibited from making court appearances or attending to other matters in court, such as docket calls, appearances, pleas, sentencings, or other matters that could be immediately postponed upon notice from this Court, if pretrial matters arise herein.

Counsel herein are directed to bring this Order to the attention of any Court before which counsel is scheduled to appear for any trial or contested matter during the pendency of this trial. Any Court to which this Order is presented is respectfully requested to take notice hereof and to accord deference to the trial of this cause for the orderly administration of justice.   This Order is effective from the date of the entry hereof.

SIGNED this ___8___ day of ___March___, 2010.

JUDGE PRESIDING

APPROVED:

Larry A. Drosnes
Assistant Criminal District Attorney
Galveston County, Texas
Attorney for the State

Robert K. Loper
Attorney for Defendant

Gerald E. Bourque
Attorney for Defendant

156

| THE STATE OF TEXAS | § | IN THE JUDICIAL DISTRICT COURT |
| --- | --- | --- |
| vs. | § | OF GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

## DISCOVERY ORDER

1. _7·1·10_  Parties shall designate and disclose to opposing counsel  expert witnesses' names  and addresses and areas of expertise by the date indicated.
2. _3·31·10_  Defense pre-trial motions shall be delivered to the State.
3. _11·18·10_  Proposed juror questionnaires shall be delivered to opposing counsel. by the date indicated or agreed upon by the parties by said date.
4. _12·17·10_  Proposed juror questionnaires shall be submitted to the Court for approval by the date indicated.

SIGNED AND ENTERED this ___8___ day of _____March_____, 2010.

_____
JUDGE PRESIDING

Approved:

_Donna Goode_
Donna Goode
Assistant Criminal District Attorney
Galveston County, Texas
Attorney for the State

_____
Robert Loper
Attorney for Defendant

157

| THE STATE OF TEXAS | § | IN THE JUDICIAL DISTRICT COURT |
|---|---|---|
| vs. | § | OF GALVESTON COUNTY, TEXAS |
| TRAVIS JAMES MULLIS | § | 122nd JUDICIAL DISTRICT |

### DOCKET CONTROL ORDER

This Order was agreed upon by both the State and Defense and is effective as February 15, 2010.

1. **7-1-10**    Parties shall designate and disclose to opposing counsel  expert witnesses' names  and addresses and areas of expertise.

2. **11-18-10**    Pre-Trial Hearing (pursuant to Article 28.01 Code of Criminal Procedure).

3. **11-18-10**    Proposed juror questionnaires shall be delivered to opposing counsel.

4. **2-4-11**    General Voire Dire to begin.

5. **On or about 2-7-11** Individual Voire Dire to begin

6. **On or about 3-7-11** Presentation of evidence to begin.

SIGNED AND ENTERED this ___8___ day of _____March_____, 2010.

_____
JUDGE PRESIDING

Approved:

_____
Donna Goode
Assistant Criminal District Attorney
Galveston County, Texas
Attorney for the State

_____
Robert Loper
Attorney for Defendant

_____
Gerald Bourque
Attorney for Defendant

0333
**CAUSE NO. 08-3872**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

### MOTION FOR ORDER "IN LIMINE" TO PRESERVE THE TRUE AND CORRECT MEANING OF "PROBABILITY" IN THE FUTURE DANGEROUSNESS INSTRUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** the Defendant in the above styled and numbered cause, who makes and files the above captioned motion, on the following grounds:

Defendant stands charged with capital murder; the state seeks to impose death as a penalty.

In order to impose the death penalty, Texas law requires the state to secure a jury verdict finding that the defendant will be sufficiently dangerous in the future that his death is the appropriate penalty. Tex. Code Crim. Proc. art. 37.071 (2)(b)(1).

The text of the future dangerousness special issue is as follows: "Whether there is a *probability* that the defendant would commit criminal acts of violence that would constitute a continuing threat to society".

159

Defendant says that the common and ordinary understanding of the word "probability" is "more likely than not", rather than the mathematical sense of the word, " any possibility". *See Robison v. State*, 888 S.W.2d 473 (Tex. Crim. App. 1994), where our Court of Criminal Appeals declared that our legislature intended the common and ordinary meaning, suggested above, in the "future dangerousness" special issue.

The force and meaning of the word "probability" in this special issue may not be diluted or rendered meaningless without serious constitutional implications affecting the conduct of this trial. *See Jurek v. Texas*, 428 U.S. 262 (1976) (citing *Furman v. Georgia*, 408 U.S. 238 (1972), where the Supreme Court made it clear that the three Texas special issues were needed to accommodate the Eighth Amendment and the Due Process Clause). Put simply, after *Furman*, the death penalty was reserved for the worst murders and the worst murderers; the three special issues were upheld because they were thought adequate to assist and guide Texas sentencing juries in making the final selection among those death eligible individuals for whom death is the appropriate penalty.

Further, after *Furman*, the death penalty cannot be imposed under sentencing procedures that create a substantial risk that it will be inflicted in an arbitrary and capricious manner. *Gregg v. Georgia*, 428 U.S. 153, 188 (1976), cautioned that the sentencing authority must be apprised of the information relevant to the imposition of sentence and provided with standards to guide its use of the information." *Id.* 195. That guidance is sufficient only if it channels the sentencer's discretion by clear and objective standards that provide specific and

detailed guidance, and that make rationally reviewable the process for imposing a sentence of death. *Godfrey v. Georgia*, 446 U.S. 420, 428 (1980).

Aggravating factors, (such as the Texas future dangerousness requirement), essential to the constitutionality of any death penalty scheme, must genuinely narrow the class of death-eligible persons in a way that reasonably justifies the imposition of a more severe sentence on the defendant compared to others found guilty of murder. *Zant v. Stephens*, 462 U.S. 862 (1983).

Further, both on their face, and as applied, aggravating circumstances must permit the sentencer to make a "principled distinction between those who deserve the death penalty and those who do not." *Lewis v. Jeffers*, 497 U.S. 764, 776 (1990); *see also Richmond v. Lewis*, 506 U.S. 40, 46 (1992) ("a statutory aggravating factor is unconstitutionally vague if it fails to furnish principled guidance for the choice between death and a lesser penalty"); *Clemons v. Mississippi*, 494 U.S. 738, 738 (1990) ("invalid aggravating circumstance [provided] 'no principled way to distinguish the case in which the death penalty is imposed, from the many cases in which it was not'"); *Maynard v. Cartwright*, 486 U.S. 356 (1988) ("[t]he construction or application of an aggravating circumstance is unconstitutionally broad or vague if it does not channel or limit the sentencer's discretion in imposing the death penalty").

The three special issues upheld in *Jurek* inquired into the defendant's deliberation, his expectation that his acts would cause the death of the victim, and whether the defendant had any sense of provocation or self defense, in addition to the "future dangerousness" of the defendant.

The Supreme Court has not been called upon to determine the constitutionality of the Texas "future dangerousness" question, stripped, as it now is, of the other important guiding and channeling elements present in *Jurek*.

Further, the many Texas and federal cases rejecting claims of Texas death sentenced prison inmates for instructional definitions of the words in the future dangerousness question have been cast into doubt by the so-called "Penry Amendments" to Art. 37.071, which *eliminated* the specific safeguards described above while adding a new, conditional, special issue on mitigating evidence which comes into play, if at all, under a presumption in favor of death, far too easily raised by an affirmative "future dangerousness" finding.

The recent Texas cases rejecting complaints of the trial court's failure or refusal to define the term "probability" have misplaced their great  reliance on *Jurek v. Texas*, supra, as our Supreme Court did not then have the present, abbreviated statutory scheme before it. *See Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. App. 1999).

The elimination of the requirement of a reasonable expectation of the death of the victim has huge implications in this case; Mr. Blue apparently caused the death of the victim with less than a pint of gasoline, some of which was used on a Mr. Larence Williams, not the murder victim. The new, stripped-down version of the Texas special issues now requires the inquiry into future dangerousness to do the job of all three former issues.

Defendant says that the jurors must be instructed, from voir dire on, that the word "probability" means a very high probability, because life itself is in the balance. [See the dissenting opinions of justices Odom and Roberts in *Jurek v. State*, 522 S.W.2d 934 (Tex. Crim. App. 1975) (overruled on other grounds).]

