United States District Court
Southern District of Texas
**ENTERED**
October 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRAVIS JAMES MULLIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-cv-121 |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |
| | § | |

# ORDER

On July 20, 2021, the Court entered a Memorandum Opinion and Order denying Petitioner Travis James Mullis' petition for a writ of habeas corpus. The Court also declined to certify any issue for appellate consideration. Two post-judgment motions are now pending. First, Mullis' attorneys have filed a Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e) and for Certificate of Appealability. Dkt. No. 178. Second, Mullis has filed a *pro se* Motion for Reconsideration of Judgment Regarding Motion to Dismiss Counsel. Dkt. No. 177. Mullis asks this Court to allow him to dismiss his attorneys, with the probable intention of forgoing an appeal from the judgment. For the reasons discussed below, the Court denies the two motions for reconsideration.

**I.      Motion for Reconsideration Standard**

Federal law provides an important, but limited, opportunity to reopen the proceedings after judgment. Federal Rule of Civil Procedure 59(e) authorizes a litigant to "call into question the correctness of a judgment." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Court should use thus "extraordinary remedy" only "sparingly." *Templet v.*

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Relief under Rule 59(e) is appropriate "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013); *see also Templet*, 367 F.3d at 478-79 (explaining that "Rule 59(e) motions are 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'").

## II.     Motion for Reconsideration Filed by Appointed Counsel

The Court entered a lengthy and detailed Memorandum Opinion and Order denying habeas relief. Because Mullis filed a federal petition containing wholly unexhausted claims, the Court found that the Anti-Terrorism and Effective Death Penalty Act precludes federal habeas relief. *See* 28 U.S.C. §2254(b). To the extent Mullis relied on various arguments to overcome any procedural bar of his claims, the Court found that his attorneys' failure to exhaust claims when given the opportunity to do so disentitled him to equitable relief. The Court also fully and fairly considered Mullis' arguments to overcome any anticipatory procedural bar if he attempted a return to state court.

The motion for reconsideration filed by Mullis's attorneys engages in a wide-ranging and detailed challenge to the reasoning and analysis contained in the Court's Memorandum Opinion and Order but raises two primary arguments: (1) "The Court Erred in Finding Mr. Mullis's Procedural Default Could Not Be Excused Under *Martinez v.*

*Ryan*" and (2) "The Court Erred in Denying Federal Habeas Review Despite the Involuntary Nature of Mr. Mullis's Purported Waiver in State Court." Dkt. 178 at i.[1] In seeking reconsideration, Mullis merely reiterates arguments previously made, rehashes his interpretation of the state court proceedings, and reurges various legal arguments. In challenging this Court's decisions, Mullis has not persuasively shown any serious errors at all, much less manifest errors of law or fact. An appeal, not a motion for reconsideration, is the proper avenue to address Mullis' disagreement with this Court's judgment. Relying on the detailed discussion and analysis already contained in the Memorandum Opinion and Order, the Court summarily denies the Rule 59(e) motion filed by Mullis' attorneys.

### III.   Motion for Reconsideration Filed by Mullis Himself

Throughout this habeas action, Mullis has repeatedly moved to dismiss his attorneys and proceed *pro se*. The Court has twice started the necessary steps to ensure Mullis' competency to make that decision. In both circumstances, Mullis retracted his request to proceed *pro se* after the Court and parties had expended significant time and resources. Dkt. Nos. 83, 133.

On June 1, 2021, Mullis again moved to dismiss his attorneys and proceed *pro se*. Dkt. 172. The Court denied Mullis' motion in the Memorandum Opinion and Order. Dkt. 175. In doing so, the Court observed that no legal authority requires that a court give inmates an unequivocable right to dismiss counsel and represent themselves in habeas

---

[1] The Court notes that Mullis does not challenge the decision that his wholly unexhausted petition is subject to dismissal under both general habeas law and AEDPA's more-specific provisions. Additionally, Mullis' arguments fail to draw a direct connection between his waiver of state habeas review and the anticipatory procedural bar of his claims. In essence, Mullis suggests that wholesale waiver of one proceeding should forgive default of specific claims in another, an argument for which Mullis does not provide any legal support.

actions. With the decision about Mullis' representation a matter of judicial discretion, the Court stated:

> The parties have provided extensive briefing regarding the complex legal and factual matters which are now before the Court. Appointed counsel has represented Mullis for many years and has deep experience addressing the multifaceted issues raised by the matters at issue. Removing counsel at this late date would insert delay into an already protracted proceeding, thus diminishing the State's valid interest in finality and in carrying out an otherwise-valid criminal sentence. While giving serious consideration to Mullis' motion—particularly in the context of his previous complaints about counsel's representation—the Court nonetheless finds that removing his attorneys would not be appropriate at this time. The Court, therefore, will deny Mullis' motion to dismiss counsel and proceed *pro se*.

Dkt. 175 at 58.

Mullis has filed a Pro Se Motion for Reconsideration of Judgement Regarding Motion to Dismiss Counsel. Dkt. No. 177. Mullis has not presented any new evidence indicating that the Court erred in its judgment. Instead, Mullis bases his argument on his "bel[ief] that the court erred in not allowing dismissal of counsel upon the completion of the district court proceedings." Dkt. 177 at 3. Mullis cautions that, if this Court does not allow him to dismiss his attorneys, he will continue to urge his motion in the Fifth Circuit. Accordingly, Mullis asks that the Court begin the process of determining whether he is competent.

As the Court has previously observed, neither Mullis nor the parties have identified any precedent requiring this Court to honor his request to proceed *pro se*. It appears that the law allows this Court discretion in deciding whether *pro se* representation would be appropriate. This Court decided in its Memorandum and Order that appointed counsel's extensive experience and history with this case militated against removing them from the

4/6

case.  Nothing now before the Court calls that into question.

The Court hesitates to engage in a competency process that may compound the unnecessary delay already occasioned by Mullis' mercurial choices concerning his representation.  To be sure, nothing before the Court challenges Mullis' current level of competency.  But Mullis has previously moved to represent himself and waive federal review, only to retract that request after the parties had expended significant time and resources examining his competency.  Mullis' recent *pro se* motion raises a concern that his history of back-and-forth indecisiveness will continue to insert additional delay into this case.  Despite his assurances otherwise, this Court's experience with Mullis suggests the real possibility that pausing the march toward finality in this case to examine his competency may only end in another aborted proceeding.  Beginning an assessment of Mullis' competency anew may consume more time and resources than an appeal will.

District court proceedings must end at some point.  Mullis filed his petition in 2013.  Over the past eight years, Mullis' decisions and his attorneys' litigation strategy have inserted unnecessary delay into a process which Congress has intended, by the governing statutory title, to be effective.  *See* 28 U.S.C. § 2254.  Judicial economy, principles of finality, and an overall interest in an orderly habeas process all weigh against beginning another competency process that Mullis may again abandon.  *See Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (finding that any right to proceed *pro se* "may be waived through defendant's subsequent conduct indicating he is vacillating on the issue").  For

those reasons, the Court exercises its discretion to deny Mullis' *pro se* motion.

### IV.   Certificate of Appealability

The motion for reconsideration filed by Mullis' attorneys asks this Court to reconsider whether to authorize appellate review of the claims contained in his federal petition. Having reviewed Mullis' arguments and the Memorandum Opinion and Order, the Court again denies a Certificate of Appealability under the governing standards.

### V.   Conclusion

For the reasons discussed above, the Court **denies** the motion for reconsideration that Mullis filed *pro se*, Dkt. No. 177, and the motion filed by his attorneys, Dkt. No. 178.

SIGNED on October 26, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE