United States District Court
Southern District of Texas
Galveston Division

United States Courts
Southern District of Texas
FILED
FEB - 1 2024
Nathan Ochsner, Clerk of Court

Travis James Mullis
Petitioner

V.

Bobby Lumpkin
Respondent

Case No: 3:13-CV-121

THIS IS A DEATH PENALTY CASE

## Motion To Dismiss Counsel & Proceed Pro-SE

To this Court Comes now Travis James Mullis Petitioner filing Pro-se this Motion To Dismiss Counsel & Proceed Pro se. This Motion is filed in light of the 5TH Circuits affirmation of this Courts prior dismissal of habeas and his recent Waiver of Certiorari. While this Court has Previously dismissed this Case, the Petitioner recognizes this Court as the only Authority with Jurisdiction to rule on Matters related to federal Counsel's Appointment. In the interest of Justice, Fairness & finality this Petitioner asks this Court to exercise its discretion to Consider — and prayerfully Grant — this motion to dismiss Counsel in the most expedient manner possible.

On July 20th, 2021 this Court dismissed the habeas Petition on Grounds of Procedural Bar. In that same ruling the Court also denied this Petitioners Prior Motion to Dismiss Counsel Stating its Concern that "Removing Counsel at this late Stage would insert delay into an already Protracted Proceeding, thus diminishing the States interest in finality and in carrying out an otherwise Valid Criminal Sentence." Rather than Removing Counsel the Court Stated that "If he is a Competent individual Mullis is the Master of his own Case and An Attorney Should follow his Wishes." This Court further indicated its opinion of this Petitioners

Competency stating that "The Prior Two evaluations by Dr. Proctor left No concern about Mullis' Competency. Nothing has come to the Courts attention in recent Years that Would Question his ability to Make Knowing and Intelligent decisions about legal Strategy" This Court Made clear that "Mullis May Conduct his own defense Ultimatley to his own detriment but it is still his Choice Must be honored"

In the time since that ruling, despite this Courts best intentions that decision has Caused More delays. Furthermore that decision has negatively affected Both the State + Petitioners intrest in finality, as Well as the Petitioners ability to "Conduct his own defense" and have his Choices honored. Despite the Courts ruling that "An Attorney should follow his Wishes" that was not the Case. In violation of the spirit of, if not the Outright orders of this Court Counsel refused to honor the Petitioners decision to cease litigation and Not Appeal this Courts dismissal to the 5th Circuit. Counsel filed an appeal over the objections of the Petitioner that Ultimatley was denied Causing A further 2 Year delay of the finality this Courts order Sought to achieve. On June 19th, 2023 the 5th Circuit Upheld this Courts dismissal of habeas And Subsequently denied Rehearing issuing its mandate on August 6th, 2023. Following the conclusion of 5th Circuit litigation the Petitioner instructed Counsel to again Cease litigation + Further Waive Certiorari. Counsel finally honored a decision by this Petitioner for the First time in a decade of Representation + The filing Deadline for Certiorari expired on October 23rd, 2023 With no further Action taken. thus far.

Since the 5th Circuits ruling and Subsequent Waiver of Certiorari the Petitioner has had extensive discussion with Counsel regarding his

legal wishes going forward. This Petitioner has no desire to challenge this case any further in any Court under any circumstances, including not making any challenges to Protocols, Procedures, or Processes related to the setting of an execution date or the execution itself. This Petitioner also wishes to waive any application for Clemency. Furthermore, the Petitioner wishes to take certain legal steps in the State Court (specifically, the trial court) that Counsel understandably refuses to take on his behalf.

Most Relevant here is that the Petitioner seeks to file his own motion to set an Execution Date. While it is typically the state that files such a motion there is nothing that prohibits a defendant from filing it himself. This choice while controversial is not unheard of. In the Modern death Penalty era (since 1976) the rate of Death Penalty Waivers (commonly referred to as "Execution Volunteers") is roughly 10% in the United States. This Petitioner is aware of several cases including some in Texas where a defendant has moved either by formal motion or a letter to the Court to set their own execution date, after ending their appeals. It is within the State Courts discretion to rule on such requests and some defendants who have filed them have been successful.

Counsel has made clear that if the Petitioner wishes to make such a motion he must do so himself. This Petitioner understands the ethical & moral objections of counsel & further recognizes that NO Counsel would ever do so. Those ethical & moral objections not withstanding, the Petitioner Nonetheless has the right make & exercise such a serious & unpopular legal decision. Unfortunatley,

While this Petitioner wishes to exercise his right to Pursue such actions, this Courts Appointment order effectivley Prevents him from doing such and he therefore asks to Dismiss Counsel.

In 2011 the State trial Court under then Judge Ellisor ruled this Petitioner Competent & Granted the Petitioner the legal authority to Act Pro se on Direct Appeal & All matters related to Waiving State habeas review. To this day that Pro-se status has not been Rescinded & The Petitioner Wishes to Reactivate that Status but is Currently Precluded from that by this Courts existing Appointment order. As it Stands now both the District Attorney & Attorney General's offices consider the Federal Defenders Office to be Counsel of Record. Unless federal Counsel is dismissed this Petitioner is Precluded from acting or being honored as Pro se. Even in State Courts the Petitioner Cannot serve a notice of Appearance Pro se, let alone Properly service a motion as to Communicate with State Counsel violates the Rules of Ex Parte as long As federal Counsel remains Active. As a matter of law one Cannot be both Pro-se & Represented by Counsel Simultaneously in the same matter even across different Courts Jurisdictions. Further the State courts have no Ability to remedy this Conflict as it has no Jurisdiction to dismiss or disregard federal Counsels Appointment order even if it was otherwise willing to honor the Petitioners Pro-se Actions.