This is necessary to assure that the jury will not impose death except for the worst murders and murderers, *see Furman,* and that it will engage in a *reasoned* moral process, rather than a frivolous or capricious one, as required by *Penry v. Johnson*, 121 S. Ct. 1910 (2001).

By indoctrinating the jury that "probability" meant "any possibility", the state secured so great and unfair an advantage over the defendant, at the expense of the Eighth Amendment and the Due Process Clauses contained in our Bill of Rights, that confidence in the reliability of the outcome is undermined.

By way of illustration, Defendant says that it is useful here to imagine the most pious and righteous person in the recent history of our civilized society, perhaps Mother Teresa, the Reverend Billy Graham, Barbara Bush, or former president Jimmy Carter. One simply cannot say that there is "no possibility" that such a person would never, ever, pose some danger to person or property in the future. The truthful answer to the Texas special issue would have to be "yes", even in the cases of the three great citizens mentioned. To give this meaning to the word "probability" deprives the whole special issue of its intended purpose: to separate the merely bad from the worst of the worst.

Defendant says that in order to secure to him the true and intended, and constitutional, meaning of the "future dangerousness" special issue, the court should order the prosecutors to refrain from stating or even suggesting to the prospective jurors, or the trial panel of 12, that the word "probability" as used in the "future dangerousness" issue, means anything less than 95% probable, and if such relief is denied, then defendant requests that the jury be instructed that the word "probability" means a high probability, and if such relief is denied, he requests that as a very minimum, the word be defined for the jury as meaning "more likely than not".

To permit the prosecutor to give a false impression of our law in this regard would effectively deprive the Defendant of his rights under Texas Code of Criminal Procedure, Article 37.071, Section 2(b)(1), and the Fifth, Sixth, Eighth, and Fourteenth Amendment to the United States Constitution; the requested order in limine must issue.

**WHEREFORE PREMISES CONSIDERED**, Defendant prays the court to grant this motion in all things, by signing an order in substantially the same form as that appended hereto.

Respectfully Submitted,

**ROBERT K. LOPER**
SBN: 12562300
111 West 15th Street
Houston, Tx 77008
713-880-9000(office)
713-869-9912 (fax)

**GERALD BOURQUE**
SBN: 02716500
24 Waterway Ave., #660
The Woodlands, Tx 77380
713-862-7766(office)
832-813-0321 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been hand delivered to the District Attorney's Office, on March 9 , 2010.

**ROBERT K. LOPER**

JASON E. MURRAY
CLERK DISTRICT COURT
FILED
*My Couns*
JAN 20 2011
GALVESTON COUNTY, TEXAS
DEPUTY

## CAUSE NO. 08-3872

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

## ORDER

**BE IT REMEMBERED**, that on the ___20___ day of ___Jan.___, 201_, came to be considered the foregoing **MOTION FOR ORDER "IN LIMINE" TO PRESERVE THE TRUE AND CORRECT MEANING OF "PROBABILITY" IN THE FUTURE DANGEROUSNESS INSTRUCTION.**

After consideration, the court has determined that the motion shall be, and is hereby,

___✓___ **GRANTED.** *as stated in the record on 1 - 20 - 11*

_____ **DENIED.**

SIGNED the ___20___ day of _____ Jan _____, 201_.

*John Ellison*

JUDGE PRESIDING

166

0333

## CAUSE NO. 08-~~3872~~

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

## ELECTION OF JURY PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Travis James Mullis, Defendant in the above-entitled and numbered criminal action, hereby requests through his attorneys of record, Robert K. Loper and Gerald Bourque, that the jury assess punishment if convicted of a lesser-included offense, in accordance with Tex. Code Crim. Proc. art. 37.07.

Respectfully submitted,

**ROBERT K. LOPER**
SBN: 12562300
111 West 15th Street
Houston, Tx 77008
713-880-9000(office)
713-869-9912 (fax)

**GERALD BOURQUE**
SBN: 02716500
24 Waterway Ave., #660
The Woodlands, Tx 77380
713-862-7766(office)
832-813-0321 (fax)

**ATTORNEYS FOR DEFENDANT**

1

167

0333

**CAUSE NO. 08-3872**

FILED
10:06 am
MAR 0 8 2010
GALVESTON COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

### MOTION *IN LIMINE* TO EXCLUDE PSYCHIATRIC OR PSYCHOLOGICAL TESTIMONY CONCERNING FUTURE DANGEROUSNESS

Pursuant to the 5th, 6th, 8th, and 14th Amendments to the United States Constitution, Art. I, §§ 10, 13, 15, and 19 of the Texas Constitution, Tex. Code Crim. Pro. art. 28.01 and Tex. R. Evid. 401, 403, 702, 703, and 705, and for the reasons set forth below and in the attached *Memorandum of Law*, the Defendant respectfully moves this Court to exclude all psychiatric or psychological expert opinion testimony offered by the State as to the probability that the Defendant will commit future "criminal acts of violence that would constitute a continuing threat to society" under Tex. Code Crim. Proc. Ann. art. 37.071 (2)(b)(1)(Vernon Supp. 2001).

The Defendant has been indicted by the Harris County Grand Jury for the offense of capital murder;

The State is seeking the death penalty;

1

The State seeks to call one or more witnesses to offer psychiatric or psychological expert opinions or predictions as to the Defendant's eligibility for the death penalty under Tex. Code Crim. Proc. Ann. art. 37.071 § (2)(b)(1)(Vernon Supp. 2001).

The opinions proffered will be either scientific in nature or based on personal training and experience.

The admissibility of these opinions is governed by Tex. R. Evid. 401, 403, 702, 703, and 705 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992); *E.I. du Pont Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995); *Gammill v. Jack Williams Chevrolet*, 972 S.W.2d 713 (Tex. 1998); *Nenno v. State*, 970 S.W.2d 549 (Tex. Crim. App. 1998) (overruled in part on other grounds).

Psychiatric or psychological predictions as to a whether a Defendant will constitute a continuing threat to society, or a Defendant's "future dangerousness," are inadmissible because they do not meet the standards for reliability articulated in the rules of evidence and the common law. Such predictions are unreliable due to (a) their overwhelming rate of error; (b) their lack of acceptance in the relevant scientific community, (c) the subjective, inconsistent, ad-hoc, and standardless manner in which they are formed, (d) the absence of a proper and adequately reliable data source upon which to base them. Any testimony the State seeks to admit incorporating such predictions does not satisfy the reliability requirement of Tex. R. Evid. 702, and must be excluded.

Psychiatric or psychological predictions of a Defendant's future dangerousness are further inadmissible because they do not meet the standards for relevance articulated in the rules of evidence and the common law.   Such predictions are irrelevant because they do not assist the juror in determining a question of fact.

Psychiatric or psychological predictions of a Defendant's future dangerousness are further inadmissible because any probative value is substantially outweighed By the danger of unfair prejudice pursuant to Tex. R. Evid. 403.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that the Court exclude any and all psychiatric or psychological expert testimony offered by the State that incorporates a prediction as to whether Defendant is a future danger or will constitute a continuing threat to society.

Respectfully Submitted,

_____

**ROBERT K. LOPER**
SBN: 12562300
111 West 15th Street
Houston, Tx 77008
713-880-9000(office)
713-869-9912 (fax)

_____

**GERALD BOURQUE**
SBN: 02716500
24 Waterway Ave., #660
The Woodlands, Tx 77380
713-862-7766 (office)
832-813-0321 (fax)

**ATTORNEYS FOR DEFENDANT**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
## PSYCHIATRIC OR PSYCHOLOGICAL  TESTIMONY CONCERNING FUTURE
## DANGEROUSNESS

Pursuant to the 5th, 6th, 8th, and 14th Amendments to the United States Constitution, Art. I, §§ 10, 13, 15, and 19 of the Texas Constitution, Tex. Code Crim. Proc. art. 28.01 and Tex. R. Evid. 401, 403, 702, 703, and 705, Defendant requests that this Court exclude all psychiatric or psychological expert opinion testimony offered by the State as to the probability that Defendant will commit future "criminal acts of violence that would constitute a continuing threat to society" under Tex. Code Crim. Proc. art. 37.071  (2)(b)(1)(Vernon Supp. 2001).  Defendant respectfully submits that such testimony does not meet the requirements of Rules 702 or 403.