Generally Federal Counsel is legally Prohibited from acting in State Courts with limited exceptions for Pursuing Stays of execution or Clemency. As this Petitioner has no desire to Pursue further litigation, Stays of execution, nor Clemency there are no Grounds

requiring Counsels continued appointment. If Counsel honors the Petitioners wishes entirely than they are already effectively fired in all but legal name. As such counsel should be dismissed so as to not waste their valuable time + Taxpayer resources (Not to Mention Caseload) on a Client who doesn't want them. The Supreme Court long ago made clear that "An unwanted counsel represents the defendant only through a tenuous and unacceptable legal fiction." At this Stage of Proceedings the Petitioner regards Counsel as Unwanted and Adverse to his legal interests.

This Petitioner notes that Counsel has already indicated they will oppose this motion. This Petitioner believes this Court Can Grant this motion Expeditiously Notwithstanding Counsels Objection. In 2021 though the Court declined at the time to remove Counsel it noted that it Could have done so promptly. In that ruling the Court after stating its opinion in favor of the Petitioners Competency Stated that "Without any present indicia of incompetence, a hearing on Mullis' Motion may not even be necessary." In other words the Court could have granted this Petitioners Motion based off the existing record alone, that favored the Petitioners Competence. The Petitioner believes the Court can do so now as well.

Ultimately it is to the Courts discretion how to proceed on this Motion. The Court Could Rule on the Record alone, Although Given the time that has passed the Court May find it Appropriate to Promptly hold a teleconference hearing. This Avenue would allow all Parties to Present there arguments for the record in a prompt manner.

Given the Gravity of this Petitioners intentions to Pursue the setting of an execution date upon Granting this Motion the Petitioner believes a Teleconference hearing the best option. Such an option would be most time efficient and would allow the Court to engage in a direct & detailed Colloquy with the Petitioner regarding this Motion and his legal intent Going forward. It is expected that Counsel in opposing this Motion would demand a full Competency Process with a Court appointed expert, though the Court is not obligated to honor such a demand unless it has a true Question about Competency that the record & a hearing alone Cannot reconcile. This Petitioner respects the Courts discretion in these matters and will fully Comply with any level of Proceeding this Court believes is warranted and notes the Court can do this on an expedited schedule if it chooses.

Recognizing this Courts legitimate concerns about delays this Motion could Cause, this Petitioner argues no delays would occur. This is because, at this point in the process the only legal step left to the State is to set an execution date. No Proceedings Pursuant to this motion prevent the State from scheduling or even carrying out an execution while ~~this~~ This Motion is Pending. In fact the State has been legally eligible to set an execution date since the 5th Circuit issued its Mandate on August 6th & has thus far delayed its own interests by not doing so. Further, As Previously stated this Court could Grant the Motion off the record alone or by a Prompt Teleconference hearing & Swift ruling in a Matter of Weeks if it chose to do so thereby Negating any theoretical Delay Concerns.

This Petitioner makes clear he does not seek to cause any delays by pursuing this Motion. To the contrary he seeks the same finality & Justice the State seeks. If this Court Grants this Motion the Petitioner will — Upon Recieving from the Clerk of Court the order dismissing Counsel — Immediatley file Notice of Appearance Pro-se with the States Attorneys & Court. Further the Petitioner will also file the above stated Motion to Set an Execution Date unless the State has otherwise already set an execution date pursuant to its own Motion. The granting of this Motion will guarantee finality as the Petitioner Acting Pro se will otherwise cease All litigation.

 This Petitioner has Proven his Competence & Ability to Conduct his own legal affairs extensivley in both State & Federal courts over the last 16 years. This Petitioner is fully able to represent himself in the limited processes remaining to come in the scheduling of & carrying out of the execution itself. Wherefore Premises Considered, this Petitioner asks this Court to Consider & Grant this Motion to terminate Counsel and Allow him to Assert Pro-se Status in State Courts for the Purposes Stated in the above Motion.

Respectfully Submitted,

*[signature]*

Travis James Mullis
Petitioner filing Pro-se.

1/29/24

To the Clerk of Court,

Please file the enclosed Motion to Dismiss Counsel and Proceed Pro-Se with the Court in the following case:

Case No: 3:13-CV-121
THIS IS A DEATH PENALTY CASE

Your prompt service would be greatly appreciated.

Note to Clerk: When Scanning this Motion into the Docket it is 7 pages total (3 ½ Sheets of Paper Double Sided)

Thank You,

*Travis James Mullis*
Travis James Mullis
Petitioner Pro-Se

Tavis Mullis
9563/Polunsky Unit
372 FM 350 South
Livingston, TX 77351



NORTH HOUSTON TX 773

29 JAN 2024 PM 4 L

United States District Court
Galveston Division
Clerks Office
601 Rosenberg Street
RM 411
P.O. Drawer 2300
Galveston, TX 77553-2300

77553-230000

LEGAL MAIL