### INTRODUCTION

For expert testimony to be admitted as evidence under Tex. R. Evid. 702, a trial court must determine whether such testimony is reliable and relevant. *Gammill v. Jack Williams Chevrolet*, 972 S.W.2d 713, 720 (Tex. 1998). The trial court functions in a "gatekeeping role" for the admission of such evidence. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992); *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995); *Nenno v. State*, 970 S.W.2d 549 (Tex. Crim. App. 1998) (overruled in part on other grounds). The proponent of expert testimony bears the strict burden of proving both the reliability and relevance of such testimony before it may be admitted into evidence. *Robinson*, 923 S.W.2d at 557.

Additionally, evidence deemed reliable and relevant must be excluded if "its probative value is substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403.

In the penalty phase of a capital trial, a court must evaluate psychiatric or psychological testimony that predicts a Defendant's continuing threat to society under Art. 37.071 § (2)(b)(1), or "future dangerousness," using these reliability, relevance, and prejudice considerations. *Nenno*, 970 S.W.2d 549 (performing a reliability, relevance, and prejudice inquiry for psychiatric testimony in penalty phase of capital murder trial); *Joiner v. State*, 825 S.W.2d 701 (Tex. Crim. App. 1992) (same). When evaluated for reliability, relevance, and prejudice, the gross impropriety and inadmissibility of psychiatric and psychological predictions of future dangerousness becomes clear. The admission of testimony that incorporates these predictions violates the rules of evidence, the constitutional rights of the accused, and the common law.

## ARGUMENT

### PSYCHIATRIC OR PSYCHOLOGICAL PREDICTIONS OF A DEFENDANT'S FUTURE DANGEROUSNESS ARE UNRELIABLE, AND <u>MUST BE EXCLUDED UNDER TEX. R. EVID. 702.</u>

The reliability of expert testimony rests on a preliminary assessment of whether the reasoning or methodology underlying the testimony is valid and may properly be applied to the facts in issue. *Daubert*, 509 U.S. at 593-94. A preliminary assessment of reliability is guided by (a) the validity of the underlying scientific theory (b) the validity of the technique applying the theory and (c) the proper application of the technique on the occasion in question. *Kelly*, 824 S.W.2d at 573; *Nenno*, 970 S.W.2d at 561. Questions of validity and proper application are to be guided by certain factors, which include, but are not limited to:

The qualifications, experience, and skill of the person testifying;

The extent to which the reasoning or methodology can be and has been tested;

The extent to which the reasoning or methodology relies upon the subjective interpretation of the person testifying;

Whether the reasoning or methodology has been subjected to peer review and/or publication, and whether the theory or technique has been rejected in such literature;

The availability of other experts to test and evaluate the technique;

The potential or known rate of error of the reasoning or methodology;·

Whether the reasoning or methodology has been generally accepted as valid by the relevant scientific community;

The non-judicial uses which have been made of the reasoning or methodology;

The clarity with which the underlying theory and technique can be explained to the court.

*Daubert*, 509 U.S. at 593; *Gammill* 972 S.W.2d at 720; *Kelly*, 824 S.W.2d at 573.

The above-listed factors [*Daubert* and *Kelly* factors] are germane to evaluating the reliability of both scientific and non-scientific expert testimony, "[w]hether the expert would opine on economic valuation, advertising psychology, or engineering. . . ." *Gammill*, 972 S.W.2d at 725. *See also Moore v. Ashland Chem., Inc.*, 151 F.3d 269 (5th Cir. 1998) (holding that clinical medical expert's testimony was not admissible because it did not fulfill the *Daubert* factors); *Perez v. State*, 25 S.W.3d 830 (Tex. App.—Houston [1st Dist.] 2000) (applying *Daubert* analysis to non-scientific expert); *American Tourmaline Fields v. International Paper Co.*, No. CIV.A.3:96CV3363D, 1999 WL 242690 at *4 (N.D. Tex. April 19, 1999)(same). As such, the above listed principles govern the admissibility of psychiatric and psychological testimony,

which is based on a combination of training, experience, and scientific inquiry. *Nenno*, 970
S.W.2d at 560-62. *See also Muhammad v. State*, 46 S.W.3d 493, 506-507 (Tex. App.—El Paso
[8th Dist.] 2001) (using the *Kelly* factors to determine whether psychological evidence should be
admitted); *Green v. State*, 55 S.W.3d 633, 639-41 (Tex. App.—Tyler [12th Dist.] 2001)(same). In
evaluating "fields of study aside from the hard sciences," courts should tailor the above analysis
to examine closely the data collection procedures, such as personal interviews, document review,
or statistical analysis, conducted by the witness in question. *Nenno*, 970 S.W.2d at 561.

### Psychiatric or psychological predictions of future dangerousness, as generally performed and offered, fail to meet the Rule 702 standards of reliability.

In general, psychiatric or psychological testimony as to whether a Defendant will
constitute a continuing threat to society, or a Defendant's "future dangerousness," in capital cases
is an ad-hoc determination solicited by a hypothetical fact pattern presented to the witness by the
State. Occasionally, a limited record review accompanies the hypothetical fact pattern. The
hypothetical fact pattern primarily incorporates the facts of the specific crime for which the
Defendant has been convicted. Occasionally, the hypothetical fact pattern will incorporate
supplemental evidence, such as extraneous offenses, uncharged prior misconduct, and limited
character evidence, to be considered in the ad-hoc determination.

Psychiatric or psychological predictions of a Defendant's future dangerousness,
particularly ad-hoc determinations based on hypothetical fact patterns prepared and presented by
the State, must be excluded because they fail to meet adequate standards for reliability.

### The proponent of the expert testimony bears the burden of proving the reliability of the expert's testimony.

The proponent of psychiatric or psychological predictions of a Defendant's future
dangerousness bears the burden of proving the reliability of such predictions. *Robinson*, 923

7

S.W.2d at 557. In order to satisfy this burden the proponent must demonstrate his experience and skill in a sub-specialty of forensic psychology or psychiatry that addresses the prediction of future dangerousness of criminal Defendants in capital cases. A general degree in psychiatry or psychology is not sufficient to establish expertise in the predictions of future dangerousness in capital cases. *See Broders v. Heise*, 924 S.W.2d 148, 153 (Tex. 1996)(holding that a testifying expert must have expertise on the very matter about which he is to give an opinion and that a medical degree is not sufficient to establish this expertise). The proffered expert also bears the burden of proving his skill in predicting the future dangerousness of criminals. Experience testifying as an expert witness on the issue at hand is not sufficient to establish reliability. In fact, absent a showing of the reliability of the proffered testimony, the Texas Supreme Court has squarely rejected the testimony of those who have had long histories of testifying by noting that "'the only review the plaintiffs' experts' work has received has been by judges and juries, and the only place their theories and studies have been published is in the pages of the federal and state reporters.'" *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 726 (Tex. 1997) (quoting *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1318 (9th Cir. 1995)). Furthermore, experience in the field is not sufficient to establish expertise if such experience is not skillful. *See Sosa v. State*, 841 S.W.2d 912, 916 (Tex. App.—Houston [1st Dist.] 1992) (rejecting testimony of proffered "graphonalaysis" expert who had been a graphoanalyst for fifteen years and had reviewed thousands of handwriting samples because testimony otherwise not proved reliable).

In order to demonstrate this skill, the expert should be asked to proffer specific publications on the reliability and acceptability of the methodologies employed in predicting future dangerousness. *See Castellow v. Chevron USA*, 97 F. Supp. 2d 780, 794-95 (S.D. Tex. 2000) (rejecting experts' testimony who did not point to medical or scientific literature supporting their conclusions); *Green*, 55 S.W.3d at 640 (rejecting expert's testimony who did not

provide the trial court with any actual authorities and authorities supporting his analysis); *American Tourmaline Fields*, 1999 WL 242690 at *3 (rejecting testimony of proffered expert who has not provided court with copies of articles upon which he purported to rely and could not recall the name or citation for any articles that have discussed his technique). Further, the methodologies that the proffered expert employs in predicting future dangerousness must be consistent with the methodologies and principles of predicting future dangerousness that are detailed in those publications the expert brings to the court's attention. *See Green*, 55 S.W.3d at 640 (rejecting expert's testimony when expert did not indicate that he had followed the methodologies of the "authorities" that he cited); *Bennett v. PRC Pub. Sector*, 931 F. Supp. 484, 494 (S.D. Tex. 1996) (rejecting expert's testimony noting that the methodology he employed was not consistent with the methodologies described by experts and literature in the field that he had named).

### Psychiatric or psychological predictions of a Defendant's future dangerousness are unreliable, and therefore inadmissible, due to the overwhelming potential rate of error of such predictions.

It is generally accepted by the scientific community that psychiatrists and psychologists are more often incorrect in their assessments of future dangerousness than they are correct. The American Psychiatric Association [APA], has consistently maintained that "[t]he unreliability of psychiatric predictions of long-term future dangerousness is by now an established fact within the profession." *Barefoot v. Estelle*, 463 U.S. 880, 920 (1983) (Blackmun, J., dissenting) (quoting Brief Amicus Curiae for the American Psychiatric Association, *Barefoot v. Estelle*, 463 U.S. 880 (1983)(No. 82-6080) [hereinafter APA Brief]. *See also Flores v. Johnson*, 210 F.3d 456, 463 (5th Cir. 2000) (Garza, J., specially concurring) (noting that the scientific community's rejection of the reliability of predictions of future dangerousness is "as true today as it was in 1983.").

o

Predictions that a person will be dangerous in the future are wrong two out of three times. *Barefoot*, 463 U.S. at 920 (citing APA Brief at 9, 13); J. Monahan, The Clinical Prediction of Violent Behavior 47-49 (1981); C. Slobogin, ARTICLE: DANGEROUSNESS AND EXPERTISE, 133 U. Pa. L. Rev. 97, 111-17 (1984) (citing results of the major studies: Baxstrom study: 20% accuracy; Thornberry Study: 20% accuracy; New York study 14% accuracy: Kozol study: 34.7% accuracy; Paxtuxent study: 41.3% accuracy; Wenk study: 8% accuracy). As such, a jury member could more accurately predict dangerousness by flipping a coin rather than relying on an expert psychologist or psychiatrist's testimony. Because the conclusions drawn from ad-hoc psychiatric or psychological predictions of future dangerousness are more often wrong than right, the amorphous and undefined methodologies they employ should be deemed unreliable. *See GE v. Joiner*, 522 U.S. 136, 146 (1997) (holding that "conclusions and methodology are not entirely distinct from one another" and that erroneous conclusions may indicate a faulty underlying methodology).

Even the more generous studies, done under the most controlled settings, indicate that predictions of future dangerousness will be accurate only half of the time. As such, these predictions are no better than chance determinations of who will be dangerous in the future. Randy Otto, On the Ability of Mental Health Professionals to "Predict Dangerousness": A Commentary on Interpretations of the "Dangerousness" Literature, 18 Law & Psych. Rev. 43, 64 & n.65 (1994); *See also* Melvin Goldzband, Dangerousness: A Mutating Concept Passes Through the Literature, 26 J. Am Acad. Psych. & L. 649, 651 (1998) (noting that predictions of dangerousness are increasingly demanded by courts but because of their unreliability such predictions are "inherently fruitless" and "possibly dangerous."); George B. Palermo, et al. On the Predictability of Violent Behavior, 36 J. Forensic Sci. 1435, 1442 (1991) (noting that supportive scientific studies for the accuracy of long-term predictions of violence are lacking);

David Freedman, <u>False Prediction of Future Dangerousness: Error Rates and the Psychopathy Checklist-Revised</u>, 29 J. Am. Acad. Psych. & L. 89, 92 (2001) ("The prediction of complex behaviors such as violence remains exceedingly difficult and uncertain, and the plethora of new instruments fails to reach a scientifically reliable or valid standard of performance to be used to make decisions about a person's life or liberty in any setting.").

The reliability of psychiatric and psychological predictions of future dangerousness is tenuous when one considers how Texas courts have treated the admissibility of polygraph evidence. The Texas Court of Criminal Appeals has erected a "policy-based barrier to the admission of the existence and results of polygraph tests." *Reed v. State*, 48 S.W.3d 856, 860 (Tex. App.—Texarkana [6th Dist.] 2001). The court has held polygraph testimony categorically inadmissible "because it is not objective, but rather subjective, unreliable, and unduly persuasive." *Reed*, 48 S.W.3d at 863. The polygraph technique accurately predicts truth or deception "between seventy and ninety percent of the time." *United States v. Posado*, 57 F.3d 428, 434 (5th Cir. 1995). The best estimates of the accuracy of future dangerousness predictions indicate that they are correct merely fifty percent of the time. Psychiatric and psychological predictions of future dangerousness, which are both less reliable and more subjective than polygraph tests, should similarly be deemed inadmissible.

Research and literature that may indicate a more accurate prediction rate of future dangerousness is based on methods of prediction that are very different from those used in capital trials. More accurate prediction rates are garnered from studies in which clinicians have the opportunity to observe behavior in a mental health facility over an extended period of time. The procedure used in this trial instead has been an ad-hoc determination of dangerousness based upon a hypothetical scenario provided by the State.

### Psychiatric or psychological predictions of a Defendant's future dangerousness are unreliable because they are not generally accepted in the relevant scientific community.

The American Psychiatric Association [APA] has insisted that psychiatrists are not qualified to make determinations of long-term future dangerousness and has consistently urged that expert psychiatric expert testimony on future dangerousness be deemed inadmissible. The APA has urged that "[a]bsent an in-depth psychiatric examination and evaluation, the psychiatrist cannot exclude alternative diagnoses; nor can he assure that the necessary criteria for making the diagnosis in question are met. As a result, he is unable to render a medical opinion with a reasonable degree of certainty." *Flores*, 210 F.3d at 467 (Garza, J., specially concurring) (quoting APA Brief). "The scientific community virtually unanimously agrees that psychiatric testimony on future dangerousness is, to put it bluntly, unreliable and unscientific." *Flores*, 210 F.3d at 463 (Garza, J., specially concurring). As an indication of the strength of the scientific community's rejection of this sort of ad-hoc psychiatric and psychological determinations, the APA expelled Dr. James Grigson because he consistently testified as to a Defendant's future dangerousness without personal examination. Bruce Vincent, A Dearth of Work for 'Doctor Death'; the Once Ubiquitous James Grigson Now Finds Little Demand for his Testimony in Texas Capital Murder Sentencings, Texas Lawyer, Dec. 4, 1995, at 4.

A testifying expert cannot establish that his methodologies are accepted in the relevant scientific community through "mere assurances . . . as to the accuracy of his own methods or results, in the absence of other credible supporting evidence." *Castellow*, 97 F.Supp.2d at 792 (citations omitted). *See also Robinson*, 923 S.W.2d at 559 (holding that an expert's "self-serving statements that his methodology was generally accepted and reasonably relied upon by other experts in the field are not sufficient to establish the reliability of the technique and theory underlying his opinion."). Thus, the proffered expert's assertion that the scientific community

accepts his methodologies is not sufficient in light of the overwhelming rejection of this

testimony by the scientific community.

> **Psychiatric or psychological predictions of a Defendant's future dangerousness, particularly ad-hoc determinations based on hypothetical fact patterns prepared and presented by the State, are unreliable because they are purely subjective.**

Psychiatric or psychological predictions of a Defendant's future dangerousness,

particularly ad-hoc determinations based on hypothetical fact patterns prepared and presented by

the State, are unreliable because they are "simply subjective testimony without any scientific

validity." *Flores*, 210 F.3d at 458 (Garza, J., specially concurring). Each psychiatric or

psychological prediction of future dangerousness is determined in a different manner. There is no

established and consistent methodology applied or required for psychiatric or psychological

analyses of future dangerousness, and "standards controlling the operation of the technique are

nonexistent." *Id.* at 465-66; *see also* Kenneth B. Dekleva, Psychiatric Expertise in the

Sentencing Phase of Capital Murder Cases, 29 J. Am. Acad. Psych. & L. 58, 60 (2001)

("'specific'... guidelines for making dangerousness predictions in forensic populations do not

currently exist.").

An ad-hoc determination of dangerousness is not externally verifiable by other experts.

There has been no "testing" of the methodologies used in the predictions of each expert. The

factors an expert uses in determining dangerousness are not weighted and do not correspond to

any graded scale of factors that would contribute to or predict dangerousness. Other experts

looking at the same data are unable to determine whether the testifying expert's particular

weighting of such factors is accurate. Thus, peer review of predictions of future dangerousness is

rare, and "peer review of making such predictions in general has been uniformly negative."

Flores, 210 F.3d at 465 (Garza, J., specially concurring)(citing G. Morris, SYMPOSIUM:

Defining Dangerousness: Risking a Dangerous Definition, 10 J. Contemp. Legal Issues 61, 85-86

(1999)). *See also*, William M. Grove & Paul E. Meehl, Comparative Efficiency of Informal

(Subjective, Impressionistic) and Formal (Mechanical, Algorithmic Prediction Procedures: The

Clinical-Statistical Controversy, 2 Psych. Pub. Pol'y & L. 293, 320 (1996) (noting that clinical

experiences cannot resolve disputes among psychologists because each can appeal to his own

unique clinical experiences which lack an objective referent). Testimony such as this that is

"subjective and 'not readily re-produceable [sic]'" by others in the field should not be admissible.

*Green*, 55 S.W.3d at 638.

Key terms and concepts of the witness' testimony are amorphous and inexact. The scope

of dangerousness and the length of time at issue are not defined. Concepts such as "conscience,"

"malice," and "evil," upon which determinations of dangerousness rely, are not adequately

defined by the testifying witness.

### Ad-hoc psychiatric or psychological predictions are unreliable due to the absence of a reliable data source upon which to base a determination of dangerousness.

As an essential component of assessing the reliability of the proffered testimony, "the

underlying data should be independently evaluated in determining if the opinion itself is

reliable." *Havner*, 953 S.W.2d at 713. The data set upon which the testifying expert here rests is

not reliable and the expert's opinion should therefore not be admissible. The data set upon which

the testifying expert relies has been prepared by the prosecution, and the testifying witness has

not verified the data provided her. As such, the data upon which this determination is based have

not been compiled objectively, and the data have been specifically compiled to prove

dangerousness. Compilation of data in this manner has been held to "give[] rise to a 'common-

sense skepticism' regarding the expert's evaluation" which has proved fatal to the reliability of

such testimony. *Munoz v. Orr*, 200 F.3d 291, 301 (5th Circ. 2000) (citations omitted). *See also*

*Castellow*, 97 F.Supp.2d at 797 (rejecting reliability of proffered expert noting that the "detailed investigation" upon which the witness relied was prepared by Plaintiff's investigator); *Green*, 55 S.W.3d at 638 (rejecting reliability of proffered expert noting that witness had not independently investigated data provided him).

Further, ad-hoc determinations based on a hypothetical fact pattern prepared and presented by the State are unreliable because they do not incorporate any personal interviewing, investigation, or background examination. Testimony which relies only on a hypothetical provided by the State decidedly lacks any of the investigation, examination, or interviewing that courts have stipulated as the bedrock of a testifying mental health professional and proper clinical opinion provider. Testifying experts "whose convictions about the ultimate conclusion of their research is so firm that they are willing to aver under oath that it is correct prior to performing the necessary validating tests [may] properly be viewed by the district as lacking the objectivity" that is required to assure the reliability of the testimony. *Castellow*, 97 F.Supp.2d at 793 (quoting *Claar v. Burlington N.R.R.*, 29 F.3d 499, 503 (9th Cir. Mont. 1994)).

The Texas Criminal Court of Appeals has acknowledged "the pivotal role that psychiatry has come to play in criminal proceedings" and has characterized that role as one in which "psychiatrists gather facts, through professional examination, interviews, and elsewhere, that they will share with the judge or jury." *Jackson v. State*, 992 S.W.2d 469, 473 (Tex. Crim. App. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 79 (1985)). The Supreme Court in *Ake v. Oklahoma* stipulated that a "competent psychiatrist" is one "who will conduct an appropriate examination." *Ake*, 470 U.S. at 83. Finally, the Texas Court of Criminal Appeals has held that psychiatrists assist the jury by "laying out their investigative and analytic process to the jury." *Jackson*, 992 S.W.2d at 473. It is thus clearly recognized that an essential role of a mental health professional

in court is to conduct an "investigative process" which includes examinations and interviews of the Defendant.

The lack of investigation makes this method particularly unreliable because, without more information the testifying expert is unable to rule out other diagnoses and hypotheses with regard to the Defendant. *See* Paul S. Appelbaum, Hypotheticals, Psychiatric Testimony, and the Death Sentence, 12 Bull. Am. Acad. Psych. & L. 169 (1984). The expert is unable to ascertain all the facts that might make these alternate hypotheses or diagnoses more plausible for the Defendant's situation. *See Mata v. State*, 46 S.W.3d 902, 915 (Tex. Crim. App. 2001) (rejecting expert's testimony that did not take into account facts that the court found salient to the analysis). An expert's inability or failure to rule out other hypotheses for the question at issue has proved fatal to the reliability of his proffered testimony. *See Bennett v. PRC Public Sector, Inc.*, 931 F. Supp. 484, 492 (S.D. Tex. 1996) (limited fact collection impeded expert's ability to rule out other causes of Plaintiff's injury and indicated that expert's testimony was unreliable).

### Psychiatric or psychological predictions of a Defendant's future dangerousness are unreliable because they are not used outside the judicial/legal context.

The Texas Supreme Court has asked of experts whether the methodology or study they employ "was prepared only for litigation" and whether it has "been used or relied upon outside the courtroom." *Havner*, 953 S.W.2d at 726. The expert testimony in this case is decidedly prepared only in the context of litigation and, given its lack of acceptance within the scientific community, would never be relied upon outside of the courtroom. While it is true that determinations of future dangerousness are used in involuntary civil commitment of individuals, psychotherapists' liability for their patients' actions, and post-jail detention of sexual predators, these are all judicial uses of determinations of future dangerousness. Predictions about future dangerousness are non-existent outside of these judicial contexts.

Furthermore, the predictions of future dangerousness in these contexts are predictions of dangerousness in the short term; whereas future dangerousness predictions in capital cases are predictions of behavior in the long term. There is no procedure in Texas for reevaluating determinations of future dangerousness during the span of the Defendant's sentence. Thus, the prediction of future dangerousness may concern behavior that extends for over a decade into the future. Whereas short-term predictions may be made with some degree of accuracy, long-term predictions cannot be made accurately or reliably. *See* Grant H. Morris, <u>Defining Dangerousness: Risking a Dangerous Definintion</u> 10 J. Contemp. L. Issues 61, 78 (1999); Douglas Mossman, <u>Dangerous Decisions: An Essay on the Mathematics of Involuntary Hospitalization</u> 2 U. Chi. L. School Round Table 95, 97 (1995).

**B.    The Psychopathy Checklist Revised [PCL-R] is an unreliable method for predicting a Defendant's dangerousness in the future.**

In certain instances, the Psychopathy Checklist Revised [PCL-R], a psychiatric tool used to diagnose and assess for the presence of psychopathic traits, is utilized as a basis for predicting a Defendant's future dangerousness. High scores on the PCL-R have been used to predict a Defendant's "continuing threat to society." J.F. Edens, et al., <u>Psychopathy and the Death Penalty: Can the Psychopathy Checklist-Revised Identify Offenders Who Represent a "Continuing Threat to Society?"</u>, J. Pscyh. L. (Winter 2001).

The PCL-R is both more objective and more accurate than the ad-hoc determinations based on hypothetical fact patterns prepared and presented by the State. It has been held to be the most reliable known indicator of future dangerousness. *Muhammad*, 46 S.W.3d at 506. Despite this comparative reliability, the PCL-R is not reliable enough a basis upon which to admit a proffered expert's testimony. The PCL-R is unreliable primarily because of its very high false-positive rates. The PCL-R has been estimated to predict violent behavior with a false positive

17

184

rate of between 54.3 and 75%. This indicates that the PCL-R predicts violence at a rate worse than chance. *See* David Freedman, False Prediction of Future Dangerousness: Error Rates and the Psychopathy Checklist-Revised, 29 J. Am. Acad. Psych. & L. 89, 92 (2001). The PCL-R is further unreliable for predicting future dangerousness because it does not evaluate the potential psychopathy as modified by age of the evaluee. Thus, the PCL-R cannot indicate how dangerous an evaluee will be when he is released from prison decades into the future. Edens et al., *supra* at *. It has been shown that risk of violence decreases significantly with age. J. Sorenson & R. Pilgrim, CRIMINOLOGY: AN ACTUAL RISK ASSESSMENT OF VIOLENCE POSED BY CAPITAL MURDER DEFENDANTS, 90 J. Crim. L. & Criminology 1251, 1266 (2000). Finally, research examining the relationship between psychopathy and violence within institutions and prison settings has indicated that this relationship is, at best, tenuous and weak. Thus, researchers have concluded that "the position that PCL-R scores for any one offender provide much useful information regarding his relative or absolute risk for future institutional violence while incarcerated clearly is untenable." Edens et al., *supra* at *. *See also* Freedman, *supra* at 94.

Thus, while the PCL-R is touted as the most reliable indicator of dangerousness, this reliability is merely reliable *comparatively* to the completely inaccurate ad-hoc predictions made by testifying experts. Because of the above listed factors the PCL-R is not a reliable enough tool upon which to admit psychological or psychiatric expert testimony of future dangerousness. Expert psychological or psychiatric testimony that does not rely on the PCL-R and which is instead merely an ad-hoc determination, *a fortiori* should be inadmissible.

For the reasons articulated above, psychiatric or psychological predictions of future dangerousness are unreliable. Any expert testimony incorporating such predictions is inadmissible under Tex. R. Evid. 702.

## 11. PSYCHIATRIC OR PSYCHOLOGICAL PREDICTIONS OF A DEFENDANT'S FUTURE DANGEROUSNESS ARE IRRELEVANT, AND MUST BE EXCLUDED UNDER TEX. R. EVID. 702.

Even if found to be reliable, expert testimony must be shown to be relevant to a factual issue in question. In determining relevance, expert testimony should be admitted only when it will aid the jury in making inferences regarding fact issues more effectively. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (affirming trial court's exclusion of expert testimony on blood-banking procedure and industry); *Glasscock v. Income Property Servs.*, 888 S.W.2d 176, 180 (Tex. App.—Houston [1st Dist.] 1994) (reversing trial court exclusion of expert testimony regarding security procedures in commercial office buildings because not an area of expertise within knowledge of reasonable juror). Psychiatric and psychological predictions of future dangerousness do not aid the jury in determining questions of fact, and are therefore inadmissible due to irrelevance under Tex. R. Evid. 702.

When the jury is equally competent to form an opinion regarding ultimate fact issues, the expert's testimony as to these issues should be excluded. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) ("That a witness has knowledge, skill, expertise, or training does not necessarily mean that the witness can assist the trier-of-fact."); *Williams v. State*, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994) (same). If a purported expert testifies to an analysis based on factors that an average layperson juror would generally be aware of and utilize absent the expert testimony, such testimony is irrelevant. *Douglas v. State*, No. 01-98-01151-CR, 2001 WL 1048533, at *7 (Tex. App.—Houston [1st Dist.] Aug. 31, 2001) (affirming exclusion of expert testimony regarding the voluntariness of Defendant's confession). Testimony that might be "of some benefit" to the jury is not admissible unless the jury would not be qualified to answer the question without the benefit of the expert's specialized knowledge. *Speer v. State*, 890 S.W.2d

87, 96 (Tex. App.—Houston [1ˢᵗ Dist.] 1994) (affirming exclusion of expert testimony regarding Defendant's "dependent personality disorder").

Psychiatric predictions of future dangerousness are not offered in every capital case. There are many instances in which juries decide the special question of future dangerousness without consideration of psychiatric testimony. *See, e.g.*, *Jasper v. State*, No. 73,817, 2001 WL 1504674, at *1-2 (Tex. Crim. App. Nov. 28, 2001) (affirming jury finding of future dangerousness based on facts of crime, evidence of escalating criminal activity, and lack of remorse); *Conner v. State*, No. 73,591, 2001 WL 1043248, at *4 (Tex. Crim. App. Sep 12, 2001) (affirming jury finding of future dangerousness based on Defendant's prior criminal history); *Trevino v. State*, 991 S.W.2d 849, 854 (Tex. Crim. App. 1999) (same); *Salazar v. State*, 38 S.W.3d 141, 146 (Tex. Crim. App. 2001) (affirming jury finding of future dangerousness based on facts of offense alone). As such, it is clear that jurors are qualified to answer the future dangerousness question, and unreliable psychiatric testimony regarding the same point must be excluded.

In cases where the State offers psychiatric expert testimony regarding future dangerousness, as described in Section IA, above, predictions are ad-hoc determinations solicited by a hypothetical fact pattern presented orally to the witness by the State. This hypothetical fact pattern is generally limited to the facts of the specific crime for which the Defendant has been convicted, although occasionally incorporates supplemental evidence, such as extraneous offenses, uncharged prior misconduct, and limited character evidence. As described above in Section IA(v), the proffered "expert" rarely has interviewed or investigated the Defendant personally. The factors used in constructing the hypothetical are sufficient, independent of any psychiatric or psychological analysis, to form the basis of a jury determination. *Jasper*, 2001 WL

1502674 at *1-2; *Conner*, 2001 WL1043248 at *4; *Trevino*, 991 S.W.2d at 854; *Salazar*, 38 S.W.3d at 146.

Further, a psychiatric or psychological "spin" or interpretation of these same facts is unreliable, as described in Section I. Because psychiatric and psychological predictions of dangerousness have been shown to be grossly unreliable, they have no relevance to a jury's determination of the factual question. Unreliable information cannot be considered helpful, and therefore relevant, to a jury. *See Morales v. State*, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000) ("Naturally, testimony which is unreliable or irrelevant would not assist a juror in understanding the evidence or determining a fact in issue, as is required by Rule 702."); *Griffith v. State*, 983 S.W.2d 282, 287-88 (Tex. Crim. App. 1998) ("Evidence that is not reliable is not helpful to the jury because it frustrates rather than promotes intelligent evaluation of the facts."); *Bennett*, 931 F.Supp. at 500 (finding testimony unreliable where "completely lacks specificity" and "borders on sheer speculation," and therefore irrelevant).

Psychiatric or psychological predictions of future dangerousness rely exclusively on matters within the average juror's common knowledge, and thus should be excluded. *K-Mart Corp.*, 24 S.W.3d at 361. Whereas relevant scientific or expert testimony assists a juror by introducing new facts or expertise, psychiatric predictions of future dangerousness merely "tell the jury how they should view the facts." *Id.* This is not sufficient to meet the necessary criteria for relevance. *See also Flores v. State*, 871 S.W.2d 714, 724 (Tex. Crim. App. 1993) (Clinton, J., dissenting) (noting that expert psychiatric testimony regarding future dangerousness does not "add[] anything of substance to whatever inference of future dangerousness may be gleaned from the facts themselves."); *Speer*, 890 S.W.2d at 97 (finding that psychiatric testimony regarding

Defendant's dependent personality disorder could be found within the range of a layperson's knowledge).

For the reasons articulated above, psychiatric or psychological predictions of future dangerousness are irrelevant. Any expert testimony incorporating such predictions is inadmissible under Tex. R. Evid. 702.

## III. PSYCHIATRIC OR PSYCHOLOGICAL PREDICTIONS OF A DEFENDANT'S FUTURE DANGEROUSNESS CREATE AN UNACCEPTABLE DANGER OF UNFAIR PREJUDICE AND NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE AND <u>MUST BE EXCLUDED UNDER TEX. R. EVID. 403.</u>

Psychiatric or psychological predictions of future dangerousness are irrelevant and unreliable, and thus, inadmissible under Tex. R. Evid. 702. However, even if such predictions were to be found reliable and relevant, they are inadmissible under Tex. R. Evid. 403, under which reliable and relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403; *Morales*, 32 S.W.3d at 865-66; *Kelly*, 824 S.W.2d at 572. Presentation to the jury of psychiatric or psychological predictions of future dangerousness creates an unacceptable risk of prejudice and needless cumulative evidence, and is impermissible under Rule 403.

In determining whether the prejudicial potential of evidence outweighs its probative value, courts are to consider (a) how compelling evidence serves to make more or less probable a fact of consequence; (b) the potential the evidence in question will impress the jury in an irrational and indelible way; (c) the extent of the proponent's need for such evidence; and (d) how much trial time will be consumed in the admission of such evidence. *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).

> **Because psychiatric predictions of a Defendant's future dangerousness are unreliable and irrelevant, they do not make any more or less probable a fact of consequence in capital sentencing proceedings.**

Psychiatric or psychological predictions of a Defendant's future dangerousness, because of unreliability and lack of relevance alone, as described in Sections I and II, above, create an unacceptable danger for unfair prejudice. The flawed underlying methodology and high potential rate of error render psychiatric or psychological future dangerousness predictions insignificant as to whether future danger is any more or less probable. *See Morales*, 32 S.W.3d at 865 ("Naturally, testimony which is unreliable or irrelevant would not assist a juror in understanding the evidence or determining a fact in issue…"); *Griffith*, 983 S.W.2d at 288 ("Evidence that is not reliable is not helpful to the jury because it frustrates rather than promotes intelligent evaluation of the facts.")

### Psychiatric or psychological predictions of a Defendant's future dangerousness impress the jury in an inappropriate, irrational, and indelible way.

Expert testimony is placed under additional evidentiary constraints because courts have reasoned that jurors are unable to evaluate such testimony thoroughly and, therefore, give it excessive weight regardless of its reliability and veracity. *Gammill*, 972 S.W.2d at 722 (citing *Robinson*, 923 S.W.2d at 553). *See also Kelly*, 824 S.W.2d at 573. In capital sentencing proceedings, there are four preexisting juror biases that compound the general tendency of unchecked acceptance of expert testimony. These biases affect jurors' perceptions of the likelihood of violent recidivism, the opportunities for recidivism, the accuracy of clinical expert testimony in general and the accuracy of expert predictions of future dangerousness specifically. Such biases reduce the effectiveness of traditional methods of adversarial testing in capital sentencing proceedings. The result is unfair prejudice that might not arise in other legal contexts.

23

Jurors in capital cases have a predisposed tendency to overestimate the likelihood of violent recidivism. Capital jurors estimate the probability that a Defendant charged with capital murder, and given a life sentence, will commit another homicide between 25 and 50%, whereas studies show the likelihood to be approximately 0.2% over a forty-year term. J.R. Sorenson & R. Pilgrim, CRIMINOLOGY: AN ACTUAL RISK ASSESSMENT OF VIOLENCE POSED BY CAPITAL MURDER DEFENDANTS, 90 J. Crim. L. & Criminology 1251, 1269 (2000). Jurors estimate the probability that a criminal Defendant convicted of a violent crime will continue to engage in assaultive behavior between 50 and 85%. Again, studies show this sense to be greatly exaggerated; the risk of additional violent crimes in general is approximately 16%. Sorenson & Pilgrim, supra at 1269. Jurors in capital cases also have a predisposed tendency to overestimate the opportunity Defendants will have to commit acts of violence in the outside community. Studies in Texas indicate that, on average, jurors believe a Defendant sentenced to life in prison will be paroled after fifteen years, whereas under Texas law, Defendants given a life sentence after conviction for a capital crime must serve forty years before becoming eligible for parole. V.T.C.A., Gov't Code § 508.145(b) (2001); Sorenson & Pilgrim, supra at 1255.

Furthermore, jurors also believe clinicians to be capable of predicting future dangerousness at a far more accurate rate than empirical studies have suggested. D.A. Krauss & B.D. Sales, The Effects of Clinical and Scientific Expert Testimony on Juror Decision Making in Capital Sentencing, 7 Psych. Pub. Pol'y & L. 267, 276, 301 (2001). Finally, jurors have an extreme predisposition toward acceptance of "clinical" opinion expert testimony, which is based on a subjective, personal assessment of the evaluee. Krauss & Sales, supra at 305. Psychiatric or psychological predictions of a Defendant's future dangerousness, particularly those based on an expert's ad-hoc analysis of a hypothetical fact pattern prepared and presented by the State, are

clinical determinations. *Id.* Jurors weigh clinical opinion testimony heavily in final decisions and often fail to distinguish between more and less accurate clinical opinion testimony. *Id.*

In general, jurors do not scrutinize expert testimony as intensely as lay testimony and the presumption of credibility for expert witnesses is falsely enhanced. "Consequently, a jury more readily accepts the opinion of an expert witness as true simply because of his or her designation as an expert." *Gammill*, 972 S.W.2d at 722 (citing *Robinson*, 923 S.W.2d 549); *See also Flores v. Johnson*, 210 F.3d 456, 465-6 (5th Cir. 2000) (Garza, J., specially concurring) ("the problem here . . . is not the introduction of one man's opinion on another's future dangerousness, but the fact that the opinion is introduced by one whose title and education (not to mention designation as an 'expert') gives him significant credibility in the eyes of the jury as one whose opinion comes with the imprimatur of scientific fact."); Krauss & Sales, supra at 273; C. Haney, ARTICLE: Violence and the Capital Jury: Mechanisms of Moral Disengagement and the Impulse to Condemn to Death, 49 Stan. L. Rev. 1447, 1486 & n.113 (1997) ("In this light, capital penalty trials sometimes become forums in which grossly prejudicial and unreliable predictions of future dangerousness [are presented] . . . with the imprimatur of state authority.") (citations omitted).

The preexisting tendencies of jurors in capital cases to overestimate the likelihood of violent recidivism, the opportunities criminal Defendants have for recidivism, as well as the accuracy of clinical predictions of future dangerousness and the veracity and reliability of clinical predictions in general, reinforce the disproportionate credence jurors generally give expert testimony. These tendencies combined create a dangerous and unacceptable risk of prejudice in capital sentencing proceedings.

25

Adversarial testing is not a sufficient safeguard against the prejudicial effect of psychiatric or psychological predictions of future dangerousness. Faulty presuppositions and disproportionate acceptance of expert testimony may cause jurors to discredit expert testimony and cross-examination offered to counter a psychiatric or psychological determination of future dangerousness. Krauss & Sales, *supra* at 276; E.H. Mantell, A Modest Proposal to Dress the Emperor: Psychiatric & Psychological Opinion in the Courts, 4 Widener J. Pub. L. 53, 65-66 (1994) ("Given a choice between an expert who says that he can predict with certainty that the Defendant, whether confined in prison or free in society, will kill again, and an expert who says merely that no such prediction can be made, members of the jury charged by law with making the prediction surely will be tempted to opt for the expert who claims he can help them in performing their duty, and who predicts dire consequences if the Defendant is not put to death."). The "apparent endorsement" of a medical or scientific community can be extremely detrimental to a Defendant's substantive rights. *Perez v. State*, 25 S.W.3d 830, 831 (Tex. App.—Houston [1st Dist.] 2000) (finding trial court erred in allowing state's expert witness testimony as to "child abuse accommodation syndrome").

Adversarial procedures are generally insufficient to remove the prejudice caused by psychiatric or psychological predictions of a Defendant's future dangerousness. Krauss & Sales, *supra* at 305. The ability to impeach, or discredit, expert witnesses through cross-examination is limited. Opposing counsel is allowed to question the expert using statements contained in treatises and authoritative scientific materials, however, such cross-examination is limited to publications that the witness recognizes as authoritative or publications upon which the expert has relied. *Reynolds v. Warthan*, 896 S.W.2d 823, 827 (Tex. App.—Tyler [12th Dist.] 1995) (citing *Carter v. Steere Tank Lines, Inc.*, 835 S.W.2d 176, 182 (Tex. App.—Amarillo [7th Dist.]

1992, writ denied). *See also Bowles v. Bourdon*, 219 S.W.2d 779, 783. (Tex. 1949). This detracts from the ability to legitimately subject the testimony to the rigors of adversarial testing.

Unreliable psychiatric opinion testimony creates a risk that the jury will be impressed in an irrational and indelible way. The prejudicial potential of such testimony is great and parties confronted with such testimony have limited, if any, means to rebut or remove the prejudicial impact.

### The State has a limited need to present psychiatric or psychological prediction of a Defendant's future dangerousness because such evidence is cumulative to other evidence already presented to the jury.

The State has no pressing "need" for the admission of psychiatric or psychological predictions of future dangerousness, because it has a variety of other means available to prove the Art. 37.071 § (2)(b)(1) special question. The predictions, are generally ad-hoc determinations solicited by a hypothetical fact pattern generally limited to the facts of the specific crime for which the Defendant has been convicted, occasionally incorporating supplemental evidence, such as extraneous offenses, uncharged prior misconduct, and limited character evidence. The hypothetical fact pattern, with or without the supplemental evidence, and resulting psychiatric or psychological prediction of future dangerousness, needlessly present cumulative evidence, specifically prohibited by Rule 403.

Such predictions are needless because they lack validity or reliability and thus, offer nothing to the jury in addition to the mere repeat recitation of the facts of the crime, or other evidence, that has already been presented and made a part of the record. Merely cumulative evidence that serves no additional purpose must be excluded. *Sims v. Brackett*, 885 S.W.2d 450, 454 (Tex. App.—Corpus Christi [13th Dist.] 1994) (reversing trial court exclusion of expert

27

194

medical witness testimony as to cause of patient's intestinal leak because not "*merely cumulative*") (emphasis added). *See also Pace v. Sadler*, 966 S.W.2d 685 (Tex. App.—San Antonio [4th Dist.] 1998) (excluding personal narrative describing facts already on the record in medical malpractice case because cumulative and would have only served to prejudice Defendants).

The admission of unreliable psychiatric predictions of a Defendant's future dangerousness sheds no credible scientific, medical, or other light on the individual circumstances of the Defendant at issue. The potential rate of error of such predictions, described in Section I(A)(ii), above, shows that a witness providing the opinion is no more qualified to accurately do so than any of the members of the jury panel might be. Because the jurors otherwise have access to the underlying evidence presented to the opinion witness in the hypothetical fact pattern, and have the authority to base their determination of future dangerousness on this data alone, the opinion testimony itself is useless except for its prejudicial potential. *See, e.g.*, *Long v. State*, 823 S.W.2d 259 (Tex. Crim. App. 1991) (excluding autopsy photographs in murder case, even though relevant and probative, because of prejudicial nature and cumulative effect where less gruesome photographs were already in the record); *Penry v. Johnson*, 215 F.3d 504, 513 (5th Cir. 2000) (Dennis, J., dissenting) (expressing concern regarding the "cumulative effect and reinforcement" of the "erroneous" admission of psychiatric testimony regarding future dangerousness) (overruled on other grounds); *See also Jasper*, 2001 WL 1502674 at *1-2; *Conner*, 2001 WL1043248 at *4; *Trevino*, 991 S.W.2d at 854; *Salazar*, 38 S.W.3d at 146 (juries may find future dangerousness based on the facts of the offense alone or some combination of the facts of the offense, the Defendant's prior criminal history, and juror interpretation of remorse or other character evidence).

Psychiatric testimony offering a prediction of a Defendant's future dangerousness is cumulative to other testimony or evidence already presented to the jury. As a result, such testimony, especially given its overwhelming potential for unfair prejudice, indelible and irrational impression on the jury, and consumption of judicial resources and time, must be excluded under Rule 403.

> **The interests of efficiency, preservation of judicial resources, and the rules of evidence demand the exclusion of psychiatric predictions of a Defendant's future dangerousness.**

Because psychiatric and psychological predictions of future dangerousness impress the jury in an irrational and indelible manner, do not serve to make the fact of a Defendant's future dangerousness any more or less probable, and do not fill a need of the proponent of such predictions that would not be met otherwise, the predictions consume an unnecessary amount of time in the sentencing phase of a capital trial.

For the reasons articulated above, the minimal, if any, probative value of psychiatric or psychological predictions of future dangerousness is outweighed by the danger of unfair prejudice such predictions cause. Any expert testimony incorporating such predictions is inadmissible under Tex. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court exclude any and all psychiatric or psychological expert testimony offered by the State that incorporates a prediction as to whether Defendant will constitute a continuing threat to society, or Defendant's future dangerousness.

29

Respectfully submitted,

**ROBERT K. LOPER**
SBN: 12562300
111 West 15th Street
Houston, Tx 77008
713-880-9000(office)
713-869-9912 (fax)

**GERALD BOURQUE**
SBN: 02716500
24 Waterway Ave., #660
The Woodlands, Tx 77380
713-862-7766(office)
832-813-0321 (fax)

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document has

been hand delivered to the District Attorney's Office, on _____ , 2010.

**ROBERT K. LOPER**

0333

**CAUSE NO. 08-3872**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

## ORDER

**BE IT REMEMBERED,** that on the _____ day of _____,
2010, came to be considered the foregoing **MOTION _IN LIMINE_ TO EXCLUDE
PSYCHIATRIC OR PSYCHOLOGICAL TESTIMONY CONCERNING FUTURE
DANGEROUSNESS.**

After consideration, the court has determined that the motion shall be, and is hereby,

_____ **GRANTED.**

_____ **DENIED.**

**SIGNED** the _____ day of _____, 2010.

_____
**JUDGE PRESIDING**

31

198

0333

**CAUSE NO. 08-3872**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

## MOTION IN LIMINE

### (PRECLUDE TESTIMONY ABOUT VIOLENT ACTS BY OTHERS)

COMES NOW, TRAVIS JAMES MULLIS, the Defendant, by counsel, and pursuant to Tex. R. Evid. 104 and the 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 and Tex. Code Crim. Proc. arts. 1.05, 1.06 and 1.09 and moves the Court to preclude the death penalty as a sentencing option and in support thereof would show the court the following:

1. The Defendant has been indicted by the county grand jury for capital murder.

2. The State is seeking the death penalty. The Eighth Amendment to the United States Constitution requires a greater degree of accuracy and fact-finding than would be true in a noncapital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L. Ed. 2d 306 (1993) and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

3. Movant reasonably anticipates that the State will offer evidence concerning the "potential" for violence in the Texas Department of Criminal Justice (TDCJ). This testimony will

1

199

include isolated incidences of violence in maximum security facilities. These acts were committed by others in the past, under often unknown security rules, measures and regulations, and as such have no relevancy to the Defendant.

4.     These alleged incidents of violence will have naturally occurred prior to this Defendant ever entering TDCJ. They may be isolated and never occur again if TDCJ successfully implements policies of intervention and prevention that are designed to prevent them occurring again. This whole analysis reveals how simplistic and speculative that such evidence can make the sentencing process. The speculation that is inherent in the anticipated testimony denies to the Court, and this Defendant, the heightened reliability in the sentencing requirement that is mandated by the 8th and 14th Amendments to the United States Constitution.

5.     The jury's consideration of such evidence will violate the Constitutional requirement that sentencing of a defendant in a capital case be "individualized" as to that defendant. *Jurek v. Texas*, 428 U.S. 262 (1976) and *Woodson v. North Carolina*, 428 U.S. 280, 303-305, (1976).

6.     Defense counsel has been notified on **April 25, 2002** of a TDCJ policy that prohibits TDCJ employees from testifying as to prison classifications, safety and security issues. This leaves the defense with its hands tied behind its back while the State offers testimony from State employees or contractors who are allowed to testify about violent

2

acts that have nothing to do with this Defendant. The actions of the State of Texas are denying this Defendant the right to a fair trial and are further denying to the jurors who will be deciding his fate all of the information that they need to make a rational and informed decision.

Wherefore, premises considered, Movant prays that upon hearing herein, this Court order that during the penalty phase of the Defendant's trial, the State be precluded from offering on direct exam, or eliciting on cross-exam, any evidence of prior acts of violence in TDCJ that have been committed by offenders other than this Defendant and any evidence that is not otherwise individualized to this Defendant.

Respectfully submitted,

**ROBERT K. LOPER**
SBN: 12562300
111 West 15th Street
Houston, Tx 77008
713-880-9000(office)
713-869-9912 (fax)

**GERALD BOURQUE**
SBN: 02716500
24 Waterway Ave., #660
The Woodlands, Texas 77380
713-862-7766(office)
832-813-0321 (fax)

**ATTORNEYS FOR DEFENDANT**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been hand delivered to the District Attorney's Office, on _____, 2010.

ROBERT K. LOPER

4

202

CAUSE NO. 08-3872

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| TRAVIS JAMES MULLIS | § | 122ND JUDICIAL DISTRICT |

JASON E. MURRAY
DISTRICT COURT
FILED
Ray Cowa
JAN 20 2011
GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

## ORDER

BE IT REMEMBERED, that on the _20_ day of ___Jan.___,

2010, came to be considered the foregoing **MOTION** *IN LIMINE* **TO PRECLUDE**

**TESTIMONY ABOUT VIOLENT ACTS BY OTHERS.**

After consideration, the court has determined that the motion shall be, and is hereby,

___✓___**GRANTED.**

_____**DENIED.**

SIGNED the _20_ day of ___Jan.___, 2010.

_____
**JUDGE PRESIDING** John Ellison

5